1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, SBN 173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   TARA M. STEELEY, State Bar #231775
4  THOMAS S. LAKRITZ, State Bar #161234
   JOHN H. GEORGE, State Bar #292332
5  KAITLYN M. MURPHY, State Bar #293309
   Deputy City Attorneys
6  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
7  San Francisco, California 94102-4682
   Telephone:    (415) 554-4655 (Steeley)
8                (145) 554-4628 (Lakritz)
                 (415) 554-4223 (George)
9                (415) 554-6762 (Murphy)
   Facsimile:    (415) 554-4699
10 E-Mail:       tara.steeley@sfcityatty.org
                 tom.lakritz@sfcityatty.org
11               john.george@sfcityatty.org
                 kaitlyn.murphy@sfcityatty.org
12
   Attorneys for Defendant
13 CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendant. | Case No. 3:24-cv-01562-AMO<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S RESPONSE TO PLAINTIFFS' APPLICATIONS FOR ORDERS GRANTING PERMISSION TO USE PSEUDONYMS IN PUBLICLY FILED PLEADINGS (ECF Nos. 3-7)**<br><br>Trial Date:          Not set. |

## INTRODUCTION AND RELEVANT BACKGROUND

Plaintiffs Jane, Barbara, John, Mary, and Susan Roe have each filed an Application For An Order Granting Permission to Use The Pseudonym "[Name] Roe" In Publicly Filed Pleadings ("Applications").  ECF Nos. 3-7.  Neither this Court's Civil Local Rules nor the Federal Rules provide for such Applications.  To the extent these Applications are Motions for Administrative Relief under Civil Local Rule 7-11, Plaintiffs have failed to comply with Local Rule 7-11 and their Applications should accordingly be denied.  Each Application, which is based on identical, conclusory statements unsupported by declarations or even citations to the unverified Complaint for Injunctive and Equitable Relief (ECF No. 1, "Complaint"), fails to meet Plaintiffs' burden to overcome the strong presumption that "parties' identities are public information." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  In lieu of five duplicative responses, Defendant City and County of San Francisco ("San Francisco") submits this single response to Plaintiffs' Applications, each of which makes an identical argument for relief.  *See* ECF Nos. 3-7 at 2-3 (changing only names and pronouns).

In May 2020, six plaintiffs, represented by the same counsel as Plaintiffs here, brought Due Process, Equal Protection, Americans with Disabilities Act, nuisance, and related claims against San Francisco for the City's alleged inaction and action in treating the Tenderloin neighborhood as a "containment zone" for drug dealing and abuse, violence, homelessness, and other social ills. *See* Complaint, *Hastings College of the Law et al v. City and County of San Francisco*, No. 4:20-cv-03033-JST, ECF No. 1 (the "2020 Action").  The four individual plaintiffs in the 2020 Action were named in the complaint and proceeded under their true identities.  Despite the similarities in their claims, Plaintiffs in this action have identified no harms that the 2020 Action plaintiffs have suffered as a result of proceeding under their true identities and San Francisco is aware of none, which weighs against granting the relief Plaintiffs seek here.

Plaintiffs, apparently dissatisfied with the outcome of the 2020 Action, filed the instant action again alleging the City has unlawfully treated the Tenderloin as a "containment zone" for drug dealing and abuse, violence, homelessness, and other social ills and again make nearly identical claims.  *See generally* ECF No. 1.  Plaintiffs not only acknowledge the similarity of the two actions, they claim they are so similar they must be related.  *See* Plaintiffs' Administrative Motion to Consider Whether

CCSF'S RSP. TO APP. TO USE PSEUDOS           1           n:\govlit\li2024\240805\01744089.docx
CASE NO. 3:24-cv-01562-AMO

Cases Should Be Related, *Hastings College of the Law et al v. City and County of San Francisco*, No. 4:20-cv-03033-JST, ECF No. 127.  And, as in the 2020 Action, Plaintiffs here have litigated their case in the press to demand the changes they seek in court.  *See* Maggie Angst, *S.F. hit with another lawsuit over drug crisis, alleging Tenderloin is a 'containment zone'*, S.F. Chronicle (Mar. 14, 2024, updated Mar. 15, 2024) <https://www.sfchronicle.com/sf/article/tenderloin-lawsuit-drug-crisis-18892378.php> (quoting Plaintiffs' counsel and their Complaint); George Kelly, *Tenderloin residents, businesses to sue San Francisco over 'containment zone' policy*, The San Francisco Standard (Mar. 14, 2024) <https://perma.cc/87PW-HMU8>; Janie Har, *Terrified residents of San Francisco's Tenderloin district sue for streets free of drugs, tents*, AP (Mar. 14, 2024) <https://perma.cc/5PNR-E56P>; Patrick Hoge and Adam Shanks, *Tenderloin residents, businesses sue SF over drug use, encampments*, The Examiner (Mar. 15, 2024) <https://perma.cc/7UF2-E6V3>.

Now, in contrast to the named plaintiffs in the 2020 Action who remained unharmed despite disclosing their identities, Plaintiffs here assert – based on no more than their lawyers' unverified statements – that they must be permitted to proceed under pseudonyms to avoid physical harm.  These conclusory and unsupported assertions are insufficient to overcome the presumption that parties' identities are public.

**ARGUMENT**

**I.     Plaintiffs' "Applications" Are Improper and Insufficient Administrative Motions**

Plaintiffs do not cite any rule or statute permitting their Applications.  Civil Local Rule 7-11 permits Motions for Administrative Relief when a matter is "not otherwise governed by a federal statute, Federal Rule, local rule, or standing order" and courts in this District have considered administrative motions to proceed anonymously.  *See, e.g.*, *Alyssa C. v. Palo Alto Hous. Corp.*, No. C 07-1112 JW, 2007 WL 878524, at *1-2 (N.D. Cal. Mar. 20, 2007) (denying plaintiff's administrative motion for leave to proceed under a fictitious name).  To the extent that Plaintiffs' Applications are Motions for Administrative Relief, they have failed to submit "either a stipulation under Civil L.R. 7-12 or . . . a declaration that explains why a stipulation could not be obtained."  N. Cal. L.R. 7-11(a).  Plaintiffs' Applications should therefore be denied.  *See Tri-Valley CAREs v. U.S. Dept. of Energy*,

671 F.3d 1113, 1131 (9th Cir. 2012) (affirming denial of Civil Local Rule 7-11 administrative motion where plaintiff failed to "include the requisite stipulation or declaration").

**II.    Plaintiffs Fail to Meet Their Burden to Overcome the Presumption That All Parties' Identities Are Public Information**

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." The Ninth Circuit has "recognize[d] the paramount importance of open courts" and therefore requires plaintiffs seeking to proceed under fictitious to overcome the "strong general presumption that plaintiffs will conduct litigation under their own names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043, 1046 (9th Cir. 2010). "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Id.* (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

To conduct this analysis, courts in the Ninth Circuit rely on declarations from the anonymous plaintiffs or, occasionally, their representatives, signed under penalty of perjury, and have denied motions to use fictitious names for lack of supporting declarations. *See, e.g.*, *Roe v. State Bar of California*, No. SA CV 22-00983-DFM, 2023 WL 6193023, at *2 (C.D. Cal. Mar. 17, 2023) (analyzing "Plaintiffs' declarations" to conclude that "[t]he evidence proffered by Plaintiffs falls short"); *Student A v. Berkeley Unified Sch. Dist.*, No. 17-CV-02510-MEJ, 2017 WL 2171254, at *4 (N.D. Cal. May 17, 2017) (denying motion where "[t]here are no declarations from the guardians ad litem stating they fear retaliation if their identities are revealed"); *Palo Alto Hous. Corp.*, 2007 WL 878524, at *2 (finding, based on plaintiff's representative's declaration, that she "has not stated sufficient facts for the Court to determine whether Plaintiff's case constitutes the kind of 'special circumstances' necessary to outweigh the public's interest in knowing Alyssa C.'s identity").

Here, Plaintiffs rely entirely on identical, conclusory statements that "the public identification of plaintiff, *e.g.*, revealing her [or his] name or precise address in court filings, would put her [or him] at risk of being hurt or killed in retaliation by persons involved in the illegal narcotics trade in the Tenderloin." ECF Nos. 3-7 at 2. San Francisco is unaware of a requirement that Plaintiffs disclose

their exact addresses and do not dispute that such information can be kept confidential. However, Plaintiffs offer no evidence to support this contention as it relates to their names and submit no declarations from themselves or even their counsel. This is insufficient. *Student A*, 2017 WL 2171254, at *4-5; *Palo Alto Hous. Corp.*, 2007 WL 878524, at *2.

The absence of any evidence of potential "retaliation by persons involved in the illegal narcotics trade in the Tenderloin" is particularly deficient here. Plaintiffs must show "that a reasonable person would believe that the threat might actually be carried out," *Advanced Textile Corp.*, 214 F.3d at 1071, but the recent history of the 2020 Action demonstrates otherwise. Four individual plaintiffs in the 2020 Action, represented by the same law firm representing Plaintiffs here, filed nearly identical claims based on strikingly similar allegations of fear of violence in the Tenderloin "containment zone" and, despite proceeding with their real names, have suffered no known harm as a result. *Compare* Complaint, *Hastings College of the Law et al v. City and County of San Francisco*, No. 4:20-cv-03033-JST, ECF No. 1, ¶49 ("While Plaintiff HUGHES is fearful to leave the hotel because the conditions have become so unsafe, he must do so to shop, run necessary errands, and perform volunteer work. Many of the people living and congregating on the sidewalks refuse to get out of the way and block his path as he tries to navigate through the neighborhood in his wheelchair. He is afraid of being attacked for simply 'inconveniencing them' by trying to use his wheelchair on the sidewalk."), ¶50 ("Now, drug dealers and drug users congregate in front of her apartment building and make it impossible for her or any others to enter or exit the building without walking very close to them. She regards them as threatening and intimidating.") *with* ECF No. 1, ¶¶30-31, 40, 50, 56 (alleging similar fear of people congregated in front of Plaintiffs' residences and the surrounding streets). Plaintiffs here have done nothing to demonstrate why they, unlike the 2020 Action plaintiffs who alleged nearly identical fears, will suffer harms that did not befall the prior plaintiffs.

This case is also markedly different from the only case Plaintiffs cite, *Advanced Textile Corp.*, 214 F.3d 1058. There, plaintiffs were garment workers primarily from China employed in the Northern Mariana Islands who sued their employers using fictitious names because they were afraid of being fired, deported, and arrested and imprisoned by the Chinese authorities. *Id.* The workers submitted evidence, including testimony, that "[r]ecruiters warn workers, prior to departing China, that

they must not complain about working conditions, speak to Americans, or criticize the Chinese government," that "[w]hen workers complained about working conditions, their recruiters contacted family members in China and demanded that the family members pay fines," that workers "had been threatened with arrest for filing labor complaints," and "that China's state secrets law has been used to prosecute and imprison workers for complaining about their working conditions abroad." *Id.* at 1065. Based on this evidence, the Ninth Circuit concluded the plaintiffs had demonstrated a reasonable fear of retaliation supporting anonymity. *Id.* at 1071. Here, Plaintiffs have submitted no such evidence of retaliation and the lack of retaliation against the publicly-identified plaintiffs in the 2020 Action demonstrates otherwise.

Additionally, far from quietly pursing their action away from the limelight, the very morning that Plaintiffs filed their Complaint, several news articles publicizing their case quoted Plaintiffs' counsel and Plaintiffs' statements and allegations from the Complaint and their demands for relief. *Supra*, p.3. Plaintiffs should not be permitted to use their anonymity as a sword to press their case in the media while simultaneously shielding themselves from public attention.

## CONCLUSION

For the above reasons, the Court should deny Plaintiffs' Applications to use pseudonyms.

Dated: March 18, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WAYNE SNODGRASS
TARA M. STEELEY
THOMAS S. LAKRITZ
JOHN H. GEORGE
KAITLYN M. MURPHY
Deputy City Attorneys

By: *s/John H. George*
JOHN H. GEORGE

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO