# EXHIBIT E
## (CONDITIONALLY FILED REDACTED)

LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>                    Defendants. | Case No. 4:24-cv-01562-AMO<br><br>**DECLARATION OF BARBARA ROE (A PSEUDONYM)**<br><br>**DECLARATION WITH TRUE NAME OF DECLARANT TO BE FILED UNDER SEAL**<br><br>**DECLARATION WITH TRUE NAME OF DECLARANT REDACTED TO BE PUBLICLY FILED** |

1        I, ███████ , declare as follows:

2      1.     I am over the age of 18. I have personal knowledge of the facts set forth in this complaint and I could competently testify about them.

     2.     In 2020, my and husband and I purchased a condominium in a multi-unit building on McAllister Street in the Tenderloin.

     3.     I see large crowds gather on the sidewalks in front of and around our building every night. The typical after-dark crowd ranges from about seventy to over one hundred people. The people in the crowd openly sell, inject and smoke drugs, and hawk what appear to be stolen items on the sidewalk.

     4.     I find it difficult and scary to navigate through the crowds around our residence. People under the influence sometimes block the entrance to our building. When that happens, I politely ask them to move so that I can pass. When I have to do that, however, I am fearful that they will attack me. Recently, one of our neighbors, he lives in our building, was attacked and injured at the entrance to the building. He had to go to the emergency room to receive stitches. That adds to my fear.

     5.     People gathered on the sidewalks sometimes light bonfires on the sidewalks around our building. Smoke from these fires have triggered the building's fire alarm. That has forced me and my neighbors to evacuate onto the sidewalk and into the threatening crowd.

     6.     I must frequently step off the sidewalk and into the busy street to bypass the sidewalk obstacles in front of and near my building. The images below fairly and accurately depict the typical nighttime conditions in front of our building and on nearby sidewalks.









7. I understand that this lawsuit does not seek to recover money damages on my behalf. There is no financial upside to my involvement in this lawsuit. I love the Tenderloin, but I filed this lawsuit because the conditions around our home and in our neighborhood have become unsanitary, unsafe and inaccessible. I feel bad for our neighbors in the general community, including the families with young children, the elderly residents and community members, as well as those who work late hours, as they are particularly vulnerable to the dangerous conditions outside at night. I am involved in this lawsuit because I want to create positive change for our

neighborhood. I believe that me, my husband and our neighbors are entitled to clean, safe and accessible sidewalks and public spaces. I want the City to treat the Tenderloin the same way as it treats most other neighborhoods in the City.

8. While I want positive change in the Tenderloin, I am afraid of my name being publicly connected to this lawsuit. That is because the lawsuit seeks to disrupt the blatant illegal drug dealing and criminal conduct around our resident. I know that they have been shootings, stabbings, beatings and murders in the Tenderloin that are believed to be related to the drug trade. I am concerned that drug dealers or other people involved in criminal activity will retaliate against me or my husband if they learn of my connection to this lawsuit. I thus do not want my name to be disclosed publicly. I have no objection to my name and relevant information about me being shared with the City as part of the litigation process, provided that such information is treated confidentially. I am not sure, however, if I would move forward with this lawsuit if the court orders that my name be disclosed in publicly filed court documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 21.00 __th day of March, 2024, at San Francisco, California.

