LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendants. | Case No. 4:24-cv-01562-AMO<br><br>**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING PERMISSION TO USE A PSEUDONYM ON PUBLICLY FILED PLEADINGS**<br><br>*FILED CONCURRENTLY WITH PLAINTIFFS MOTION FOR ADMINISTRATIVE RELIEF TO FILE DECLARATIONS UNDER SEAL*<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE ARACELI MARTINEZ-OLGUIN, COURTROOM 10**<br><br>Action Filed:   03/14/2024<br>Trial Date:     Unassigned |

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-11, the five Plaintiffs who filed this complaint using pseudonyms, identified as Jane Roe, Mary Roe, Susan Roe, John Roe and Barbara Roe (collectively the "Individual Plaintiffs"), move this Court for an order to provide them leave from the requirements of Federal Rule of Civil Procedure 10(a) and permission to use a pseudonym in all publicly filed pleadings.

## I.     INTRODUCTION

This suit seeks injunctive and equitable relief only relating to harms allegedly caused by defendant City and County of San Francisco's ("City") *de facto* treatment of the Tenderloin as San Francisco's "containment zone" for illegal narcotics activities and associated crimes. The Individual Defendants all reside in the Tenderloin. Public disclosure of their true names would expose them to the risk of physical retaliation by those involved in the illegal narcotics trade. The City would experience little to no prejudice if this motion is granted because the Individual Plaintiffs have already agreed that their true names and relevant information can be disclosed to the City, subject to an appropriate protective order.

## II.    LEGAL STANDARD

A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. (*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).) Federal courts have allowed plaintiffs to use pseudonyms for various reasons, including when "identification creates a risk of retaliatory physical or mental harm." (*Id.*) When a pseudonym is sought to shield a party from retaliation, courts evaluate (1) the severity of the harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the precise prejudice to the opposing party at each stage of the proceedings, and (5) the public interest. (*Ibid.*) All of these factors weigh in favor of granting this motion.

## III. BACKGROUND AND DISCUSSION

The Individual Plaintiffs filed applications for permission to use pseudonyms. (ECF nos. 03-07; Davis Decl., ¶15.) The City objected to those applications on various grounds, including failure to cite Civil Local Rule 7-11. (ECF no. 16; Davis Dec., ¶13-14.) The Individual Plaintiffs now submit this administrative motion in accordance with Rule 7-11, and include with it declarations that detail the conditions that each Individual Plaintiff experiences in the Tenderloin, and why they fear retaliation if their true names are publicly disclosed. (*See* Jane Roe Dec., ¶¶1-13; Declaration of Susan Roe Dec., ¶¶1-7; Mary Roe Dec., ¶¶1-7; John Roe Dec, ¶¶1-7; and Barbara Roe Dec., ¶¶1-8.) The versions of those declarations publicly filed in support of this motion have been redacted only to remove references to their true names, pursuant to the concurrently filed administrative motion to file unredacted versions under seal. (*See* Civil Local Rule 79-5.)[1]

### A. Plaintiffs Are Particularly Vulnerable and Reasonably Afraid of an Ongoing Threat of Severe Harm.

This lawsuit seeks relief to address the allegedly rampant and dangerous narcotics trade and related criminal activities that openly occur in the Tenderloin. (ECF No. 1. ¶¶1-19; Davis Dec., ¶5.) The Individual Plaintiffs all reside in that neighborhood, and aver they must pass through drug dealers and users when they enter or exit their homes. (Jane Roe Dec., ¶¶3-6; Susan Roe Dec., ¶¶4-5; Mary Roe Dec., ¶¶3-5; John Roe Dec., ¶¶3-5, Barbara Roe Dec., ¶¶3-4.) Thus, they reasonably fear that revealing their true names would put them at risk of being hurt or killed in retaliation by persons involved in those criminal enterprises.

Plaintiffs may seek anonymity to protect themselves from retaliation by third parties. (*Does I thru XXIII*, 214 F.3d at 1070 [the trial court erred in discounting the

---

[1] The Individual Plaintiffs ask that should this Court deny the motion to seal their declarations, then they be given the opportunity to withdraw them. Some Individual Plaintiffs may decide not to remain involved in this litigation if the their true names are revealed in publicly filed documents.

threat of retaliation from the Chinese government and recruiting agencies for garment workers in Saipan].) The courts consider whether a plaintiff's surroundings and circumstances support anonymity to protect against possible threats of violence. (*Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 995 (N.D. Cal. 2015) [exotic dancers granted anonymity due to their proximity to possibly dangerous clientele.].) Here, the Individual Plaintiffs live in a neighborhood with frequent acts of violence that are believed to be connected to gang-related narcotics trade.[2] The Individual Plaintiffs' fears are reasonable and not speculative. For example, people on the sidewalk in front of Plaintiff Jane Roe's home have threatened to cut her throat and kill her. (Jane Roe Dec., ¶ 5-6.)

### B. There Would Be Little to No Prejudice to the City.

There would be little to no prejudice to the City if the Court grants this motion. The Individual Plaintiffs have already agreed to disclose to the City their names and relevant information subject to a standard protective order.

The appropriate analysis is limited to the prejudice defendants presently suffer. (See *Does I thru XXIII*, 214 F.3d at 1072.) Possible prejudice at subsequent stages of the litigation does not weigh against permitting a plaintiff to proceed anonymously. (*See Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013) [courts need not consider defendant's prejudice during discovery at the pre-discovery phase, but only "the relevant prejudice" that "defendant presently suffers as a result of plaintiff's anonymity."]; *see also Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 854 (N.D. Cal. 2023) [no prejudice at pleading stage when plaintiffs true names were disclosed to defendants subject to a

---

[2] See https://www.sfchronicle.com/bayarea/article/drug-market-tenderloin-soma-18579159.php (drug markets in Tenderloin are more violent and chaotic); https://sfstandard.com/2024/03/13/san-francisco-fbi-agent-attacked-threatened/ (FBI agent attacked in Tenderloin and threatened to be exposed to drug dealers); https://www.ktvu.com/news/tenderloin-shooting-leaves-1-dead-four-injured (Tenderloin shooting, believed to be drug related, leaves 1 dead and 4 injured).

protective order]; (*Doe v. Rose*, No. CV-15-07503-MWF-JC, 2016 WL 9137645, at *2 (C.D. Cal. June 17, 2016) [rejecting argument that third party subpoenas and depositions cannot be conducted if plaintiff proceeds anonymously.].)

**C. The Public Interest Supports Anonymity.**

Here, preserving the anonymity of the Individual Plaintiffs would be in the public's interest. The important issues of public concern presented by this lawsuit are furthered if the Individual Plaintiffs, who seek no monetary compensation, are not intimidated and fearful about going forward. (*Does I thru XXIII*, 214 F.3d at 1073 [fictitious names are in public's interest if it enables plaintiffs to bring legitimate claims that they would otherwise be deterred from bringing.]).

**IV. CONCLUSION**

For the foregoing reasons, the Individual Plaintiffs ask that this Court to grant their motion and permit them to use pseudonyms in publicly filed pleadings.

Dated: March 21, 2024    WALKUP, MELODIA, KELLY & SCHOENBERGER

By:  */S/  Matthew D. Davis*
MICHAEL A. KELLY
RICHARD H. SCHOENBERGER
MATTHEW D. DAVIS
ASHCON MINOIEFAR
Attorneys for ALL PLAINTIFFS

# PROOF OF SERVICE

**Jane Roe, et al. v. City and County of San Francisco, et al.**
**Case No. 4:24-cv-01562-AMO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

- **PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING PERMISSION TO USE A PSEUDONYM ON PUBLICLY FILED PLEADINGS**

- **DECLARATION OF MATTHEW D. DAVIS IN SUPPORT OF PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING PERMISSION TO USE A PSEUDONYM ON PUBLICLY FILED PLEADINGS**

- **DECLARATION OF JANE ROE (A PSEUDONYM)**

- **DECLARATION OF MARY ROE (A PSEUDONYM)**

- **DECLARATION OF SUSAN ROE (A PSEUDONYM)**

- **DECLARATION OF JOHN ROE (A PSEUDONYM)**

- **DECLARATION OF BARBARA ROE (A PSEUDONYM)**

- **[PROPOSED] ORDER TO ALLOW PLAINTIFFS TO USE A PSEUDONYM ON PUBLICLY FILED PLEADINGS**

to:

| | |
|---|---|
| Shanin Specter, Esq.<br>(Admitted Pro Hac Vice)<br>Alex Van Dyke, Esq.<br>KLINE & SPECTER, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | **Co-Counsel for Plaintiffs**<br><br>Telephone: (215) 772-1000<br>shanin.specter@klinespecter.com<br>alex.vandyke@klinespecter.com<br>escalanteyleana@uclawsf.edu |

| | | |
|---|---|---|
| 1 | David Chiu, Esq., City Attorney<br>Yvonne R. Meré, Esq., Chief Deputy City Attorney | **Counsel for City and County of San Francisco** |
| 2 | Wayne Snodgrass, Esq., Deputy City Attorney | Steeley: (415) 554-4655 |
| 3 | Tara M. Steeley, Esq., Deputy City Attorney<br>Thomas S. Lakritz, Esq., Deputy City Attorney | Lakritz: (145) 554-4628<br>George:  (415) 554-4223<br>Murphy:  (415) 554-6762 |
| 4 | John H. George, Esq., Deputy City Attorney | Facsimile: (415) 554-4699 |
| 5 | Kaitlyn M. Murphy, Esq., Deputy City Attorney | tara.steeley@sfcityatty.org<br>tom.lakritz@sfcityatty.org |
| 6 | Deputy City Attorneys<br>City Hall, Room 234 | john.george@sfcityatty.org<br>kaitlyn.murphy@sfcityatty.org |
| 7 | 1 Dr. Carlton B. Goodlett Place<br>San Francisco, CA  94102-4682 | |

10  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

13  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15  Executed on March 21, 2024, at San Francisco, California.

_____
Kirsten Benzien

2
Plaintiffs' Motion for Administrative Relief Requesting Permission to Use a Pseudonym - CASE NO. 4:24-cv-01562-AMO