LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>　　　　　　　　　Defendants. | Case No. 4:24-cv-01562-AMO<br><br>**DECLARATION OF MATTHEW D. DAVIS IN SUPPORT OF PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING PERMISSION TO USE A PSEUDONYM ON PUBLICLY FILED PLEADINGS**<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE ARACELI MARTINEZ-OLGUIN, COURTROOM 10**<br><br>Action Filed:  03/14/2024<br>Trial Date:    Unassigned |

I, Matthew D. Davis, declare as follows:

1. I am over the age of 18. I am a partner and shareholder in the Walkup, Kelly, Melodia & Schoenberger law firm. I am admitted to practice law in this Court. I have personal knowledge of the facts set forth in this declaration and I could competently testify about them.

2. I have lived in San Francisco continuously since 1986.

3. I am a 1989 graduate of UC Law SF, formerly known as Hastings College of the Law. I was admitted to the Bar and this Court in 1989. From 1992 through 2001, I was employed at the San Francisco City Attorney's Office. I was initially hired as a Deputy City Attorney. When I left that office to join my present firm, my title was Assistant Chief Deputy II, or something along those lines.

4. I am one of the lead lawyers in this lawsuit. I am also one of the lead attorneys in *College of Law San Francisco, et. Al., v. City and County of San Francisco*, Case No. 4:20-cv-03033-JST.

5. I am familiar with conditions in the Tenderloin District of San Francisco. I frequently walk and drive through the neighborhood. On many occasions, I have personally observed open drug dealing and drug use and other criminal activity take place on the sidewalks of the Tenderloin. I also closely follow events that happen in the neighborhood, including the numerous media reports of shootings, stabbings, beatings, and murders that happen in the Tenderloin, which law enforcement officers believe to be related to drug dealing and usage.

6. There are five individual plaintiffs in this case, all of whom reside in the Tenderloin, and all of whom are presently identified in this litigations with pseudonyms and not their real names. None of the plaintiffs in this case overlap with the plaintiffs in in *College of Law San Francisco, et. Al., v. City and County of San Francisco*, Case No. 4:20-cv-03033-JST. They are new plaintiffs bringing their own claims.

7. I have carefully reviewed and vetted each of the individual plaintiffs'

allegations. I have personally visited the area around their homes in the Tenderloin and have observed the conditions.

8. This lawsuit contends that defendant City and County of San Francisco treats the Tenderloin as a containment zone for illegal narcotics activities and the associated injurious harms. The plaintiffs to this lawsuit do not seek to recover money damages from the City. They instead seek injunctive and equitable relief. (ECF No. 1.) If plaintiffs are successful in this litigation, then the City will have to crack down on the criminal enterprises that currently operate in the open in the Tenderloin, including gang-related drug dealing and illegal street vending.

9. At this firm we follow our own version of the Hippocratic Oath. The first rule is: "Do no further harm to the client." From the outset of my involvement in this case, I have been concerned about our clients' safety. None of our clients seeks financial gain in this lawsuit. All of them instead seek to improve the conditions of their neighborhood.

10. Specifically, I have been concerned that if our clients' true names and other identifying information, such as their specific addresses, is publicly disclosed, then they could be at risk for retaliation, physical harm, or even death, because they, through this lawsuit, are seeking to stop gang-related drug dealing and other criminal activity in the Tenderloin.

11. For example, the plaintiff who is currently identified in the lawsuit as "Jane Roe" works full-time as a housekeeper. She and her husband and two young daughters live on Ellis Street in the heart of the Tenderloin. The lawsuit alleges in detail what the conditions around her home are like, includes photos corroborating her allegations, and recounts instances where people on the sidewalks have threated to cut her throat or kill her. (ECF No. 1 at ¶¶ 25-37.)

12. I and the other members of the legal team working on this case thus decided that we should use pseudonyms when referring to the individual plaintiffs in public filings.

3
Declaration of Matthew D. Davis in Support of Plaintiffs' Motion for Administrative Relief
- CASE NO. 4:24-cv-01562-AMO

13. My contact at the San Francisco City Attorney's Office on this case has been Deputy City Attorney John George.

14. Several weeks before this lawsuit was filed, I spoke with Mr. George over the telephone to advise him, as a courtesy to him and to my former office, that a lawsuit against the City related to conditions in the Tenderloin was in the works. I had several calls with Mr. George about the lawsuit before it was filed. During one of those calls, on or about March 6, I advised him of our plan to use pseudonyms. I explained our concerns. I specifically said, "We do not want any blood on our hands." I also assured Mr. George that we understood that the City was entitled to know our clients' true names and other relevant information about them. I therefore proposed a standard protective order. I asked him whether the City would agree to this arrangement before we filed suit. Mr. George sent me an email on March 20 that said, "On March 6 you called me and asked whether the City would stipulate to Plaintiffs using pseudonyms and on March 8 we spoke again by phone and I told you the City would not stipulate and would review the motions when they came in." I do not remember that being said on March 8, but I am sure and have no doubt that he is reporting our conversation accurately.

15. When we filed this lawsuit on March 14, we also filed five separate applications, one for each individual plaintiff, seeking an order granting permission for that plaintiff to use a pseudonym in publicly-filed pleadings. Each application sought the relief on the ground that public disclosure of the plaintiff's name could expose that plaintiff to physical retaliation by those involved in the illegal narcotics trade. Each application stated that the plaintiff agrees that their "name and relevant information can be disclosed to defendant City and County of San Francisco, subject to an appropriate protective order." (See ECF Nos. 03 to 05.) We did not cite Civil Local Rule 7-11 in those applications.

16. It was my expectation that the City would make no objection to the applications. I now understand that I was being naïve. On March 18, the City

1 objected to the applications. (ECF No. 16.) Among other things, the City complains that we did not cite Civil Local Rule 7-11. (*Id.* at p. 2.) The City also contends that we submitted no evidence of retaliation against plaintiffs, and the City argues that the lack of retaliation against the publicly-disclosed plaintiffs involved in the *College of Law San Francisco, et. al., v. City and County of San Francisco*, Case No. 4:20-cv-03033-JST somehow "demonstrates otherwise" in terms of our concerns about the safety of our individual plaintiffs in this case. (*Id.* at p. 5.)

17. On March 19, I sent Mr. George an email about various topics in this lawsuit and in the *College of Law San Francisco, et. al., v. City and County of San Francisco*, Case No. 4:20-cv-03033-JST case. That email covered the issue of the City's objection to the applications by individual plaintiffs for permission to use pseudonyms. A true and correct copy of that portion of the email that touches on that topic is attached as **Exhibit A** (redacted from the email is reference to unrelated matters). I attached to that email three decisions that I believe supported our position. The email informed Mr. George that we would file this administrative motion for relief and inquired whether the City would stipulate to it. Mr. George responded by email on March 20. He wrote: "The City will not stipulate that the unidentified Plaintiffs may use pseudonyms and will evaluate any further administrative motions to use pseudonyms when you file them."

18. Over the past 36 hours we have consulted with each individual plaintiff and drafted and collected signed declarations from each in support of this motion. We are publicly filing those declarations, except that we are redacting from the publicly-filed versions the true names of the plaintiffs. We ask for permission to file unredacted versions of the declarations, with the true names of our clients, under seal pursuant to Civil Local Rules 7-11 (Administrative Motion for Relief) and 79-5 (Filing Documents Under Seal in Civil Cases).

19. I note, emphasize and request that in the event this Court denies our motion to seal these declarations, then we be given the opportunity to withdraw the

declarations that are being provisionally filed under seal. (Civil Local Rule 79-5(g)(2).) This is important because as is set forth in the declarations, some of the individual plaintiffs may decide not to remain involved in this litigation if the Court decides that their true names should be revealed in publicly filed documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of March, 2024, at San Francisco, California.

Matthew D. Davis

EXHIBIT A

| | |
|---|---|
| **From:** | Matthew D. Davis |
| **To:** | George, John (CAT) |
| **Cc:** | Lakritz, Tom (CAT); Steeley, Tara (CAT); Murphy, Kaitlyn (CAT); Wang, Edmund (CAT); Richard Schoenberger; Ashcon Minoiefar; Shanin Specter (shanin.specter@klinespecter.com); Alex.VanDyke@klinespecter.com; Matthew D. Davis; DiPaolo, John; Wilson-Youngblood, Laura |
| **Subject:** | RE: Roe v. CCSF |
| **Date:** | Tuesday, March 19, 2024 5:03:34 PM |
| **Attachments:** | image004.png<br>Doe v Rose.pdf<br>Does I thru XXIII v Advanced Textile Corp.pdf<br>Doe 1 v GitHub Inc.pdf<br>MDavis_25042342-a275-490f-a6fa-9dfb199d289f.png |

John,

Thanks for the message.

[redacted]

███████████████████████████████████████
███████████████████████████████████████
██████████████████████████

On another topic, we received the City's opposition to our applications for orders permitting our individual clients in the Jane Roe case to use pseudonyms in publicly-filed documents. I previously informed you that we planned to do so, and asked if the City would oppose those applications. You did not respond. In any event, the City's opposition faults the applications for, among other things, not being made as Motions for Administrative Relief pursuant to Local Rule 7-11.

Your technical point is taken. We will thus prepare a Motion for Administrative Relief seeking an order allowing the individual plaintiffs to use pseudonyms on the ground that the individual plaintiffs have a reasonable fear of retaliation (physical harm or death) by the drug dealers and other criminals who gather in front of and near their residences. (As I told you during a call on this topic, I personally fear that they could become targeted if they are publicly identified.) The complaint alleges in detail the dangerous circumstances and criminal activity that regularly occurs around their homes. I do not think anyone can reasonably dispute that. In the past year there have been shootings, stabbings, beatings, and murders in the Tenderloin that police believe to have been carried out by drug dealers and users. You can easily confirm all of this by consulting with your contacts at the SFPD. Within the last week, someone reportedly attacked an FBI Agent in the Tenderloin and threatened to expose his identity to drug dealers. https://sfstandard.com/2024/03/13/san-francisco-fbi-agent-attacked-threatened/Attached Thus, our client's fears are reasonable. Attached are three decisions that support such an order under these circumstances.

We also reiterate offer to share the individual plaintiffs' names and information with the City subject to a protective order. Thus, pseudonymity would cause no prejudice to the City. See the attached Doe 1 v. GitHub, Inc. case for a discussion of this topic.

Per Rule 7-11, the motion must be supported by either a stipulation or a declaration. Thus, we ask if the City would stipulate to the Administrative Motion for Relief. Given that we intend to file the motion as soon as tomorrow, your prompt response would be appreciated.

█████████████████████████████████████
█████████████████████████████████

As always, call for any reason.

Matthew D. Davis, Esq.
Shareholder


WALKUP, MELODIA KELLY + SCHOENBERGER

415-981-7210          650 California Street, 26th Fl.
walkuplawoffice.com   San Francisco, CA 94108

Super Lawyers    American Board of Trial Advocates 

**From:** George, John (CAT) <John.George@sfcityatty.org>
**Sent:** Tuesday, March 19, 2024 3:47 PM
**To:** Matthew D. Davis <mdavis@WalkupLawOffice.com>
**Cc:** Lakritz, Tom (CAT) <Tom.Lakritz@sfcityatty.org>; Steeley, Tara (CAT) <Tara.Steeley@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Richard Schoenberger