DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
TARA M. STEELEY, State Bar #231775
THOMAS S. LAKRITZ, State Bar #161234
JOHN H. GEORGE, State Bar #292332
KAITLYN M. MURPHY, State Bar #293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4655 (Steeley)
              (145) 554-4628 (Lakritz)
              (415) 554-4223 (George)
              (415) 554-6762 (Murphy)
Facsimile:    (415) 554-4699
E-Mail:       tara.steeley@sfcityatty.org
              tom.lakritz@sfcityatty.org
              john.george@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendant. | Case No. 4:24-cv-01562-JST<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING PERMISSION TO USE A PSEUDONYM ON PUBLICLY FILED PLEADINGS**<br><br>Trial Date:        None set. |

# STATEMENT OF NON-OPPOSITION

Defendant City and County of San Francisco ("San Francisco") submits this statement of non-opposition in response to Plaintiffs' Motion for Administrative Relief Requesting Permission to Use a Pseudonym on Publicly Filed Pleadings (ECF No. 19, "Admin Motion") to draw the Court's attention to several matters.

On March 14, 2024, Plaintiffs' Jane, Barbara, John, Mary, and Susan Roe each filed an Application For An Order Granting Permission to Use The Pseudonym "[Name] Roe" In Publicly Filed Pleadings ("Applications"). ECF Nos. 3-7. Because Plaintiffs failed to make a sufficient factual and legal showing, San Francisco was left with little choice but to oppose the Applications for failure to comply with Civil Local Rule 7-11 and failure to overcome the strong presumption that "parties' identities are public information," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). *See* ECF No. 16. Under Local Rule 7-11(c), the Applications were "deemed submitted for immediate determination without hearing on" March 19, 2024, "the day after the opposition [was] due." As of the time of filing, the Applications are still pending.

On March 21, 2024, Plaintiffs filed the Admin Motion seeking the same relief as the Applications, which Plaintiffs did not withdraw. Plaintiffs also filed a motion to seal their declarations in support of the Admin Motion on March 21, 2024 and attached their declarations to the motion to seal. ECF No. 17. Plaintiffs filed their unredacted declarations on the publicly-available ECF docket thereby making Plaintiffs' identities known to any person with access to the Court's docket. Declaration of John H. George in Support of Defendant's Statement of Non-Opposition ("George Decl."), ¶¶ 3-4. Plaintiffs' unredacted declarations, and thus their identities, were available on the public docket from their time of filing at approximately 1:30 p.m. on March 21, 2024 until shortly after San Francisco's counsel notified Plaintiffs' counsel on March 22, 2024. *Id.*, ¶¶ 3-7.

As a result of Plaintiffs' public disclosure of their identities, San Francisco discovered that at least one Plaintiff appeared on a TV news program discussing the very issues alleged in Plaintiffs' Complaint. *See id.*, Exs. A, B, C. That program is currently available online. *Id.*

Each of the anonymous Plaintiffs claims "that revealing their true names would put them at risk of being hurt or killed in retaliation by persons involved in" criminal activity in the Tenderloin.

1  Admin Motion at 3.  Plaintiffs' counsel, somewhat more dramatically, invokes his version of the
2  Hippocratic Oath ("Do no further harm to the client") and claims the Plaintiffs must proceed using
3  pseudonyms to avoid having "blood on [his] hands."  ECF No. 19-1, ¶¶ 9, 14.  Despite this, Plaintiffs'
4  counsel publicly filed unredacted declarations by each Plaintiff who seeks to keep their identity a
5  secret, and only moved to keep the information from further public availability after being notified by
6  San Francisco.  *See* George Decl., ¶¶ 3-7.  As a result of their identities being public, San Francisco
7  discovered that one Plaintiff has publicly aired complaints very similar to those in the Complaint on a
8  national television news program, despite asserting that a more modest disclosure of their identity
9  would risk their safety.  *See id.*, Exs. A, B, C.



San Francisco defers to the Court to decide whether Plaintiffs have made the requisite factual showing to support their use of pseudonyms in this lawsuit.  San Francisco files this response to further clarify the parties' filings and ensure that the Court has the relevant information as it considers Plaintiffs' requests.

Dated: March 25, 2024

```
                            DAVID CHIU
                            City Attorney
                            YVONNE R. MERÉ
                            Chief Deputy City Attorney
                            WAYNE SNODGRASS
                            TARA M. STEELEY
                            THOMAS S. LAKRITZ
                            JOHN H. GEORGE
                            KAITLYN M. MURPHY
                            Deputy City Attorneys


                        By: s/John H. George
                            JOHN H. GEORGE

                            Attorneys for Defendant
                            CITY AND COUNTY OF SAN FRANCISCO
```