# EXHIBIT A

| | |
|---|---|
| **From:** | George, John (CAT) |
| **To:** | Matthew D. Davis; Lakritz, Tom (CAT); Mere, Yvonne (CAT) |
| **Cc:** | Richard Schoenberger; Shanin Specter (shanin.specter@klinespecter.com); Alex Van Dyke; Ashcon Minoiefar; Steeley, Tara (CAT); Murphy, Kaitlyn (CAT) |
| **Subject:** | RE: Roe v. CCSF |
| **Date:** | Tuesday, March 26, 2024 8:05:18 PM |
| **Attachments:** | image001.png<br>image004.png |

Matt,

While I appreciate you emailing me your concerns, I do not appreciate the unfounded suggestions that I have violated Cal. Rule of Professional Conduct 4.4 or had insufficient support for a statement in a filing. I take my obligations under the Rules and to the Court extremely seriously and have done more than is required to ensure that you were aware of the public accessibility of your clients' declarations, thus limiting the exposure of your clients' identities. There is also more than adequate support for the sentence you quote from the Statement of Non-Opposition. Additionally, San Francisco has treated your clients' names as it would any confidential information received in litigation and not only moved to seal public news articles and a public YouTube video (a very unusual request), but redacted the generic description of the articles and video in the Statement of Non-Opposition so that there was not even a chance that a member of the public could identify Mary Roe by locating the articles or video.

As I stated in my declaration, on March 21, 2024 at approximately 1:30 p.m., Plaintiffs filed their administrative motion to seal as ECF No. 17. The ECF entry for this filing had your name at the end, which I understand to mean the filing was on your behalf using your ECF credentials. Plaintiffs' unredacted declarations were filed with the motion to seal as ECF Nos. 17-3, 17-5, 17-7, 17-9, and 17-11 and were available to download from PACER and through the emailed ECF notice for ECF No. 17 that I received on March 21 at about 1:30 p.m.

In my experience – again, as I stated in my declaration – when unredacted documents are properly filed under seal pursuant to Local Rule 79-5 and the Court's E-Filing Under Seal In Civil Cases instructions (available at https://cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal/), the documents are not available to the public or a party to the case. But, in my experience, when a document is not filed under seal, it is accessible to parties and the public. That is the reason for filing under seal – to ensure a document is not on the ECF docket and therefore not accessible to the public. This is all consistent with the statement in the Court's E-Filing Under Seal In Civil Cases instructions that "Registered ECF users will be served automatically as described in Civil L.R. 5-1(g)(1) but **will not have access** to any attachment filed under seal (e.g., the unredacted version of the document at issue)." The Court's E-Filing instructions draw a bright line between under seal documents, which are unavailable to the parties or public, and documents not under seal that are available to the public – "The motion, declaration, proposed order, and redacted version (if any) **will be viewable by the public**, but the unredacted version will be marked *Restricted* and **will not be viewable by the public or the filer**." As the Court's description makes clear, a registered ECF user (which includes me in this case) does not have access to "the unredacted version of the document at issue" and although I have been on both sides of many under seal filings in N.D. Cal., I have never had access to an under seal document through ECF as a result of being a party or counsel of record in a case. This is why, as you experienced with Defendant's under seal filing yesterday, parties serve the unredacted documents on the opposing party by email following the ECF filing. If the non-filing party had access to the under seal documents via ECF, there would be no need for the filing party to manually serve them.

This is all demonstrated by the under seal filings I did yesterday. The documents filed on the public ECF docket are available for public download, while the documents filed under seal (the exhibits and the unredacted Statement of Non-Opposition) are not available through ECF to the public or even to me, the filing attorney. I confirmed this by trying to access the sealed documents filed under my name last night and this is the message I receive:



Although Plaintiffs' names are neither attorney-client privileged communications or attorney work product, I – again, as explained in my declaration – emailed you to ensure that you were aware that the unredacted declarations were on the

public ECF docket.  In fact, it is precisely because I understand that non-sealed documents on ECF are available to the public that I notified you.

After responding "Thanks," and separately responding with the email you cite below, you emailed, "The documents are now all properly sealed. Apparently the system allowed you to view them because you are a party to the case, and in most instances a party to the case can see a sealed document. That error was fixed. The declarations were only accessed once before the issue was fixed. Fortunately, the declarations were not viewable by general members of the public."  Most of your email, which did not provide any source for your statements, is inconsistent with the Court's E-Filing Under Seal In Civil Cases instructions, the process I described above, and my experience.  Specifically, as I explained above, your statements that (1) "the system allowed [me] to view them because [I am] a party to the case," and (2) "in most instances a party to the case can see a sealed document" are inconsistent with the Court's instructions, including that registered ECF users (of which I am one here because I have been filing for the City) "**will not have access** to any attachment filed under seal (e.g., the unredacted version of the document at issue)."  It is also inconsistent with the screenshot I posted above that demonstrates that even as the filing attorney, I do not have ECF access to a sealed document, and with my experience as the non-filing party in many cases where the filing party has filed under seal.  In none of those cases have I had access to an under seal document through ECF as a result of my status as a party's attorney.

To the extent that your statement that "the declarations were not viewable by general members of the public" depends on your position that the documents were *only* available to the City and its lawyers as a party, it is inconsistent with the ECF filing process and the Court's instructions as described above.  That statement is also inconsistent with the public nature of ECF (hence the need to seal documents) and my experience with accessing documents on ECF in N.D. Cal.  In fact, the Court's own language regarding sealed documents (see screenshot above) implies a clear distinction between a "document [that] is currently Under Seal and not available to the general public," and one that is not under seal and available to the general public.  This distinction is further articulated in the E-Filing instructions – documents not properly under seal "will be viewable by the public," while those under seal will not.  Further, neither the Local Rules nor the Court's E-Filing Under Seal In Civil Cases instructions describe a process by which the non-filing party, but not the public, may have access to an under seal document through ECF.

I agree with your statement that, as of the time of your email, "The documents are now all properly sealed."  I viewed the filing entry on PACER and as of Friday afternoon receive the same message in the screenshot above when I click on each of the formerly-available documents – "This document is currently Under Seal and not available to the general public."

The very words you quote from Rule of Professional Conduct 4.4 demonstrate that it is not implicated here.  The Rule requires the actions identified in sections (a) and (b) when the lawyer "knows* or reasonably should know* that the writing* is *privileged* or subject to the *work product doctrine*."  Plaintiffs' names are neither.  In fact, they are required to be public absent permission.  As set out in Defendant's opposition to Plaintiffs' Applications (ECF No. 16), FRCP 10 requires parties to proceed under their real names and – as demonstrated by the very fact that Plaintiffs have moved to use pseudonyms – parties must get special permission after overcoming the strong presumption of public access to remain anonymous.  Further, you have offered to disclose Plaintiffs' names to Defendant under the protection of a protective order.  Because Plaintiffs' names are neither privileged nor work product, neither Rule 4.4(a) nor (b) applies.  Despite being under no obligation to notify you of the unredacted filings on the public docket, I did so because I wanted to ensure you were aware and could take steps to limit your clients' exposure, particularly where you assert they risk being harmed as a result of being publicly-identified.

I am also available to discuss if you would like.

Thanks,
John


**John H. George**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4223 Direct
www.sfcityattorney.org

**From:** Matthew D. Davis <mdavis@WalkupLawOffice.com>
**Sent:** Tuesday, March 26, 2024 10:56 AM
**To:** George, John (CAT) <John.George@sfcityatty.org>; Lakritz, Tom (CAT) <Tom.Lakritz@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>
**Cc:** Richard Schoenberger <RSchoenberger@WalkupLawOffice.com>; Shanin Specter (shanin.specter@klinespecter.com) <shanin.specter@klinespecter.com>; Alex Van Dyke <Alex.VanDyke@klinespecter.com>; Ashcon Minoiefar <aminoiefar@WalkupLawOffice.com>
**Subject:** Roe v. CCSF

Counsel,

Last Friday you brought to my attention that you were able to access the unredacted versions of plaintiffs' declarations from the PACERS website even though we had filed them under seal. Given our concerns about our clients' safety, we thanked you and conducted an immediate investigation. What my assistant learned after speaking to the clerk was the Court inadvertently gave all parties access to the unredacted declarations on the PACERS system, but that the general public did not have access to the declarations. The Court immediately fixed this error and restricted party access to the unredacted declarations. At 3:17 pm on Friday I sent you this email:

> All,
>
> It appears that the Court inadvertently posted these on PACERS, despite clear instructions to the contrary. My assistant is in contact with the Court to get them removed. **Please delete any copies that you received and do not forward**. Thank you very much for bringing this to our attention. [Bold added.]

Yesterday, the City filed a non-opposition to our motion to use anonymity. (ECF no. 23.) We have two issues of great concern with that pleading.

First, it states: "Plaintiffs' unredacted declarations, and thus their identities, were available on the public docket from their time of filing at approximately 1:30 p.m. on March 21, 2024 until shortly after San Francisco's counsel notified Plaintiffs' counsel on March 22, 2024." (Citing George Decl.) However, Mr. George does not aver any personal knowledge that the declarations were viewable by the general public. Moreover, we conveyed to you our understanding, after speaking to the clerk, that only parties had access to the unredacted declarations until the Court corrected that error. If you have any information that the declarations were viewable by the general public, then please share it with us.

Second, even though we clearly intended to file the unredacted declarations under seal, and we asked you to delete and not forward any copies, the City obviously took advantage of the inadvertent disclosure to learn the true name of one of the plaintiffs and to conduct research

on her. This seemingly violates the spirit if not the letter of the law with respect to an attorney's ethical obligations when he or she receives inadvertently disclosed material. See State Compensation Ins. Fund v WPS, Inc. (1999) 70 CA4th 644.

Rule of Professional Conduct 4.4 (Duties Concerning Inadvertently Transmitted Writings) says:

> Where it is reasonably apparent to a lawyer who receives a writing relating to a lawyer's representation of a client that the writing* was inadvertently sent or produced, and the lawyer knows* or reasonably should know* that the writing* is privileged or subject to the work product doctrine, the lawyer shall:
>
> (a)  refrain from examining the writing* any more than is necessary to determine that it is privileged or subject to the work product doctrine, and
>
> (b)  promptly notify the sender.

While we appreciate that you promptly notified us of the inadvertent disclosure by the Court, but it appears that you did not adhere to subdivision (a). You instead conducted research based on inadvertently disclosed information.

We wanted to give you the chance to respond to this second point before we make a decision as to reporting this to the Court.

Do not hesitate to call if you want to discuss.



Matthew D. Davis, Esq.
Shareholder

WALKUP, MELODIA
KELLY + SCHOENBERGER

415-981-7210 | 650 California Street, 26th Fl.
walkuplawoffice.com | San Francisco, CA 94108

Super Lawyers   American Board of Trial Advocates