UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br>   Defendant. | Case No. 24-cv-01562-JST <br><br> **ORDER GRANTING LEAVE FOR PLAINTIFFS TO PROCEED UNDER PSEUDONYMS** <br><br> Re: ECF No. 19 |

Before the Court is Plaintiffs' unopposed motion seeking leave to proceed under pseudonyms. ECF No. 19. The Court will grant the motion.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "when nondisclosure of the party's identity 'is necessary to … to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (ellipses in original) (quoting *United States v. Doe*, 655 F.2d 920. 922 n.1 (9th Cir. 1981)).

Threats of physical harm "present[] the paradigmatic case for allowing anonymity." *Kamehameha*, 596 F.3d at 1043. Where a party seeks to proceed pseudonymously on the basis of retaliatory harm, "a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Id.* at 1042 (ellipses in original) (quoting *Advanced Textile*, 214 F.3d at 1068).

"The first two factors of the balancing test for retaliatory harm – severity of the threatened harm and the reasonableness of the fear of such harm – 'are intricately related and should be

1    addressed together.'" *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 852 (N.D. Cal. 2023) (quoting

2    *Kamehameha*, 596 F.3d at 1040). Plaintiffs request to proceed pseudonymously because their

3    lawsuit seeks relief to address the narcotics trade and related criminal activities in the Tenderloin,

4    where they reside, and they fear "revealing their true names would put them at risk of being hurt

5    or killed in retaliation by persons involved in those criminal enterprises." ECF No. 19 at 3. The

6    threatened harm – physical retaliation and death – is severe. *Kamehameha*, 596 F.3d at 1043

7    (describing threats of physical retaliation, including death, as "undoubtedly severe"). The Court

8    finds this fear reasonable given the previous acts of violence committed by those involved in

9    criminal activities in the Tenderloin, as well as the threats Plaintiffs have themselves received.

10   ECF No. 19 at 4 n.2; ECF No. 19-2 ¶ 5 (Plaintiff describes threat to cut her throat and threats with

11   knives and hammers). Plaintiffs are particularly vulnerable to such retaliation since they live in

12   the Tenderloin. *See e.g.* ECF No. 19-2 ¶ 2; ECF No. 19-3 ¶ 1.

13       Defendant will not be prejudiced if Plaintiffs proceed pseudonymously because Plaintiffs

14   have agreed to disclose their identifies to Defendant for the purpose of the litigation. ECF No. 19

15   at 4–5; *see GitHub*, 672 F. Supp. 3d at 853–54 (concluding defendants would not be prejudiced

16   because "Plaintiffs have disclosed their true names to Defendants subject to a protective order, so

17   pseudonymity should not impede Defendants' ability to develop their case.")

18       Finally, allowing Plaintiffs to proceed pseudonymously is in line with the public interest.

19   Where, as here, "the plaintiffs' identities are not central to the issues raised by a case . . . the

20   public interest may not be harmed by permitting plaintiffs to proceed pseudonymously." *Id.* at

21   854. Plaintiffs' names and identifies "'appear[] to have no bearing on the resolution of the issues,'

22   and so 'a pseudonym will not impede public access to the substance of the proceedings.'" *Doe v.*

23   *United of Omaha Life Ins. Co.*, 23-cv-02307-JST, 2023 WL 5919287 (N.D. Cal. Aug. 21, 2023)

24   (quoting *Doe v. Cnty. of El Dorado*, No. 2:13-cv-01433-KJM, 2013 WL 6230342, at *6 (E.D. Cal.

25   Dec. 2, 2013)).

26   / / /

27   / / /

28   / / /

Balancing the foregoing factors, the Court concludes that Plaintiffs' need for anonymity outweighs prejudice to Defendant and the public's interest in knowing Plaintiffs' identities. Plaintiffs' motion is therefore granted.

**IT IS SO ORDERED.**

Dated:  April 15, 2024



JON S. TIGAR
United States District Judge