DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar # 173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
TARA M. STEELEY, State Bar #231775
THOMAS S. LAKRITZ, State Bar #161234
JOHN H. GEORGE, State Bar #292332
KAITLYN M. MURPHY, State Bar #293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:       (415) 554-4655 (Steeley)
                 (145) 554-4628 (Lakritz)
                 (415) 554-4223 (George)
                 (415) 554-6762 (Murphy)
Facsimile:       (415) 554-4699
E-Mail:          tara.steeley@sfcityatty.org
                 tom.lakritz@sfcityatty.org
                 john.george@sfcityatty.org
                 kaitlyn.murphy@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>        Defendant. | Case No. 4:24-cv-01562-JST<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]<br><br>Hearing Date:    July 18, 2024<br>Time:            2:00 p.m.<br>Place:           Oakland Courthouse,<br>                 Courtroom 6 – 2nd Floor<br>                 1301 Clay Street, Oakland,<br>                 CA 94612<br><br>Trial Date:      None set |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... iii

NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(1) and 12(b)(6) ...........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................2

INTRODUCTION .........................................................................................................2

PLAINTIFFS' COMPLAINT ........................................................................................2

ARGUMENT .................................................................................................................4

    I.      LEGAL STANDARD ....................................................................................4

          A.     Standing ..............................................................................................4

          B.     Failure To Sate A Claim .....................................................................5

    II.     PLAINTIFFS' FEDERAL-LAW CAUSES OF ACTION FAIL AS A MATTER
OF LAW ........................................................................................................5

          A.     Plaintiffs Lack Article III Standing......................................................5

          B.     Plaintiffs Have Not Stated A Due Process Cause of Action.......................7

          C.     Plaintiffs Have Not Stated An Equal Protection Cause of Action..............8

          D.     Plaintiffs Have Not Stated A State-Created Danger Cause of Action. ........9

          E.     Plaintiffs Have Not Stated A *Monell* Claim. .............................................11

          F.     Plaintiffs Have Not Alleged Conduct Within The Statute of Limitations. 13

          G.     Plaintiffs' Claims Under The Fifth Amendment Fail. ..............................13

          H.     Plaintiffs Have Not Stated Viable Claims Under The ADA Or Section
504.......................................................................................................14

               1.     Plaintiffs Have Not Stated An ADA Claim. ...................................14

               2.     Plaintiffs Have Not Stated A Section 504 Claim...........................16

               3.     Plaintiffs Have Not Alleged ADA and Section 504 Violations
Within The Applicable Statute of Limitations................................17

    III.    PLAINTIFFS' STATE LAW CAUSES OF ACTION FAIL AS A MATTER
OF LAW ......................................................................................................17

          A.     Plaintiffs' State Constitutional Claim Fails As A Matter Of Law. ............17

          B.     Plaintiffs' Claims Under The Disabled Persons Act Fails.........................18

          C.     Plaintiffs' Public Nuisance Cause of Action Fails....................................19

          D.     Plaintiffs' Private Nuisance Cause of Action Fails....................................20

          E.     Plaintiffs Negligence Cause of Action Fails.............................................21

          F.     The City Is Immune From Liability For All Plaintiffs' Statutory Claims. 22

               1.     The City is immune pursuant to the Emergency Services Act. .....22

2.      The City is immune for any failure to enforce laws. ....................23

3.      The City cannot be held liable for any lawful conduct. ................24

IV.     PLAINTIFFS' CLAIMS ARE BARRED BY SEPARATION OF POWERS ......25

V.      DISCOVERY SHOULD BE STAYED PENDING AN ADEQUATE
        COMPLAINT .......................................................................................25

CONCLUSION.........................................................................................................25

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Allen v. Wright*
    468 U.S. 737 (1984)...........................................................................................6, 8

*Arbogast v. Kansas Dep't of Labor*
    789 F.3d 1174 (10th Cir. 2015) ..................................................................16

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)..........................................................................................5

*Bailey v. Patterson*
    369 U.S. 31 (1962)............................................................................................6

*Bd. of Cnty. Comm'rs of Bryan Cnty.*
    *Okl. v. Brown*, 520 U.S. 397 (1997) ..........................................................12

*Bd. of Trustees of Leland Stanford Junior Univ. v. Agilent Techs.*, Inc.
    628 F. Supp. 3d 972 (N.D. Cal. 2022) ........................................................21

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)..........................................................................................5

*Bowers v. Whitman*
    671 F.3d 905 (9th Cir. 2012) .........................................................................9

*Castillo v. McFadden*
    399 F.3d 993 (9th Cir. 2005) .......................................................................14

*Cato v. United States*
    70 F.3d 1103 (9th Cir. 1995) .............................................7, 8, 9, 11, 13, 18

*Chapman v. Pier 1 Imports (U.S.) Inc.*
    631 F.3d 939 (9th Cir. 2011) .......................................................................14

*Chavez v. United States*
    683 F.3d 1102 (9th Cir. 2012) .......................................................................5

*Chubb Custom Ins. Co. v. Space Servs/Loral, Inc.*
    710 F.3d 946 (9th Cir. 2013.............................................................................5

*City of Canton v. Harris*
    489 U.S. 378 (1989)........................................................................................11

*Cnty. of Sacramento v. Lewis*
    523 U.S. 833 (1998)........................................................................................10

*Collins v. City of Harker Heights*
  503 U.S. 115 (1992)..................................................................................................10

*DeShaney v. Winnebago County Dep't of Soc. Serv.*
  489 U.S. 189 (1989)............................................................................................7, 10, 11

*Dougherty v. City of Covina*
  654 F.3d 892 (2011)..............................................................................................12, 13

*Daubert v. Lindsay Unified School Dist.*
  760 F.3d 982 (9th Cir. 2014). .................................................................................15

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*
  528 U.S. 167 (2000),..................................................................................................4

*Gill v. Whitford*
  585 U.S. 48 (2018)....................................................................................................4

*Gini v. Las Vegas Metropolitan Police Dept.*
  40 F.3d 1041 (9th Cir. 1994) ....................................................................................6

*Gomez v. Vernon*
  255 F.3d 1118 (9th Cir. 2001) .................................................................................12

*Gravelet-Blondin v. Shelton*
  728 F.3d 1086 (9th Cir. 2013) .................................................................................12

*Heckler v. Chaney*
  470 U.S. 821 (1985)..................................................................................................6

*Heckler v. Mathews*
  465 U.S. 728 (1984)..................................................................................................9

*Henry A. v. Willden*
  678 F.3d 991 (9th Cir. 2012) ..................................................................................10

*Hernandez v. City of San Jose*
  897 F.3d 1125 (9th Cir. 2018) ..............................................................................9, 13

*Horton v. City of Santa Maria*
  915 F.3d 592 (9th Cir. 2019) ..................................................................................12

*Huffman v. Cnty. of Los Angeles*
  147 F.3d 1054 (9th Cir. 1988.) ..............................................................................7, 8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*
  546 F.3d 981 (9th Cir. 2008). ...................................................................................5

*In re Google Digital Adver. Antitrust Litig.*
  Case. No. 20-cv-03556, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020)............................25

*Kennedy v. City of Ridgefield*
    439 F.3d 1055 (9th Cir. 2006) ................................................................................10

*Kirola v. City & Cnty. of San Francisco*
    74 F. Supp. 3d 1187, 1250-51 (N.D. Cal. 2014).....................................................15

*Koslow v, Pennsylvania*
    302 F.3d 161 (3rd Cir. 2002) ..................................................................................16

*Kramer v. Regents of Univ. of Cal.*
    81 F. Supp. 2d 972 (N.D. Cal. 1999) .......................................................................19

*L.W. v. Grubbs*
    974 F.2d 119 (9th Cir.1992) .................................................................................7, 10

*Lacey v. Maricopa Cnty.*
    693 F.3d 896 (9th Cir. 2012) ....................................................................................8

*Lamberth v. Clark Cnty. Sch. Dist.*
    No. 2:14-CV-02044-APG, 2015 WL 4760696, at *5 (D. Nev. Aug. 12, 2015).......11

*Larez v. City of Los Angeles*
    946 F.2d 630 (9th Cir. 1991) ..................................................................................12

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ..................................................................................14

*Lefebure v. D'Aquilla*
    15 F.4th 650 (5th Cir. 2021). .....................................................................................6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*
    572 U.S. 118 (2014)...................................................................................................6

*Linda R.S. v. Richard D.*
    410 U.S. 614 (1973)...................................................................................................6

*Lovell v. Chandler*
    303 F.3d 1039 (9th Cir. 2002) ................................................................................16

*Lujan v. Defs. of Wildlife*
    504 U.S. 555 (1992)................................................................................................4, 6

*Majors v. City of Oakland*
    No. C 05-00061 CRB, 2005 WL 2216955, at *4 (N.D. Cal. July 25, 2005)............11

*Maldonado v. Harris*
    370 F.3d 945 (9th Cir. 2004) ..................................................................................13

*Martinez v. City of Clovis*
    943 F.3d 1260 (9th Cir. 2019) ..............................................................................5, 9

*McGary v. City of Portland*
   386 F.3d 1259 (9th Cir. 2004) ...........................................................................................16

*Memmer v. Marin Cnty. Cts.*
   169 F.3d 630 (9th Cir. 1999) .............................................................................................16

*Monell v. Dep't of Soc. Services*
   436 U.S. 658 (1978).....................................................................................................11, 12

*Munger v. City of Glasgow Police Dep't*
   227 F.3d 1082 (9th Cir. 2000) .....................................................................................10, 12

*Nordlinger v. Hahn*
   505 U.S. 1 (1992)..................................................................................................................9

*Patel v. Kent Sch. Dist.*
   648 F.3d 965 (9th Cir. 2011) ..........................................................................................9, 10

*Penilla v. City of Huntington Park*
   115 F.3d 707 (9th Cir. 1997) .............................................................................................10

*Poe v. Ullman*
   367 U.S. 497 (1961)..............................................................................................................6

*R.R. 1900, LLC v. City of Sacramento*
   604 F. Supp. 3d 968 (E.D. Cal. 2022) ........................................................................7, 9, 11

*Railroad 1900, LLC v. City of Sacramento*
   No. 2:210cv-01673 WBS DB, 2023 WL 7627835, at *4 (E.D. Cal. Nov. 14, 2023)..................7

*Rodriguez v. Barrita, Inc.*
   10 F. Supp. 3d 1062 (N.D. Cal. 2014) ...............................................................................18

*Rodriguez v. Cnty. of Los Angeles*
   891 F.3d 776 (9th Cir. 2018) .............................................................................................12

*Rosenbaum v. City & Cnty. of San Francisco*
   484 F.3d 1142 (9th Cir. 2007) .............................................................................................8

*Schroeder v. City of Chicago*
   927 F.2d 957 (7th Cir. 1991) .............................................................................................16

*Shanks v. Dressel*
   540 F.3d 1082 (9th Cir. 2008) .........................................................................................7, 8

*Sharkey v. O'Neal*
   778 F.3d 767 (9th Cir. 2015) .............................................................................................17

*State of Cal. ex rel. Mueller v. Walgreen Corp.*
   175 F.R.D. 638 (N.D. Cal. 1997)........................................................................................25

*Thomlison v. City of Omaha*
  63 F.3d 786 (8th Cir. 1995) ......................................................................................16

*United States v. Armstrong*
  517 U.S. 456 (1996) ....................................................................................................8

*United States v. Kidder*
  869 F.2d 1328 (9th Cir. 1989) ....................................................................................8

*United States v. Safran Group*
  *S.A.*, Case No. 15-cv-00746, 2017 WL 1862508, at *3 (N.D. Cal. May 9, 2017) ...................25

*United States v. Texas*
  599 U.S. 670 (2023) ....................................................................................................6

*Village of Euclid, Ohio v. Ambler Realty Co.*
  272 U.S. 365 (1926) ....................................................................................................7

*Vinson v. Thomas*
  288 F.3d 1145 (9th Cir.2002) ...................................................................................16

*Wander v. Kaus*
  304 F.3d 856 (9th Cir. 2002) ....................................................................................18

*Wang v. Reno*
  81 F.3d 808 (9th Cir.1996) .........................................................................................7

*Washington v. Glucksberg*
  521 U.S. 702 (1997) ....................................................................................................7

*Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*
  114 F.3d 976 (9th Cir.1997) ......................................................................................16

*Whitaker v. Tesla Motors, Inc.*
  985 F.3d 1173 (9th Cir. 2021) ............................................................................14, 15

*Wood v. Ostrander*
  879 F.2d 583 (9th Cir. 1989) ....................................................................................10

*Yick Wo v. Hopkins*
  118 U.S. 356 (1886) ....................................................................................................8

*Younger v. Harris*
  401 U.S. 37 (1971) ......................................................................................................6

**Federal Statutes**
28 C.F.R.
  § 35.150(a) ................................................................................................................15

28 C.F.R.
  § 35.150(b)(1). ..........................................................................................................15

Federal Rule of Civil Procedure
§ 12(b)(1) ...............................................................................................................5

Federal Rule of Civil Procedure
§ 12(b)(6). ..............................................................................................................5

42 United States Code
§ 1983 ...............................................................................................................11, 12

**State Cases**

*Carter v. City of Los Angeles*
224 Cal. App. 4th 808 (2014) ...............................................................................15

*City of Norwalk v. City of Cerritos*
99 Cal. App. 5th 977 (2024) ...........................................................................24, 25

*Clausing v. S.F. Unified Sch. Dist.*
221 Cal. App. 3d 1224 (1990) ..............................................................................17

*Doe v. Los Angeles Cnty. Dep't of Child. & Fam. Servs.*
37 Cal. App. 5th 675 (2019) .................................................................................21

*Eastburn v. Reg'l Fire Prot. Auth.*
31 Cal.4th 1175 (2003) ..........................................................................................22

*Farmers Ins. Exchange v. State of California*
175 Cal. App. 3d 494 (1985) ................................................................................22

*Gananian v. Wagstaffe*
199 Cal. App. 4th 1532 (2011) .............................................................................25

*Gatto v. County of Sonoma*
98 Cal. App. 4th 744 (2002) .................................................................................18

*Guzman v. Cnty. of Monterey*
178 Cal. App. 4th 983 (2009) ...............................................................................23

*Jankey v. Song Koo Lee*
55 Cal.4th 1038 (2012) ..........................................................................................18

*Katzberg v. Regents of the Univ. of Cal.*
29 Cal.4th 300 (2002) ............................................................................................17

*Koll-Irvine Ctr. Prop. Owners Assn. v. Cnty. of Orange*
24 Cal. App. 4th 1036 (1994) .........................................................................19, 20

*Labadie v. State of California*
208 Cal. App. 3d 1366 (1989) ..............................................................................22

*Leger v. Stockton Unified Sch. Dist.*
   202 Cal. App. 3d 1448 (1988) ........................................................................17

*Li v. Yellow Cab Co.*
   13 Cal.3d 804 (1975) ........................................................................21

*Mangini v. Aerojet-Gen. Corp.*
   230 Cal. App. 3d 1125 (1991) ........................................................................20

*Munson v. Del Taco, Inc.*
   46 Cal.4th 661 (2009) ........................................................................18

*Nunn v. State of California*
   35 Cal.3d 616 (1984) ........................................................................24

*People v. ConAgra Grocery Prod. Co.*
   17 Cal. App. 5th 51 (2017) ........................................................................20

*Quigley v. Garden Valley Fire Prot. Dist.*
   7 Cal. App. 5th at 798 (2019) ........................................................................21

*Roberts v. Gulf Oil Corp.*
   147 Cal. App. 3d 770 (1983) ........................................................................18

*See So v. Shin*
   212 Cal. App. 4th 652 (2013) ........................................................................22

*Sutton v. Golden Gate Bridge, Highway & Transp. Dist.*
   68 Cal. App. 4th 1149 (1998) ........................................................................24

*Zelig v. Cnty. of Los Angeles*
   27 Cal.4th 1112 (2002) ........................................................................22

**State Statutes**
Cal. Gov. Code
   § 815 ........................................................................21

Cal. Gov. Code
   § 815(a) ........................................................................21

California Civil Code
   § 1714 ........................................................................21, 22

California Civil Code
   § 3482 ........................................................................24

Cal. Civ. Code
   § 3493 ........................................................................19

California Civil Code
   § 54(a) ........................................................................18

California Civil Code
   § 54.1(a)(1). ..........................................................................................................18

California Disabled Persons Act
   (California Civil Code §§ 54 et seq.). .................................................................4, 18

California Government Code
   § 818.2 ...........................................................................................................23, 24

Government Code
   § 8655 ...........................................................................................................22, 23

Government Code
   § 821 .............................................................................................................23, 24

**Other Authorities**
American Disability Act
   Title II .................................................................................................................15

**Constitutional Provisions**

California Constitution
   Article I, § 1 ...............................................................................................4, 17, 18

U.S. Constitution
   14th Amendment..........................................................................................3, 13

United States Constitution
   5th Amendment.....................................................................................3, 13, 14

United States Constitution
   Article III ...............................................................................................7, 14

## NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)

**TO THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 18, 2024, at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, United States District Court, Oakland, California, Defendant City and County of San Francisco (the "City") will, and hereby does, move the Court for an order to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and for an order staying discovery.

Plaintiffs allege 10 causes of action: five federal law causes of action and five state law cause of action. ECF No. 1, ¶¶ 81-127. Plaintiffs not seek monetary relief and only seek injunctive relief. ECF No. 1, ¶ 7.

The City moves to dismiss all 10 cause of action because Plaintiffs lack standing to pursue their claims and Plaintiffs have failed to state any viable cause of action against the City. Thus, the City request the at the Court dismiss all of Plaintiffs' causes of action.

This motion is based on this Notice of Motion and Motion to Dismiss and Memorandum of Points and Authorities filed herewith, the concurrently filed Request for Judicial Notice, the file in this case, the argument of counsel at the hearing, and any such further matters as the Court deems appropriate.

Dated:  May 3, 2024

DAVID CHIU
City Attorney
Deputy City Attorneys


By: */s/ Thomas S. Lakritz*
THOMAS S. LAKRITZ
Deputy City Attorney


Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The City and County of San Francisco (the "City") spends hundreds of millions of dollars each year addressing homelessness, substance abuse, and crime: providing offers of shelter and other direct services to persons experiencing homelessness, harm reduction and related services to people dealing with substance abuse, and bringing local as well as state, and federal law enforcement resources to address crime. Like cities across the nation, the City faces challenging street conditions due to the fentanyl and drug crisis and that problem unfortunately is particularly acute in parts of the Tenderloin. Still, despite its  commitment of resources and attention, the City acknowledges that more work needs to done and intends to continue to use its best efforts to improve the conditions in the Tenderloin.

Plaintiffs—five individuals and three corporate entities—are not satisfied with the City's policy and funding choices or the City's efforts or results in the Tenderloin. Plaintiffs incorrectly allege the City treats "[the Tenderloin] as a 'containment zone' for narcotic activities." Complaint For Injunctive and Equitable Relief ("Complaint"), ECF No. 1, ¶ 6. While Plaintiffs paint a sordid picture of the real impacts of drug addiction, drug use, and illegal activity in the Tenderloin, the allegations are legally infirm. First, Plaintiffs fail to adequately state a viable claim or describe the relief sought, relying on allegations consisting largely of simple labels, conclusions, and formulaic recitations of the elements of a particular cause of action, all of which are insufficient to withstand a motion to dismiss. Second, Plaintiffs lack standing to pursue their federal and state constitutional claims. And third, Plaintiffs' claims cannot withstand applicable statutes of limitations and doctrines of immunity.

At bottom, Plaintiffs take issue with what they perceive as the City's lack of civil and criminal enforcement in the Tenderloin. But Plaintiffs' disagreement with how the City allocates its funding and resources in the Tenderloin is a policy and political quarrel, not a legal or cognizable claim. Accordingly, as explained in greater detail below, the Court should dismiss Plaintiffs' Complaint.

## PLAINTIFFS' COMPLAINT

Plaintiffs allege the City treats the Tenderloin "as a 'containment zone' for narcotic activities," and define the Tenderloin as the area "bounded on the north by Geary Street, on the east by Mason Street, on the south by Market Street, and on the west by Polk Street." ECF No. 1, ¶¶ 1, 6. Plaintiffs

claim the City has a de facto policy "to corral and confine illegal drug dealing and usage, and the associated injurious behaviors, to the Tenderloin." *Id*. They assert "it is undisputable that for years the City has known that drug dealers brazenly sell narcotics on the streets and sidewalks," and "the City has allowed individuals to openly buy and use narcotics in the Tenderloin, and to remain, under the obvious influence of drugs, on the sidewalks and public spaces." ECF No. 1, ¶ 8. Plaintiffs argue "the City owned public walkways and spaces in the Tenderloin are dangerous, unsanitary and no longer open and accessible to plaintiffs and other members of the public." ECF No. 1, ¶ 19.

The five Individual plaintiffs are Jane Roe ("Jane"), Mary Roe ("Mary"), Susan Roe ("Susan"), John Roe ("John"), and Barbara Roe ("Barbara"). All live in the Tenderloin. ECF No. 1, ¶¶ 26, 38, 42, 48, 54.  The first two corporate plaintiffs are Phoenix Hotels SF, LLC and Funky Fun LLC, which operate a restaurant and bar in the Phoenix Hotel, in the Tenderloin (collectively, the "Phoenix Hotel Plaintiffs"). ECF No. 1, ¶¶ 59-61. The third corporate plaintiff is 2930 El Camino LLC, which operate a short-term hotel in the Tenderloin (the "Best Western Plaintiff"). ECF No. 1, ¶ 71.

Plaintiffs' first federal cause of action is brought by Mary and Susan, and alleges violations of the Americans With Disabilities Act ("ADA"). ECF No. 1, ¶¶ 81-89. They allege the City violates the ADA because of "blocked sidewalks due to illegal sidewalk vending, crowds engaged in narcotics activities, encampments, piles of garbage, bicycle 'chop shops,' and similar obstructions." ECF No. 1, ¶ 85. Plaintiffs second federal cause of action is also brought by Mary and Susan, and alleges the City violated Section 504 of the Rehabilitation Act (29 U.S.C. §§ 794, et seq.) by "excluding" them from "utilizing public rights-of-way." ECF No. 1, ¶ 92. ECF No. 1, ¶¶ 90-93.

Plaintiffs' third federal cause of action is brought by all plaintiffs and alleges a due process claim under the 5th and 14th Amendments. ECF No. 1, ¶¶ 108-110. Plaintiffs allege the "dangerous and squalid conditions of the public walkways and spaces [] have denied plaintiffs and other residents[] of their unimpeded liberty and use of their property." ECF No. 1, ¶ 109. Plaintiffs' fourth federal cause of action is brought by all plaintiffs and alleges an equal protection claim under the 5th and 14th Amendments. ECF No. 1, ¶¶ 111-114. Plaintiffs allege the City, "by enforcing the laws in some areas and declining to enforce those laws in the Tenderloin, has arbitrarily determined where illicit narcotics activities can occur, where crowds of persons engaged in illegal activities can gather,

where sidewalk encampments may or may not be located, and what communities should be affected."
ECF No. 1, ¶ 112. Plaintiffs' fifth federal cause of action is brought by all plaintiffs and alleges a
"state-created danger" claim under 14th Amendment's the due process clause. ECF No. 1, ¶¶ 115-118.

Mary and Susan bring Plaintiffs' first state law cause of action and alleging a violation of the
California Disabled Persons Act (California Civil Code §§ 54 et seq.). ECF No. 1, ¶¶ 94-96. They
allege the conditions in the Tenderloin violate their right to full and equal access streets, sidewalks,
and other public facilities. ECF No. 1, ¶ 95. Plaintiffs' second state law cause of action is brought by
all plaintiffs and alleges the conditions in the Tenderloin constitute a public nuisance because of a
"failure to maintain the public property under its control and to enforce the laws requiring the same."
ECF No. 1, ¶¶ 97-103. Plaintiffs' third state law cause of action is brought by all plaintiffs and alleges
a private nuisance because "[t]he City's actions and inactions have created conditions or permitted
conditions to exist that are harmful to the health, are indecent and offensive to the senses, obstruct the
free passage and use of public … streets … and sidewalks, permit unlawful sales and consumption of
illicit narcotics, illegal street vending, and constitute a fire hazard." ECF No. 2, ¶¶ 104-107. Plaintiffs'
fourth state law cause of action is brought by all plaintiffs and alleges the City has been negligent in its
"duty" to "to control, maintain, and keep safe and clean the … public-right-of-way areas in San
Francisco, including parks, sidewalks, streets, and public buildings, and to make and enforce laws
assuring the public health and safety thereof for its citizens and their guests." ECF No. 1, ¶ 120.
Plaintiffs' fifth state law cause of action is brought by all plaintiffs and alleges the City has deprived
Plaintiffs of their right to safety and the pursuit of happiness guaranteed under the California
Constitution, Article I, § 1. ECF No 1, ¶¶ 124-127.

**ARGUMENT**

## I.   LEGAL STANDARD

### A.   Standing

Each "plaintiff must demonstrate standing separately for each form of relief sought," *see*, *e.g.*,
*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000), and any
"remedy must be tailored to redress the plaintiff's particular injury" *see*, *e.g.*, *Gill v. Whitford*, 585
U.S. 48, 73 (2018) *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Dismissal under Federal Rule

of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, fails to allege facts sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

### B.  Failure To Sate A Claim

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co. v. Space Servs/Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). A court "must assess whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) A complaint that offers mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted).

## II.  PLAINTIFFS' FEDERAL-LAW CAUSES OF ACTION FAIL AS A MATTER OF LAW

### A.  Plaintiffs Lack Article III Standing.

Plaintiffs' federal due process and equal protection claims (sixth, seventh, and eighth causes of action) are premised on the allegations the City has (1) "known that drug dealers brazenly sell narcotics" in the Tenderloin and (2) "allowed individuals to openly buy and use narcotics in the Tenderloin." ECF No. 1, ¶ 8. Plaintiffs' substantive due process claim is also predicated on the City's failure to enforce laws in the Tenderloin. ECF No. 1, ¶ 109 ("The City by abdicating its duties under the law to ensure safe and secure living conditions in the Tenderloin…."). Plaintiffs' equal protection claim is similarly based on the City's failure to enforce laws and prosecute people committing crimes in the Tenderloin. ECF No. 1, ¶ 112 ("The City, by enforcing laws in some areas and declining to enforce those laws in the Tenderloin…."). Plaintiff's state-created danger claim, which is a substantive due process claim (*see Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019)), is also predicated on the City's failure to enforce laws in the Tenderloin. ECF No. 1, ¶ 116 ("By he acts and omissions described [in the complaint], the City has affirmatively created or increased the risk that Plaintiffs would be exposed to dangerous conditions.").

It is well established that individuals lack standing to sue the government for failing to enforce its laws. *Allen v. Wright*, 468 U.S. 737, 754 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), ("[The Supreme Court] has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). This follows from the fact that, as the Supreme Court has held, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (citing *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501, (1961)). The Supreme Court recently discussed these holdings and reiterated that when an executive branch officer "elects not to arrest or prosecute, *it does not exercise coercive power over an individual's liberty or property, and thus does not infringe upon interests that courts often are called upon to protect*." *United States v. Texas*, 599 U.S. 670, 678 (2023) (emphasis added) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561-62 (1992)).

The Ninth Circuit has held that "[t]he police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another *even when one citizen deprives the other of liberty [or] property*." *Gini v. Las Vegas Metropolitan Police Dept.*, (9th Cir. 1994) 40 F.3d 1041, 1045 (9th Cir. 1994) (emphasis added). And the Fifth Circuit has held that "[i]t is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

This standing requirement applies in the civil enforcement context. *Id.* at 655 (citing *Linda R.S*, 410 U.S. at 619); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

The Eastern District of California applied these holding to dismiss identical claims, finding the plaintiff lacked standing to pursue claims for the city's alleged failure to enforce anti-camping and other ordinances against homeless individuals in the area surrounding a plaintiff's property. *R.R. 1900,*

*LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 973–74 (E.D. Cal. 2022); *see also Railroad 1900, LLC v. City of Sacramento*, No. 2:210cv-01673 WBS DB, 2023 WL 7627835, at *4 (E.D. Cal. Nov. 14, 2023)

Because Plaintiffs' three federal constitutional claims are premised on the City's failure to perform affirmative acts in the Tenderloin (i.e., investigate and prosecute "drug dealers that brazenly sell narcotics on the streets and sidewalks of the Tenderloin" or individuals that "openly buy and use narcotics in the Tenderloin"), Plaintiffs lack Article III standing to pursue their due process and equal protection claims. Accordingly, the Court should dismiss Plaintiffs' sixth, seventh, and eighth causes of action without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (a court need not grant leave to amend where "the deficiencies of the complaint could not be cured.").

## B.   Plaintiffs Have Not Stated A Due Process Cause of Action.

To state a substantive due process claim, a plaintiff must allege (1) a valid liberty or property interest, (2) which the government infringed in an arbitrary or irrational manner. *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926). Certain rights or liberties have been deemed "fundamental," so they receive greater protection. *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). A "plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).

The Supreme Court has held that a state or local government is not obligated under the due process clause to "protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195 (1989).[1] The Ninth Circuit has held that a state or local government's failure to protect an individual from "harms inflicted by persons not acting under color of law" is not a substantive due process violation. *See, e.g.*, *Shanks*, 540 F.3d at 1087; *Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1988.)

---

[1] There are two exceptions to the general rule that "a State's failure to protect an individual against private violence ... does not constitute a violation of the Due Process Clause," which are not applicable. *See DeShaney*, 489 U.S. at 197. First, " 'when the State takes a person into its custody and holds him there against his will, the Constitution imposes some responsibility for [that person's] safety and general well-being.' " *See Wang v. Reno*, 81 F.3d 808, 818 (9th Cir.1996) (quoting *DeShaney*, 489 U.S. at 199–200). Plaintiffs do not allege that they were in custody. The second exception exists where the state affirmatively places the plaintiff in a dangerous situation. *See, e.g.*, *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir.1992). The City discusses this theory in Section II.D.

Here, Plaintiffs have not alleged that the City's actions or inactions burdened a fundamental right. Plaintiffs only allege that "[t]he dangerous and squalid conditions of the public walkways and spaces in the Tenderloin have denied plaintiffs and other residents and stakeholders of their unimpeded liberty and use of their property." ECF No. 1, ¶ 109. Such allegations do not support a substantive due process claim against the City. *See*, *e.g.*, *Shanks*, 540 F.3d at 1087; *Huffman*, 147 F.3d at 1058. Accordingly, Plaintiffs have not and cannot allege a viable legal theory and the Court should dismiss Plaintiffs' sixth cause of action without leave to amend. *See Cato*, 70 F.3d at 1106.

### C.   Plaintiffs Have Not Stated An Equal Protection Cause of Action.

Equal protection challenges to a lack of law enforcement actions are prohibited, but there is a narrow exception for selective enforcement with a discriminatory purpose and discriminatory effect. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012); *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007). Such claims may only proceed where a plaintiff establishes a law was enforced against the plaintiff, but not against other similarly situated individuals, and that the defendant "decided to enforce the law against [the plaintiff] 'on the basis of an impermissible ground such as race, religion or exercise of constitutional rights.' " *Lacey*, 693 F.3d at 922 (quoting *United States v. Kidder*, 869 F.2d 1328, 1336 (9th Cir. 1989)) (alteration adopted); *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996) ("A [litigant] may demonstrate that the administration of a ... law is 'directed so exclusively against a particular class of persons ... with a mind so unequal and oppressive' that the system of [enforcement] amounts to 'a practical denial' of equal protection of the law.") (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)).

Plaintiffs, however, do not allege that the City is discriminatorily enforcing laws against them. Instead, Plaintiffs equal protection theory is based on the City's failure to enforce laws and prosecute people committing crimes in the Tenderloin, while allegedly enforcing the same laws and prosecuting others committing the same crimes in other neighborhoods. ECF No. 1, ¶ 112. But Plaintiffs do not allege they are being discriminatorily prosecuted or they are being subjected to the laws they want the City to enforce in the Tenderloin. *See*, *e.g.*, *Lacey*, 693 F.3d at 922; *see also Allen*, 468 U.S. at 755 ("Our cases make clear ... that ... injury [resulting from discrimination] accords a basis for standing

only to 'those persons who are personally denied equal treatment' by the challenged discriminatory conduct.") (quoting *Heckler v. Mathews*, 465 U.S. 728, 739-40 (1984)).

The Eastern District of California applied these holding to dismiss an identical claim, finding the plaintiff failed to state a viable equal protection cause of action. *R.R. 1900, LLC*, 604 F. Supp. 3d at 977.

Finally, Plaintiffs have not and cannot show the City's alleged conduct or inaction cannot survive a rational basis analysis, which is fatal to their equal protection claim. *See*, *e.g.*, *Bowers v. Whitman*, 671 F.3d 905, 917 (9th Cir. 2012) (citing *Nordlinger v. Hahn*, 505 U.S. 1, 10, (1992)).

Accordingly, the Court should dismiss Plaintiffs' seventh cause of action without leave to amend. *See Cato*, 70 F.3d at 1106.

### D.      Plaintiffs Have Not Stated A State-Created Danger Cause of Action.

Plaintiffs also bring a separate claim alleging state-created danger, which is a substantive due process claim. *See Martinez*, 943 F.3d at 1271. Like Plaintiffs first substantive due process claim, the crux of the state-created danger claim is the City has created dangerous conditions, to which Plaintiffs have been exposed, by failing to enforce its laws against other individuals in the Tenderloin. ECF No. 1, ¶ 109 ("The City by abdicating its duties under the law to ensure safe and secure living conditions in the Tenderloin…."). Thus, Plaintiffs' state-created danger claim challenges the City's failure to enforce the law against others, and Plaintiffs lack standing to pursue this claim. *See* Section II.A.

Plaintiffs' state-created danger claim also fails on the merits. Under the state-created danger doctrine, "the state may be constitutionally required to protect a plaintiff that it 'affirmatively places in danger by acting with deliberate indifference to a known or obvious danger.' " *Martinez*, 943 F.3d at 1271 (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011)). To succeed on a state-created danger claim, a plaintiff must show, inter alia, "the [defendant's] affirmative actions created or exposed [the plaintiff] to an actual, particularized danger that [the plaintiff] would not otherwise have faced" and the danger resulted in a foreseeable injury to the plaintiff. *See id*. (citing *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018)). Whether the defendant created a new danger or enhanced an existing one is not material; the focus is on whether there was "state action [versus] inaction in placing an individual at risk." *See Hernandez*, 897 F.3d at 1134-35 (quoting *Penilla v. City*

*of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997)); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1063 n.4 (9th Cir. 2006).

Thus, Plaintiffs' state-created danger claim fails because they have not alleged anything but general quality of life or general economic harms, and they have not alleged any affirmative acts by a City employee or agent.

First, the term "danger," within the meaning of the state-created danger doctrine, has not been extended to include risks of lack of clean, safe, and accessible public spaces or other purely economic harms. Nor is it clear it includes harms allegedly suffered by corporate entities. In fact, the Ninth Circuit has only recognized under the claim for state-created danger doctrine in cases where an individual died or suffered serious bodily harm. *See, e.g.*, *Hernandez,* 897 F.3d at 1129-30 (physical beatings at hands of unruly protestors); *Henry A. v. Willden*, 678 F.3d 991, 997 (9th Cir. 2012) (significant medical complications and abuse to foster children); *Kennedy*, 439 F.3d at 1058, 1061-67 (shooting death and significant injuries); *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086-88 (9th Cir. 2000) (death from hypothermia); *Penilla*, 115 F.3d at 709-10 (death from respiratory failure); *L.W. v. Grubbs*, 974 F.2d 119, 120-23 (9th Cir. 1992) (rape and assault by inmate); *Wood v. Ostrander*, 879 F.2d 583, 587-96 (9th Cir. 1989) (rape). It is also doubtful the Supreme Court in *DeShaney* intended to allow liability based on economic harms or harms that did not include a bodily injury. *DeShaney*, 489 U.S. at 192; *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (noting that the Court "ha[s] always been reluctant to expand the concept of substantive due process") (quoting C*ollins v. City of Harker Heights*, 503 U.S. 115, 125, (1992)). Here, the Individual Plaintiffs do not allege a serious physical injury, let alone grievous bodily harm, and the corporate plaintiffs only allege economic injuries. Such allegations are insufficient to support s state-created danger claim.

Second, there must be "affirmative conduct on the part of the state in placing the plaintiff in danger" and the state must act "with 'deliberate indifference' to a 'known or obvious danger.' " *Patel*, 648 F.3d at 974 (citation omitted). In evaluating this question, courts must consider "(1) whether any affirmative actions of the official placed the individual in danger he otherwise would not have faced; (2) whether the danger was known or obvious; and (3) whether the officer acted with deliberate indifference to that danger." *Henry*, 678 F.3d at 1002.

Here, Plaintiffs allege *inaction* by City employees, not affirmative acts. District Courts and the Ninth Circuit have held inaction by a public employee is insufficient to support a state-created danger cause of action. *See*, *e.g.*, *Lamberth v. Clark Cnty. Sch. Dist.*, No. 2:14-CV-02044-APG, 2015 WL 4760696, at *5 (D. Nev. Aug. 12, 2015), aff'd, 698 F. App'x 387 (9th Cir. 2017). In affirming the District Court, the Ninth Circuit held that inaction is not wrongful affirmative conduct. *Lamberth*, 698 F. App'x at 388. Moreover, the Ninth Circuit noted the defendants by their inaction had not taken any affirmative steps to expose the victim to dangers she had not already faced. *Id*. Finally, the Ninth Circuit noted plaintiffs' attempts to portray the defendants' alleged omissions as intentional decisions did not turn those omissions into affirmative exercises of the government's power. *Id.* at 388-89 (citing *DeShaney*, 489 U.S. at 196-97). In *Majors v. City of Oakland*, No. C 05-00061 CRB, 2005 WL 2216955, at *4 (N.D. Cal. July 25, 2005), the Northern District of California held allegations of refusal by police to intervene in a dispute and physical altercation in a church were insufficient to allege a state-created danger cause of action.

The Eastern District of California reached the same conclusion on an identical state-created danger substantive due process cause of action. *R.R. 1900, LLC*, 604 F. Supp. 3d at 975–77.

Accordingly, the Court should dismiss Plaintiffs' eighth cause of action without leave to amend. *See Cato*, 70 F.3d at 1106.

E.      **Plaintiffs Have Not Stated A *Monell* Claim.**

The City is not directly liable under Section 1983 for constitutional violations. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). A municipality may be liable under Section 1983 only under three possible theories. First, a local government may be liable if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Monell*, 436 U.S. at 694. Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Third, a local government may be held liable if "the individual who committed

the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013) (internal quotation marks and citation omitted).

A necessary condition to a *Monell* claim is that Plaintiffs must demonstrate that they suffered a violation of their constitutional rights. *See, e.g.*, *Munger*, 227 F.3d at 1087 ("To hold a [ ] department liable for the actions of its officers, the [plaintiffs] must demonstrate a constitutional deprivation[.]"). But because Plaintiffs have failed to plead an actionable constitutional violation against the City as noted in Section II.A. above, their *Monell* claim also fails. *See id*.

In any event, Plaintiffs have not stated a viable *Monell* claim. While Plaintiffs have not stated which *Monell* theory they are pursuing, the City assumes Plaintiffs are proceeding under the first test—execution of an official policy. *See, e.g.*, ECF No. 1, ¶¶ 10, 16, 18.

To state a claim under either the theory of an official policy or a pervasive practice or custom, a plaintiff must allege the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) [quoting *Monell*, 436 U.S. at 694] (alteration in original). "A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official 'to take any remedial steps after [constitutional] violations.'" *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) [quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991)]. ). "A municipality may not, however, be sued under a respondeat superior theory." *Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019). Plaintiff must allege "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 415 (1997) (original emphasis). "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Id*. (original emphasis). Thus, a governmental entity, like the City, can only be liable under Section 1983 if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (2011) (citing *Monell*, 436 U.S. at 694). Moreover, the allegations of the policy "must contain sufficient allegations of underlying facts to give fair notice and

1  to enable the opposing party to defend itself effectively." *See*, *e.g.*, *AE ex rel. Hernandez v. Cnty. of*

2  *Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

3       Here, Plaintiffs concede the City does not have a formal policy. ECF No. 1, ¶ 8 ("plaintiffs are

4  currently unaware of any writing that formally codifies the City's containment zone policy"). Instead,

5  Plaintiffs allege "for years the City has allowed individuals to openly buy and use narcotics in the

6  Tenderloin, and to remain, under the obvious influence of drugs." *Id*. Such allegations lack detail

7  about specific events or individuals, which is required to state a *Monell* claim. *See*, *e.g.*, *AE ex rel.*

8  *Hernandez*, 666 F.3d at 637. Moreover, alleging that the City "allowed" something to happen does not

9  allege a "deliberate policy, custom or practice." *See id*. at 636. Similarly, without knowing how the

10  City allegedly "allowed" things to happen and who allegedly allowed them to happen, the City cannot

11  know if the alleged action or inaction was the "moving force behind [the alleged] violation of

12  constitutional rights." *See Dougherty*, 654 F.3d at p. 900.

13       Accordingly, the Court should dismiss Plaintiffs' sixth, seventh, and eighth causes of action

14  without leave to amend. *See Cato*, 70 F.3d at 1106.

15       **F.**     **Plaintiffs Have Not Alleged Conduct Within The Statute of Limitations.**

16       Plaintiffs' federal due process and equal protection claims (sixth, seventh, and eighth causes of

17  action) are subject to a two-year statute of limitations. *See Maldonado v. Harris*, 370 F.3d 945, 954

18  (9th Cir. 2004). Thus, Plaintiffs' federal due process and equal protection claims are limited to conduct

19  since March 14, 2022. As noted above, Plaintiffs make vivid allegations about the conditions in the

20  Tenderloin, but fail to give a specific dates for any of the conduct alleged. Therefore, the City cannot

21  tell whether any of the conditions Plaintiffs experienced occurred since March 14, 2022, or are barred.

22  If the Court grants Plaintiffs leave to amend on their sixth, seventh, and eighth causes of action, the

23  Court should require them to state all facts and dates that support their claims, including the dates of

24  any alleged conduct.

25       **G.**     **Plaintiffs' Claims Under The Fifth Amendment Fail.**

26       Plaintiffs' federal due process and equal protection claims (sixth and seventh causes of action)

27  state they are predicated on the 5th and 14th Amendments. ECF No. 1, ¶¶ 108-114. "The Due Process

28  Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of

the federal government—not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citation omitted); *see also Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). The City is not a federal actor. Accordingly, the court should dismiss Plaintiffs' federal due process and equal protection claims (sixth, seventh, and eighth causes of action) to the extent they are premised on the 5th Amendment without leave to amend. *See Cato*, 70 F.3d at 1106.

### H.   Plaintiffs Have Not Stated Viable Claims Under The ADA Or Section 504.
#### 1.   Plaintiffs Have Not Stated An ADA Claim.

Mary alleges she "is a senior citizen and the mother of grown children" and she has "pulmonary and spinal conditions that make it difficult for her to walk." ECF No. 1, ¶ 42. Mary also alleges "[c]rowds of drug dealers and users block the sidewalks around [her]apartment building," and "[e]ncampments, stolen goods for sale, carts, disassembled bicycles, and other bulky items also obstruct passage." ECF No. 1, ¶ 43. Susan alleges she is elderly and disabled. ECF No. 1, ¶ 38. Susan also alleges "[t]he sidewalks and public spaces in [her] neighborhood are impassable and inaccessible to her," and "[e]ncampments and bulky items, such as duffle bags, shopping carts and disassembled bicycles, obstruct the sidewalks." ECF No. 1, ¶ 39.

Mary and Susan allege in the first cause of action, "[t]hroughout the Tenderloin, the City fails to uphold its obligations to maintain clear and accessible sidewalks and public rights-of-way for its disabled residents and visitors, resulting in regular violations of the Americans with Disabilities Act. ECF No. 1, ¶ 85. Such vague allegations are insufficient to state an ADA claim or to establish Mary or Susan have standing to pursue an ADA claim.

In *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939 (9th Cir. 2011) (en banc), the Ninth Circuit held an ADA plaintiff failed to adequately allege standing because "he never alleges what those barriers were and how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Id*. at 954. The Ninth Circuit noted in *Chapman*, a "list of alleged CBC and ADAAG violations cannot substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact. Chapman does not even attempt to relate the alleged violations to his disability." *Id*. at 954-55. In *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021), the Ninth Circuit upheld the dismissal for failure to state a

claim of an ADA lawsuit premised on vague allegations. *Whitaker*, 985 F.3d at 1174–75. The Ninth Circuit affirmed the finding that plaintiff had pled legal conclusions, not well-pled facts. *Whitaker*, 985 F.3d at 1177.

These holdings apply to Mary' and Susan's vague allegations. Moreover, Mary and Susan cannot rely on discovery or site inspections to cure these basic pleading deficiencies or flesh out their allegations. The Ninth Circuit rejected this argument and stated "the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading." *Whitaker*, 985 F.3d at 1177. Accordingly, the Court should dismiss Plaintiffs' ADA claim (first cause of action).

Mary and Susan also allege the City is required to maintain sidewalks in an accessible condition. ECF No. 1, ¶ 86, n.19, citing 28 C.F.R. § 35.150(a). Mary and Susan also allege "[t]he City is obligated to operate the 'service, program, or activity' 'so that..., when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities.' Yet when 'viewed in its entirety' public rights-of-way are not provided by the City to be 'readily accessible to and useable' by individuals bound to wheelchairs and assistive walking devices." ECF No. 1,¶ 86, n.19, citing 28 C.F.R. § 35.150(a). Importantly, "[u]nder Title II of the ADA, the standard for compliance is 'program access,' that is, when viewed in its entirety, the city's [programs, services and activities] must be 'readily accessible to and useable by individuals with disabilities.'" *Carter v. City of Los Angeles*, 224 Cal. App. 4th 808, 821 (2014) (citation omitted); *accord Daubert v. Lindsay Unified School Dist.*, 760 F.3d 982, 986 (9th Cir. 2014). ADA regulations authorize a public entity to enlist a number of alternative methods to satisfy its program access obligations. 28 C.F.R. § 35.150(b)(1). Thus, program access does not require each particular facility through which a program is offered be fully accessible. *See Daubert*, 760 F.3d at 987. The Northern District and the Ninth Circuit have approved of San Francisco's program access approach to sidewalks and walkways. *See Kirola v. City & Cnty. of San Francisco*, 74 F. Supp. 3d 1187, 1250-51 (N.D. Cal. 2014), aff'd in part, rev'd in part, 860 F.3d 1164, 1182-84 (9th Cir. 2017).

Finally, Mary and Susan allege that the City has "failed to and continue[s] to fail to provide reasonable accommodations for disabled persons using public sidewalks in the Tenderloin." ECF No.

1, ¶ 85. But Mary and Susan failed to allege they requested a reasonable modification[2] regarding the

public sidewalks in the Tenderloin, which is fatal to their claim. Plaintiffs have the burden of

establishing an ADA violation, which includes alleging they have requested a reasonable modification

and is was denied by the public entity. *See*, *e.g.*, *Memmer v. Marin Cnty. Cts.*, 169 F.3d 630, 633 (9th

Cir. 1999); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997).

### 2.      Plaintiffs Have Not Stated A Section 504 Claim.

Mary and Susan allege in the second cause of action, the "City is a recipient of federal

financial assistance and therefore subject to Section 504." ECF No. 1, ¶ 92. This allegation is

insufficient to allege a Section 504 claim. In order to state a Rehabilitation Act of 1973 claim Mary

and Susan must allege that the specific City department that has jurisdiction over the alleged conduct

in the Complaint received federal financial assistance that requires compliance with Section 504. *See*,

*e.g.*, *Arbogast v. Kansas Dep't of Labor*, 789 F.3d 1174, 1184 (10th Cir. 2015); *Koslow v,*

*Pennsylvania*, 302 F.3d 161, 171 (3rd Cir. 2002); *Thomlison v. City of Omaha*, 63 F.3d 786, 789 (8th

Cir. 1995); *Schroeder v. City of Chicago*, 927 F.2d 957, 962 (7th Cir. 1991). The Ninth Circuit has

held "[t]he term 'program or activity' in section 504, moreover, does not encompass all the activities

of the State. Instead, *it only covers all the activities of the department or the agency receiving federal*

*funds*." *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002) (emphasis added).

On the merits, Mary's and Susan's Section 504 claim fails for the same reason their ADA

claim fails as described above in Section II.H.1. *See*, *e.g.*, *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7

(9th Cir.2002) ("there is no significant difference in the analysis of rights and obligations created by

[Section 504 and the ADA].' ").

Accordingly, the Court should dismiss Plaintiffs' Section 504 claim (second cause of action).

---

[2] "Although Title II of the ADA uses the term 'reasonable modification,' rather than 'reasonable accommodation,' these terms create identical standards" and may be used interchangeably. *McGary v. City of Portland*, 386 F.3d 1259, 1266 n.3 (9th Cir. 2004). The City uses "reasonable modification" consistent with Title II of the ADA, which applies to Mary's and Susan's allegations.

### 3. Plaintiffs Have Not Alleged ADA and Section 504 Violations Within The Applicable Statute of Limitations.

Mary's and Susan's ADA and Section 504 claims are likely subject to a three-year statute of limitations. *See Sharkey v. O'Neal*, 778 F.3d 767, 773 (9th Cir. 2015).[3] Thus, Mary's and Susan's ADA and Section 504 claims are likely limited to conduct since March 14, 2021. As noted above, Mary and Susan fail to give a specific dates for any of the alleged disability access violations. If the Court grants Plaintiffs leave to amend on their first (ADA) and second (Section 504) causes of action, the Court should require them to state all facts and dates that support their claims.

## III. PLAINTIFFS' STATE LAW CAUSES OF ACTION FAIL AS A MATTER OF LAW
### A. Plaintiffs' State Constitutional Claim Fails As A Matter Of Law.

Plaintiffs allege the City deprives them of their rights under the California Constitution, Article I, § 1. Specifically, Plaintiffs allege "[t]he actions by the City have limited, damaged, and/or burdened plaintiffs' constitutionally guaranteed inalienable rights, including plaintiffs' rights to enjoy and defend their life and liberty; to acquire, possess, and protect their property; and to pursue and obtain safety, happiness, and privacy." ECF No. 1 ¶ 126.

California Constitution, Article I, § 1 provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

Although Article I, § 1 is self-executing and supports a cause of action for an injunction, it does not impose a mandatory duty on a public entity to protect citizens. *See*, *e.g.*, *Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 314, n.15 (2002); *Clausing v. S.F. Unified Sch. Dist.*, 221 Cal. App. 3d 1224, 1238 (1990). In *Katzberg*, the California Supreme Court noted, "[n]o case ever has held that this provision enunciating the inalienable right to obtain safety and happiness is self-executing in the sense that it gives rise, in and of itself, to … an affirmative duty on the part of the state to take particular steps to guarantee the enjoyment of safety or happiness by all citizens." *Katzberg*, 29 Cal. 4th at 315, n.15; *see also Leger v. Stockton Unified Sch. Dist.*, 202 Cal. App. 3d 1448, 1454 (1988). Thus, Plaintiffs' claim can only be premised on affirmative acts that the City has committed that

---

[3] Should this claim survive, the parties can litigate the appropriate statute of limitations.

interfered with their rights to pursue and obtain safety, happiness, and privacy; it cannot be premised on the City failing to take actions to protect their rights under Article I, § 1. As noted above, the conditions that Plaintiffs allege violate Article I, § 1 are the City's purported inaction and alleged de facto policy to allow drug dealers to sell narcotics and to allow individual to use drugs on the streets. ECF No. 1, ¶ 8. But Article I, § 1 does not impose a duty on the City to address those concerns or conditions. *See Katzberg*, 29 Cal. 4th at 315, n.15.

Finally, corporations do not enjoy any of the rights set forth in Article 1. *Roberts v. Gulf Oil Corp.,* 147 Cal. App. 3d 770, 791 (1983) ["The constitutional provision simply does not apply to corporations."]. Thus, the Phoenix Hotel Plaintiffs and the Best Western Plaintiff cannot state a claim under Article I, § 1.

Accordingly, the Court should dismiss Plaintiffs' claim under California Constitution, Article I, § 1 (tenth cause of action) without leave to amend. *See Cato*, 70 F.3d at 1106.

### B.      Plaintiffs' Claims Under The Disabled Persons Act Fails.

Mary and Susan do not allege any details or facts supporting their California Disabled Persons Act (California Civil Code sections 54 et seq.) ("DPA"). claim. ECF No. 1, ¶¶ 94-96. Instead, they simply quote California Civil Code section 54(a) and a portion of section 54.1(a)(1). ECF No. 1, ¶ 95.

Mary's and Susan's DPA claim also fails for the same reason their ADA claim fails. *See* Section II.H.1. Both the California Supreme Court and federal district courts in California have held the DPA overlaps substantially with the ADA. *See, e.g.*, *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 675 (2009); *Wander v. Kaus*, 304 F.3d 856, 857-58 (9th Cir. 2002); *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1074 (N.D. Cal. 2014). And while courts have recognized the DPA (and other California statutes) provide additional protections beyond the ADA (*see, e.g.*, *Jankey v. Song Koo Lee*, 55 Cal.4th 1038, 1051 (2012); *Rodriguez*, 10 F. Supp. 3d at 1074), Mary and Susan failed to allege how the City violated the DPA beyond the alleged ADA violations.

Further, because Mary and Susan have not alleged any specific incidents or dates, the City cannot know whether any their claims fall within the applicable statute of limitations.[4] If the Court

---

[4] Courts are divided on the statute of limitations for such claims. *See, e.g.*, *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 760-61 (2002) (two years); *Kramer v. Regents of Univ. of Cal.*, 81 F.

1   grants Plaintiffs leave to amend on their DPA causes of action, the Court should require them to state

2   all facts and dates that support their claims.

3       Accordingly, the Court should dismiss Plaintiff's DPA claim (third cause of action).

4       **C.      Plaintiffs' Public Nuisance Cause of Action Fails.**

5       Plaintiffs' public nuisance claim (fourth cause of action) is premised on the City's "failure to

6   maintain the public property under its control and to enforce the laws requiring the same," which

7   Plaintiffs contend "is perpetuating and facilitating a public nuisance." ECF No. 1, ¶ 100. Plaintiffs'

8   allegations are insufficient to state a public nuisance cause of action.

9       Where plaintiffs only allege harm that is experienced by the general public, they fail to state a

10  public nuisance cause of action: A private party can maintain an action based on a public nuisance "if

11  it is specially injurious to himself, but not otherwise." (Cal. Civ. Code § 3493) Thus, *the damage*

12  *suffered must be different in kind and not merely in degree from that suffered by other members of the*

13  *public*. *Koll-Irvine Ctr. Prop. Owners Assn. v. Cnty. of Orange,* 24 Cal. App. 4th 1036, 1040 (1994)

14  (emphasis added). Here, Plaintiffs concede the conditions in the Tenderloin are experienced by

15  "residents, local business and visitors." ECF No. 1, ¶ 14. Plaintiffs also acknowledge "the City-owned

16  public walkways and spaces in the Tenderloin are dangerous, unsanitary and no longer open and

17  accessible to plaintiffs *and other members of the public*" and are not unique to Plaintiffs.  ECF No. 1, ¶

18  19 (emphasis added). Moreover, Plaintiffs affirmatively allege "[t]he consequences of the containment

19  zone policy *to the residents of and stakeholders in the Tenderloin* have been devastating and constitute

20  a violation of their dignity and fundamental civil rights." *Id*. (emphasis added). Because Plaintiffs have

21  alleged the harm the experienced is identical to the alleged harm caused to the general public, they

22  failed to state a public nuisance cause of action and their claim should be dismissed with prejudice.

23  *See Koll-Irvine Ctr. Prop. Owners Assn.*, 24 Cal. App. 4th at 1040-41.

24      Moreover, to state a nuisance cause of action a plaintiff must establish the defendant had a duty

25  to act. *In re Firearm Cases*, 126 Cal. App. 4th 959, 988 (2005). "The conduct necessary to make the

26  actor liable for either a public or a private nuisance may consist of (a) an act; or (b) *a failure to act*

27

28  Supp. 2d 972, 978 (N.D. Cal. 1999) (three years). Should this claim survive, the parties can litigate the
    appropriate statute of limitations.

*under circumstances in which the actor is under a duty to take positive action to prevent or abate the interference with the public interest or the invasion of the private interest.*" *Id.* at 988 (citation omitted). Thus, "liability for nuisance does not hinge on whether the defendant owns, possesses or controls the property, nor on whether he is in a position to abate the nuisance; *the critical question is whether the defendant created or assisted in the creation of the nuisance.*" *People v. ConAgra Grocery Prod. Co.*, 17 Cal. App. 5th 51, 109 (2017) (citation omitted).

Here, Plaintiffs do not allege the City created the allege public nuisance; nor do Plaintiffs allege the City had a mandatory duty with respect to any of the conduct alleged in the Complaint. Plaintiffs' public nuisance action therefore fails. *See In re Firearm Cases*, 126 Cal. App. 4th at 988.

Finally, Plaintiffs' public nuisance claim is subject to a three-year statute of limitations and limited to conduct since March 14, 2021. *See Mangini v. Aerojet-Gen. Corp.*, 230 Cal. App. 3d 1125, 1144 (1991). Plaintiffs do not give specific dates for any of their allegations. Thus, the City cannot tell whether any of the conditions Plaintiffs allegedly experienced occurred since March 14, 2021, or are barred. If the Court grants Plaintiffs leave to amend this cause of action, the Court should require them to state all facts and dates that support their claim.

### D.    Plaintiffs' Private Nuisance Cause of Action Fails.

Plaintiffs' private nuisance claim (fifth cause of action) is premised on the following:

> The City's actions and inactions have created conditions or permitted conditions to exist that are harmful to the health, are indecent and offensive to the senses, obstruct the free passage and use of public parks, squares, streets, highway, and sidewalks, permit unlawful sales and consumption of illicit narcotics, illegal street vending, and constitute a fire hazard, ….

ECF No. 1, ¶ 105. Plaintiffs' allegations are insufficient to state a private nuisance cause of action.

To allege a private nuisance cause of action, a plaintiff must allege a disturbance in their property rights (that is, property rights in private land, not public land). *Koll-Irvine Ctr. Prop. Owners Assn.*, 24 Cal. App. 4th at 1041–42. As noted above, Plaintiffs allege the conditions they claim establish a private nuisance are things that "obstruct the free passage and use of public parks, squares, streets, highway, and sidewalks, permit unlawful sales and consumption of illicit narcotics, illegal street vending, and constitute a fire hazard." ECF No. 1, ¶ 105. Thus, Plaintiffs do not allege in

interference with their property rights. Accordingly, the Court should dismiss Plaintiffs' fifth cause of action without leave to amend. *See Koll-Irvine Ctr. Prop. Owners Assn.*, 24 Cal. App. 4th at 1041–42.

As noted above, Plaintiffs do not allege the City created the allege private nuisance; nor do Plaintiffs allege the City had a mandatory duty with respect to any of the conduct alleged in the Complaint. Without a citation to a mandatory duty, Plaintiffs' private nuisance action fails. *See In re Firearm Cases*, 126 Cal. App. 4th at 988.

Finally, Plaintiffs' private nuisance claim is subject to a three-year statute of limitations and is thus limited to conduct since March 14, 2021. *See Bd. of Trustees of Leland Stanford Junior Univ. v. Agilent Techs*., Inc., 628 F. Supp. 3d 972, 975 (N.D. Cal. 2022). Plaintiffs do not give specific dates for any of their allegations. The City cannot tell whether any of the conditions Plaintiffs experienced occurred since March 14, 2021, or are barred. If the Court grants Plaintiffs leave to amend their this cause of action, the Court should require them to state all facts and dates supporting their claim.

### E.    Plaintiffs Negligence Cause of Action Fails.

Plaintiffs' negligence claim (ninth cause of action) is premised on the following allegations: "the City has the duty to maintain these areas in a manner that does not unreasonably interfere with the free passage or use by plaintiffs and that addresses and alleviates conditions that are harmful to health or indecent or offensive to the senses, that create a fire hazard, or that permit crime to occur unabated including the illegal sale narcotics." ECF No. 1, ¶ 120.

In California, all common law and judicially declared forms of liability for public entities are abolished. Cal. Gov. Code § 815 et seq.; *see also Quigley v. Garden Valley Fire Prot. Dist.,* 7 Cal. 5th at 798, 803 (2019). A public entity, like the City, is immune from and not liable for any injury, except as specifically provided by statute. *See* Cal. Gov. Code § 815(a). Thus, there is no such thing as common law tort liability for public entities. *See*, e.g., *Quigley*, 7 Cal. 5th at 803; *Doe v. Los Angeles Cnty. Dep't of Child. & Fam. Servs.*, 37 Cal. App. 5th 675, 686, (2019) ("a common law negligence claim may not be asserted against the County").

To the extent Plaintiffs rely on California Civil Code section 1714 for their negligence cause of action, their theory fails. Civil Code section 1714 provides the "the basic rule of negligence." *Li v. Yellow Cab Co.*,13 Cal.3d 804, 821 (1975). The California Supreme Court held it was error for the

Court of Appeal to apply Section 1714 "to extend the liability of a public entity." *Zelig v. Cnty. of Los Angeles*, 27 Cal.4th 1112, 1132 (2002), *see also Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal.4th 1175, 1180 (2003) ("section 1714 is an insufficient statutory basis for imposing direct liability on public agencies"). Plaintiffs' negligence claim should be dismissed without leave to amend.

Plaintiffs negligence claim is subject to a two-year statute of limitations, and is therefore limited to conduct since March 14, 2022. *See So v. Shin*, 212 Cal. App. 4th 652, 662, (2013). Plaintiffs do not give specific dates for any of their allegations. Therefore, the City cannot tell whether any of the conditions Plaintiffs experienced occurred since March 14, 2022, or are barred. If the Court grants Plaintiffs leave to amend on their ninth cause of action, the Court should require them to state all facts and dates that support their claims.

### F.   The City Is Immune From Liability For All Plaintiffs' Statutory Claims.

#### 1.   The City is immune pursuant to the Emergency Services Act.

Government Code section 8655 (which is part of the California Emergency Services Act) provides:

> The state or its political subdivisions shall not be liable for any claim based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a state or local agency or any employee of the state or its political subdivisions in carrying out the provisions of this chapter.

Cal. Gov Code § 8655.

> In *Labadie v. State of California*, 208 Cal. App. 3d 1366, 1369 (1989), the court noted "The purpose of the statute is obvious. In those cases where the state must take the steps necessary to quell an emergency, it must be able to act with speed and confidence without fear of incurring tort liability. [Citation.]" ([*Farmers Ins. Exchange v. State of California*] 175 Cal.App.3d 494, 505 (1985).) …. As a result, the immunity granted under this section is significantly broader than that provided in Government Code section 820.2, and is specifically extended to encompass not only the "discretionary" act but also the "performance of" or "failure to perform" that act..

On February 25, 2020, Mayor London Breed proclaimed a local emergency due to COVID-19.[5] The Mayor's proclamation required, among other things, "[a]ll City and County officers and employees take all steps requested by the Director of Public Health to prevent the spread of COVID-19 and to prevent or alleviate illness or death due to the virus." On March 4, 2020, Governor Gavin

---

[5] *See* Exhibit A to the City's Request for Judicial Notice ("RJN").

Newsom proclaimed of a state emergency related to COVID-19.[6] The Mayor's proclamation expired on June 30, 2023.[7] Governor Newsom's proclamation expired February 28, 2023.[8]

On December 17, 2021, Mayor Breed proclaimed a local emergency to address the drug overdoses in the Tenderloin.[9] In her proclamation, Mayor Breed found, among other things, "[t]he rapidly deteriorating conditions in the Tenderloin caused by the opioid crisis put the lives of San Franciscans at serious risk, and the City must take action beyond the City's ordinary response capabilities, including re-appropriating resources to address the crisis, directing personnel from City departments to assist with the response, implementing crisis response sites for individuals to obtain medical help and services, and quickly procuring goods and services to address the crisis." Mayor Breed's Tenderloin proclamation expired on June 30, 2024.[10]

Because Mayor Breed's COVID-19 and Tenderloin proclamation were issued under the authority in California's Emergency Services Act, Section 8655's immunity blocks all of Plaintiffs' state law claims February 25, 2020, through June 30, 2023, to the extent they are based on actions or inactions related to the two emergencies.

### 2.     The City is immune for any failure to enforce laws.

California Government Code section 818.2 states: "*A public entity is not liable for an injury caused* by adopting or failing to adopt an enactment or *by failing to enforce any law*." Cal. Gov Code § 818.2 (emphasis added). The companion section, Government Code section 821 ("A public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or *by his failure to enforce an enactment*."), extends the same immunity to the public employee. *See*, *e.g.*, *Guzman v. Cnty. of Monterey*, 178 Cal. App. 4th 983, 996 (2009) This immunity is intended to shield discretionary decisions to enforce laws: "This section recognizes that the wisdom of legislative or quasi-legislative action, and the discretion of law enforcement officers in carrying out their duties,

---

[6] *See* Exhibit B to the City's RJN.

[7] *See* Exhibits C and D to the City's RJN.

[8] *See* Exhibit E to the City's RJN.

[9] *See* Exhibit F to the City's RJN.

[10] *See* Exhibits G, H, I, and J to the City's RJN.

should not be subject to review in tort suits for damages if political responsibility or these decisions is to be retained." *Id.* at p. 996 (quoting Cal. Law Revision Com. com. to Gov. Code, § 818.2; *see also Nunn v. State of California*, 35 Cal.3d 616, 622 (1984) (the immunity under section 818.2 attaches only to discretionary functions). These immunity provisions bar Plaintiffs' state law claims (Disabled Persons Act and negligence) against the City arising out of the alleged failure to enforce laws or regulations. *See*, *e.g.*, *Sutton v. Golden Gate Bridge, Highway & Transp. Dist.*, 68 Cal. App. 4th 1149, 1165, (1998) (public entity not liable for failing to prohibit lane changing or enforcing speed limits).

As noted above, Plaintiffs' state law claims are premised on the City's failure to enforce laws in the Tenderloin and the failure to maintain the public property under its control. Such allegations, cannot overcome the statutory immunities set forth in Sections 818.2 and 821.

### 3.    The City cannot be held liable for any lawful conduct.

California Civil Code section 3482 provides, "[n]othing which is done or maintained under the express authority of a statute can be deemed a nuisance." Cal. Civ. Code § 3482. California courts have held Section 3482 "confers a statutory immunity that is a complete defense to a nuisance claim." *City of Norwalk v. City of Cerritos*, 99 Cal. App. 5th 977, 986 (2024).

It is unclear exactly what Plaintiffs allege is the basis of their nuisance causes of action. Their public nuisance claim is premised on the City's failure to enforce law. ECF No. 1, ¶ 100. Their private nuisance claim is premised on the City's "actions and inactions." ECF No. 1, ¶ 105. But Plaintiffs fail to identify any specific action or inaction on the part of the City that resulted in the creation or maintenance of a public or private nuisance. Without such allegations, the City cannot know if the alleged conduct is being conducted under express statutory authority.

For example, Plaintiffs complain the City and other organizations "going so far as to deliver drug kits to their sidewalk encampments." ECF No. 1, ¶ 10. In 2018, the California Legislature expressly permitted local and community agencies to provide[11] "any materials deemed by a local or state health department to be necessary to prevent the spread of communicable diseases, or to prevent drug overdose, injury, or disability." Thus, to extent "drug kits" contain material designated by the

---

[11] *See* Exhibits K and L to the City's RJN.

California Department of Public Health, such conduct is authorized and cannot form the basis of a nuisance cause of action. *See City of Norwalk*, 99 Cal. App. 5th at 986.

## IV.   PLAINTIFFS' CLAIMS ARE BARRED BY SEPARATION OF POWERS

A governmental entity's decision to enforce laws that are within its authority is a matter of prosecutorial discretion. The principle of prosecutorial discretion is "rooted in the separation of powers and due process clauses of our Constitution . . . ." *Gananian v. Wagstaffe*, 199 Cal. App. 4th 1532, 1543 (2011). Prosecutorial discretion "arises from the complex considerations necessary for the effective and efficient administration of law enforcement." *Id.* (internal quotations omitted). "The prosecution's authority in this regarded *is founded, among other things on the principle of separation of powers*, and generally is not subject to supervision by the judicial branch." *Id.* (internal quotations omitted; emphasis in original). As noted above, Plaintiffs' Complaint is premised on the City's inaction (that is, failure to enforce laws) or the City's policy and fiscal choices, which Plaintiffs allege created or exacerbated the conditions and problems in the Tenderloin. Under the separation of powers doctrine, this Court cannot compel the City to enforce any law or enact any legislative or policy initiatives.

## V.   DISCOVERY SHOULD BE STAYED PENDING AN ADEQUATE COMPLAINT

The Court has "wide discretion in controlling discovery," including its timing. *In re Google Digital Adver. Antitrust Litig.*, Case. No. 20-cv-03556, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (holding a district court has "wide discretion in controlling discovery"). Plaintiffs' Complaint falls well short of the necessary pleading standard and engaging in far ranging discovery into inadequate claims is wasteful and expensive. *See State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997).

Therefore, the City requests the Court stay discovery until either the City answers an amended complaint or the Court finds an amended complaint states a claim against the City. *See United States v. Safran Group, S.A.*, Case No. 15-cv-00746, 2017 WL 1862508, at *3 (N.D. Cal. May 9, 2017).

**CONCLUSION**

For the foregoing reasons, the City respectfully requests the Court grant the City's motion and dismiss Plaintiff's Complaint.

Dated:  May 3, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WAYNE SNODGRASS
TARA M. STEELEY
THOMAS S. LAKRITZ
JOHN H. GEORGE
KAITLYN M. MURPHY
Deputy City Attorneys


By: */s/ Thomas S. Lakritz*
    THOMAS S. LAKRITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO