DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
TARA M. STEELEY, State Bar #231775
THOMAS S. LAKRITZ, State Bar #161234
JOHN H. GEORGE, State Bar #292332
KAITLYN M. MURPHY, State Bar #293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4655 (Steeley)
               (145) 554-4628 (Lakritz)
               (415) 554-4223 (George)
               (415) 554-6762 (Murphy)
Facsimile:     (415) 554-4699
E-Mail:        tara.steeley@sfcityatty.org
               tom.lakritz@sfcityatty.org
               john.george@sfcityatty.org
               kaitlyn.murphy@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>　　　Plaintiffs,<br><br>　　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>　　　Defendant. | Case No. 4:24-cv-01562-JST<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]<br><br>Hearing Date:　July 18, 2024<br>Time:　2:00 p.m.<br>Place:　Oakland Courthouse, Courtroom 6 – 2nd Floor 1301 Clay Street, Oakland, CA 94612<br><br>Trial Date:　None set |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.      PLAINTIFFS' FEDERAL CONSTITUTIONAL CLAIMS FAIL ........................ 2

          A.      Plaintiffs Lack Article III Standing (Claims Six, Seven, and Eight) ........... 2

          B.      Plaintiffs Have Not Stated A Due Process Clause Claim (Claim Six) ........ 2

          C.      Plaintiffs Have Not Stated An Equal Protection Claim (Claim Seven) ....... 3

          D.      Plaintiffs Have Not Stated A State-Created Danger Claim (Claim Eight) .. 4

          E.      Plaintiffs' Fifth Amendment Claims Fail As Matter Of Law (Claims Six, Seven, and Eight) ........................................................................................... 6

          F.      Plaintiffs Have Not Stated A *Monell* Claim ................................................ 6

    II.      PLAINTIFFS' FEDERAL STATUTORY CLAIMS FAIL .................................. 6

          A.      Plaintiffs Have Not Stated An ADA Claim (Claim One) ............................ 6

          B.      Plaintiffs Have Not State A Section 504 Claim (Claim Two) .................... 8

    III.    PLAINTIFFS STATE CONSTITUTIONAL CLAIM FAILS AS A MATTER OF LAW (Tenth Claim) ................................................................................ 9

    IV.    PLAINTIFFS' STATE STATUTORY CLAIMS FAIL AS A MATTER OF LAW .................................................................................................................. 9

          A.      Plaintiffs' Claims Under The Disabled Persons Act Fails (Third Claim) ... 9

          B.      Plaintiffs' Public Nuisance Claim Fails (Fourth Claim) ........................... 10

          C.      Plaintiffs' Private Nuisance Claim Fails (Fifth Claim) ............................. 11

          D.      Plaintiffs' Negligence Claim Fails (Ninth Claim) .................................... 11

          E.      The City Is Immune From Liability For All Of Plaintiffs' State Statutory Claims (Third, Fourth, Fifth, and Ninth Claims) ....................................... 12

    V.      PLAINTIFFS FAILED TO ALLEGE DATES FOR THEIR ALLEGATIONS ... 13

    VI.    PLAINTIFFS' ACTION IS BARRED BY SEPARATION OF POWERS .......... 14

    VII.   DISCOVERY SHOULD BE STAYED UNTIL THE PLEADINGS ARE SETTLED ....................................................................................................... 14

CONCLUSION ...................................................................................................................... 15

CCSF'S REPLY ISO MTD
CASE NO. 4:24-cv-01562-JST
      i
n:\govlit\li2024\240805\01762503.docx

# TABLE OF AUTHORITIES

**State Cases**

*City of Norwalk v. City of Cerritos*
  99 Cal. App. 5th 977 (2024) ......................................................................................11

*Esparza v. Cnty. of Los Angeles*
  224 Cal. App. 4th 452 (2014) ....................................................................................12

*Katzberg v. Regents of the Univ. of Cal.*
  29 Cal. 4th 300 (2002) ..............................................................................................9

*Koll-Irvine Ctr. Prop. Owners Assn. v. Cnty. of Orange*
  24 Cal. App. 4th 1036 (1994) ............................................................................10, 11

*Labadie v. State of California*
  208 Cal. App. 3d 1366 (1989) ..................................................................................13

*Leger v. Stockton Unified Sch. Dist.*
  202 Cal. App. 3d 1448 (1988) ....................................................................................9

*Lew v. Superior Court*
  20 Cal. App.4th 866 (1993) ......................................................................................10

*Munson v. Del Taco, Inc.*
  46 Cal.4th 661, 675 (2009) ........................................................................................9

*People ex rel. Bradford v. Goddard*
  47 Cal. App. 730 (1920) ..........................................................................................14

*Quigley v. Garden Valley Fire Prot. Dist.*
  7 Cal.5th 798 ............................................................................................................12

*Schooler v. State of California*
  85 Cal. App. 4th 1004 (2000) ..................................................................................12

*Today's IV, Inc. v. Los Angeles Cnty. Metropolitan Transportation Authority*
  83 Cal.App.5th 1137 (2022) ....................................................................................11

**Federal Cases**

*AE ex rel. Hernandez v. Cnty. of Tulare*
  666 F.3d 631 (9th Cir. 2012) ......................................................................................6

*Chapman v. Pier 1 Imports (U.S.) Inc.*
  631 F.3d 939 (9th Cir. 2011) ..................................................................................7, 8

*City of Los Angeles v. Lyons*
  461 U.S. 95 (1983) ....................................................................................................13

*Cohen v. City of Culver City*
  754 F.3d 690, 696 (9th Cir. 2014) ..............................................................................8

*Gonzalez v. Arizona*
677 F.3d 383 (9th Cir. 2012) .................................................................................7

*Hart v. Massanari*
266 F.3d 1155 (9th Cir. 2001) ...............................................................................7

*Henry A. v. Willden*
678 F.3d 991 (9th Cir. 2012) .................................................................................5

*Hood v. City of Sacramento*
2023 WL 6541870 (E.D. Cal. 2023)......................................................................7

*Huffman v. Cnty. of Los Angeles*
147 F.3d 1054, 1058 (9th Cir. 1988) .....................................................................3

*Hunters Capital LLC v. City of Seattle*
499 F. Supp. 3d 888 (W.D. Wash. 2020)...............................................................4

*K.H. Through Murphy v. Morgan*
914 F.2d 846 (7th Cir. 1990) .............................................................................5, 6

*Kirola v. City and Cnty. of San Francisco*
860 F.3d 1164 (9th Cir. 2017) ...........................................................................7, 8

*Lacey v. Maricopa Cnty.*
693 F.3d 896 (9th Cir. 2012) .................................................................................3

*Lamberth v. Clark Cnty. Sch. Dist.*
No. 2:14-CV-02044-APG, 2015 WL 4760696, at *5 (D. Nev. Aug. 12, 2015), aff'd, 698 F. App'x 387 (9th Cir. 2017)...........................................................................................5

*LaShawn A. v. Dixon*
762 F. Supp. 959 (D. D.C. 1991) ..........................................................................5

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001) .................................................................................6

*Madani v. Cnty. of Santa Clara*
No. 16-CV-07026-LHK, 2017 WL 2954643, at *14 (N.D. Cal. July 11, 2017).....................12

*Monell v. Dep't of Soc. Services*
436 U.S. 658 (1978).........................................................................................1, 6

*Moore v. Apple, Inc.*
73 F.Supp.3d 1191 (N.D. Cal. 2014) ...............................................3, 8, 9, 11, 12, 13

*R.R. 1900, LLC v. City of Sacramento*
604 F. Supp. 3d 968 (E.D. Cal. 2022) ...................................................................5

*Rodriguez v. Barrita, Inc.*
10 F. Supp. 3d 1062 (N.D. Cal. 2014) ...................................................................9

*Rosenbaum v. City & Cnty. of San Francisco*
    484 F.3d 1142 (9th Cir. 2007) ................................................................................3

*Shanks v. Dressel*
    540 F.3d 1082 (9th Cir. 2008) ................................................................................3

*United States v. Safran Group, S.A.*
    Case No. 15-cv-00746, 2017 WL 1862508, at *3 (N.D. Cal. May 9, 2017) ...........14

*Wander v. Kaus*
    304 F.3d 856 (9th Cir. 2002) ..................................................................................9

*Whitaker v. Tesla Motors, Inc.*
    985 F.3d 1173 (9th Cir. 2021) ........................................................................6, 7, 8

**State Statutes**
California Civil Code
    § 3482 ....................................................................................................................13

California Government Code
    § 8655 ....................................................................................................................15

California Government Code
    § 814 ......................................................................................................................15

California Government Code
    § 815 ......................................................................................................................14

California Health & Safety Code
    § 121349.1 .............................................................................................................13

Civil Code
    § 1714 ...............................................................................................................2, 14

Health and Safety Code
    § 11570 ..................................................................................................................12

**Federal Statutes**
28 Code of Federal Regulations
    § 35.150(a) ...............................................................................................................8

28 Code of Federal Regulations
    § 35.150(b)(1) ..........................................................................................................8

Americans with Disabilities Act
    Title II .....................................................................................................................7

Americans with Disabilities Act
    Title III ....................................................................................................................7

Americans with Disabilities Act
    § 504 ...............................................................................................1, 8, 9

Code of Federal Regulations
    § 35.150(a)(1) ...........................................................................................8


**Constitutional Provisions**
14th Amendment
    Article III ..................................................................................................1

5th Amendment.............................................................................................1, 6

California Constitution
    Article I
    § 1 ..........................................................................................................1, 9

CCSF'S REPLY ISO MTD
CASE NO. 4:24-cv-01562-JST
    v
n:\govlit\li2024\240805\01762503.docx

**INTRODUCTION**

Plaintiffs take issue with what they perceive as the City's lack of civil and criminal enforcement in the Tenderloin. Plaintiffs also disagree with how the City allocates its funding and resources in the Tenderloin, as compared to other parts of San Francisco. Both issues are policy and political quarrels, not cognizable claims.

As set forth in the City's moving papers and below, each of Plaintiffs' ten causes of action fail procedurally and substantively.

With respect to Plaintiffs three federal constitutional claims based on the substantive due process and equal protection clauses of the 14th Amendment (claims six, seven, and eight), each fail because Plaintiffs lack Article III standing. Even if Plaintiffs could overcome the standing hurdle, each of these claims fail on the merits. Moreover, Plaintiffs have not alleged a factual basis for a claim against the City under *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). Finally, Plaintiffs do not contest the dismissal of their three federal constitutional claims to the extent they are premised on substantive due process and equal protection under the 5th Amendment.

With respect Mary and Susan's three disability access claims under federal and state law (claims one, two, and three), they failed to allege the basic facts required to state claims under the ADA, Section 504, or the California Disabled Persons Act ("DPA"). Mary and Susan abandoned their Section 504 claim by not challenging the City's motion to dismiss.

With respect to Plaintiffs' claim under California Constitution, Article I, § 1 (claim ten), the individual Plaintiffs failed to allege any affirmative conduct on behalf of the City that impaired their Article I, § 1 protected rights. Plaintiffs concede that the corporate plaintiffs (the Phoenix Hotel Plaintiffs and the Best Western Plaintiff) have no protected rights under Article I, § 1 and their claims should be dismissed.

With respect to Plaintiffs' public and private nuisance claims (claims four and five), Plaintiffs have not alleged and cannot allege the factual requirements of either nuisance claim.

With respect to Plaintiffs' negligence claim (claim nine), the City cannot be held liable based on common law negligence theory or Civil Code section 1714.

Accordingly, the Court should dismiss Plaintiffs' Complaint with prejudice.

**ARGUMENT**

**I.   PLAINTIFFS' FEDERAL CONSTITUTIONAL CLAIMS FAIL**

    **A.   Plaintiffs Lack Article III Standing (Claims Six, Seven, and Eight)**

Plaintiffs do not dispute they lack standing to pursue federal constitutional claims premised on the City's failure to enforce laws or prosecute crime in the Tenderloin. ECF No. 40 ("Opp.") at 1 (arguing that their claims are *not solely* premised on the City's failure to enforce laws). As set forth in the City's opening brief, it is well established that Plaintiffs lack standing to sue under this theory. ECF No. 35 ("MPA") at 6-7.

While Plaintiffs disclaim any interest in pursuing federal constitutional claims based on failure to enforce or prosecute, their Opposition is peppered with admissions that their claims are in fact based on this foreclosed theory. Plaintiffs argue:

- "[T]he City does not enforce the laws against drug dealing and usage, public intoxication, illegal vending, blocked sidewalks, and loitering in the Tenderloin."
- "The City treats plaintiffs unequally by not enforcing laws in the Tenderloin that it enforces in other neighborhoods."
- "[T]he City's selective nonenforcement of the drug and other criminal laws in that neighborhood"
- "[T]he City condoned another illegal drug consumption site, countenances the distribution of drug paraphernalia in the Tenderloin"
- "[T]he City's actions in the Tenderloin—e.g., … ceasing to enforce laws—foreseeably places them in a worse position."

Opp. at 1, 4, 5, 14, 19.

Moreover, Plaintiffs failed to offer specific examples of affirmative conduct that they believe supports their federal constitutional claims or identify any affirmative conduct that is not previously pled but could be added to an amended complaint. Their failure to do so demonstrates that leave to amend would be futile.

    **B.   Plaintiffs Have Not Stated A Due Process Clause Claim (Claim Six)**

The City moved to dismiss Plaintiffs' due process claim because Plaintiffs did not allege a deprivation of a fundamental or constitutionally protected right and the due process clause does not

require the City to protect citizens from "harms inflicted by persons not acting under color of law." MPA at 7-8 (citing *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008) and *Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1988)).

Plaintiffs did not respond to this argument.[1] The failure constitutes an abandonment of the claim. *See*, *e.g.*, *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014). Moreover, where a plaintiff "simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice." *Id.* Accordingly, the Court should grant the City's motion and dismiss Plaintiffs' due process claim without leave to amend.

### C.     Plaintiffs Have Not Stated An Equal Protection Claim (Claim Seven)

The City moved to dismiss Plaintiffs' equal protection claim because Plaintiffs did not and cannot allege that the City's actions (or inactions) in the Tenderloin were made on an impermissible ground such as race, religion, or exercise of constitutional rights. MPA at 8-9. Plaintiffs make no attempt to argue that the City's conduct was based on an impermissible ground or had a discriminatory effect. *See* Opp. at 20-21. Plaintiffs' failure to respond to this argument is fatal to their claim. Instead, Plaintiffs argue "selective non-enforcement" of laws is different from the "selective enforcement" of laws. *Id.* at 20-21. Plaintiffs cite no law to support this novel argument and concedes none exists. *Id.* at 21. In any event, Plaintiffs' rhetorical trick is meaningless. "Selective non-enforcement" and "selective enforcement" are the same thing. In both instances, there is a decision (or inaction) that results in the enforcement of a law against one party and not another. Such conduct (or inaction) is only actionable under the equal protection clause if the selective enforcement (or selective non-enforcement) has a discriminatory purpose and results in a discriminatory effect. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012); *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007). Accordingly, the Court should dismiss Plaintiffs' equal protection claim with prejudice.

---

[1] Plaintiffs did respond to the City's motion with regard to their state-created danger cause of action under the due process clause (claim eight) but did not address the substantive due process claim (claim six). Opp. at 17-20.

### D.      Plaintiffs Have Not Stated A State-Created Danger Claim (Claim Eight)

The City moved to dismiss Plaintiffs' state-created danger claim arguing that Plaintiffs had not and could not allege they (1) were placed in danger and (2) that the City took affirmative steps to place Plaintiffs in danger with deliberate indifference. MPA at 10-11. Rather than respond to the City's argument or discuss the cases the City cited, Plaintiffs rely on *Hunters Capital LLC v. City of Seattle*, 499 F. Supp. 3d 888 (W.D. Wash. 2020) and assert that their allegations "resemble" those made by the plaintiffs in that case. Opp. at 17-19. Plaintiffs' reliance on *Hunters Capital LLC*, a nonbinding out-of-district decision, is misplaced.

Here, Plaintiffs' allegations fall short of the dramatic facts alleged in *Hunters Capital LLC*. Plaintiffs do not and cannot allege that (1) the City or Police Department "abruptly deserted" or abandoned the Tenderloin; (2) individuals or groups declared the Tenderloin a "no-cop" zone; (3) the City left behind concrete barriers that individuals or groups used to block off the Tenderloin; (4) individuals or groups declared the Tenderloin as their own and secured the area with barricades and their own patrol teams; (5) individuals or groups demanded that business owners release individuals suspected of crimes in the Tenderloin and conducted their own crime investigations; or (6) that the Mayor or any other City official made public statements in support of those committing crimes in the Tenderloin. *See Hunters Capital LLC*, 499 F. Supp. 3d at 893–94. Without such allegations, Plaintiffs' reliance on *Hunters Capital LLC* is misplaced. Additionally, the Court should disregard *Hunters Capital LLC* to the extent that it departs from the long line of Ninth Circuit authority recognizing state-created danger claims *only* where a person was killed or gravely injured. *See* MPA at 10.

Without allegations similar to *Hunters Capital LLC*, Plaintiffs are left with the theory that the City created danger in the Tenderloin by failing to enforce laws: "the City does not enforce laws against drug dealing and usage, public intoxication, illegal vending, blocked sidewalks, and loitering in the Tenderloin." Opp. at 1. Plaintiffs allege:

> While plaintiffs are currently unaware of any writing that formally codifies the City's containment zone policy, it is undisputable that for years the City has known that drug dealers brazenly sell narcotics on the streets and sidewalks in the Tenderloin. Similarly, for years the City has allowed individuals to openly buy and use narcotics in the Tenderloin, and to remain, under the obvious influence of drugs, on the sidewalks and public spaces of the neighborhood.

ECF No. 1, ¶ 8. As noted in the City's motion, a failure to enforce laws against others does not provide Plaintiffs' with standing to pursue a state-created danger cause of action. MPA at 9.

Importantly, Plaintiffs made no attempt to distinguish, let alone discuss, *R.R. 1900, LLC v. City of Sacramento*, 604 F. Supp. 3d 968, 975-77 (E.D. Cal. 2022), which dismissed an identical state-created danger claim. *See* MPA at 11. Similarly, Plaintiffs failed to distinguish, let alone discuss, *Lamberth v. Clark Cnty. Sch. Dist.*, No. 2:14-CV-02044-APG, 2015 WL 4760696, at *5 (D. Nev. Aug. 12, 2015), aff'd, 698 F. App'x 387 (9th Cir. 2017), which held inaction by a public employee is insufficient to support a state-created danger cause of action.

Finally, Plaintiffs claim that because they seek injunctive relief only, a lower threshold governs, citing *LaShawn A. v. Dixon*, 762 F. Supp. 959 (D.D.C. 1991) and *K.H. Through Murphy v. Morgan*, 914 F.2d 846 (7th Cir. 1990) to support this argument. Opp. at 19-20. Reliance on each is misplaced. In *LaShawn A.*, a case involving claims made against a state's foster care program, the court addressed whether it should impose a "deliberate indifference" standard or a standard asking "whether the state exercised professional judgment in choosing what action to undertake." *LaShawn A.*, 762 F. Supp. at 994-96. The court weighed two lines of case (one involving prisoners criminally convicted and one involving individuals with developmentally disabilities civilly committed) and decided that the "it would be inappropriate to hold caretakers liable for constitutional deprivations when those caretakers had exercised their professional judgment in determining the best course of conduct." *Id.* at 996. This case has no application here. The Ninth Circuit has held that in state-created danger claims, the "deliberate indifference" standard applies; that is, the plaintiff must allege and establish that the government acted with deliberate indifference to the known or obvious danger. *See*, *e.g.*, *Henry A. v. Willden*, 678 F.3d 991, 1002 (9th Cir. 2012).

In *K.H. Through Murphy*, the Court of Appeal reviewed a case seeking damages and remanded the matter back to the District Court "to determine how much of the complaint survive[d] [their] analysis of immunity." *K.H. Through Murphy*, 914 F.2d at 854. This has nothing to do with Plaintiffs' state-created danger claim. Furthermore, Plaintiffs misrepresent Judge Posner's *dicta*. Plaintiffs claim that Judge Posner noted "there might be broader liability in an injunctive suit against government officials." Opp. at 20. But Judge Posner was drawing the distinction between the limited availability of

damages in a 42 U.S.C. § 1983 action against government officials in their personal capacities and the injunctive relief (that is, "broader liability") that might be obtained against those same government officials. *K.H. Through Murphy*, 914 F.2d at 853-54. Again, this case does not suggest that "a lower threshold should govern" in state-created danger cases where plaintiffs seek injunctive relief. Plaintiffs state not theory of liability that could survive and dismissal with prejudice is appropriate.

E.     **Plaintiffs' Fifth Amendment Claims Fail As Matter Of Law (Claims Six, Seven, and Eight)**

As noted in the City's opening brief, "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citation omitted). Plaintiffs did note oppose the City's motion to dismiss their federal due process and equal protection claims to the extent they are predicated on the 5th Amendment. Accordingly, the Court should grant this portion of the City's motion with prejudice.

F.     **Plaintiffs Have Not Stated A *Monell* Claim**

Plaintiffs' federal constitutional claims fail for the independent reasons that they did not articulate a theory of liability under *Monell*. MPA at 11-13. Plaintiffs confirm they are proceeding under the execution of an official policy *Monell* theory and claim that "the City declarations submitted in the related case show, the City actively provides support and services to addicts who live on the streets and refuse offers of shelter." Opp. at 21. As Plaintiffs acknowledge, such allegations are not contained in their complaint. *Id*. Because Plaintiffs have not yet alleged a *Monell* claim in their complaint, the City cannot respond to Plaintiffs' allegations. *See*, *e.g.*, *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (the allegations of the policy "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

II.     **PLAINTIFFS' FEDERAL STATUTORY CLAIMS FAIL**

A.     **Plaintiffs Have Not Stated An ADA Claim (Claim One)**

The City moved to dismiss Mary and Susan's ADA claim for failure to adequately allege standing. MPA at 14-16. The City's argument is supported by two Ninth Circuit opinions, including one *en banc* opinion. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021), *Chapman v. Pier*

*1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (*en banc*). *Whitaker* and *Chapman* set forth the minimal ADA pleading requirements in the Ninth Circuit. In *Whitaker* and *Chapman*, the Ninth Circuit held that the allegations were so vague and constituted mere legal conclusions that neither plaintiff stated a viable ADA claim. *Whitaker*, 985 F.3d 1174-77; *Chapman*, 631 F.3d 954-55. In affirming dismissal, the Ninth Circuited stated:

> The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

*Whitaker*, 985 F.3d at 1177.

Mary and Susan make three main arguments in opposition to the City's motion. None avoid dismissal. First, Mary and Susan argue that *Whitaker* and *Chapman* were cases brought under Title III of the ADA, which applies to private businesses, not Title II, which applies to state and local governments like San Francisco. Opp. at 10-11. This argument is a distraction. In *Kirola v. City and Cnty. of San Francisco*, 860 F.3d 1164 (9th Cir. 2017), the Ninth Circuit held that despite the different applications and standards in Titles II and III of the ADA, the pleading and Article III standing requirements are the same. *Id*. at 1175 n.3. Thus, the minimal pleading requirements set forth by the Ninth Circuit in *Whitaker* and *Chapman* apply to this case. As set forth in the City's opening brief, Mary and Susan have not met the pleading and Article III standing requirements and their claims must be dismissed. MPA at 14-16.

Second, Mary and Susan rely on the findings in *Hood v. City of Sacramento*, 2023 WL 6541870 (E.D. Cal. 2023), and claim that *Hood* "is nearly perfectly on point." Opp. at 11. To the extent the District Court in *Hood* allowed vague and conclusory ADA allegations to survive a motion to dismiss, it has no bearing on this case. All District Courts in the Ninth Circuit are bound to follow the Ninth Circuit's published opinions. *See*, *e.g.*, *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (*en banc*) (quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).) *Hood* provides no safe harbor for Mary or Susan because it fails to discuss or analyze the pleadings under the standard

articulated in *Whitaker* and *Chapman*. Mary and Susan do not argue that their ADA allegations meet the pleading and Article III standing requirements in *Whitaker* and *Chapman*. Opp. at 7.

Third, without citing or discussing the decisions in *Kirola*, Mary and Susan simply ignore the District Court's findings and the Ninth Circuit's holdings that the City's program access approach to all of its sidewalks complies with the ADA. Opp. at 9-10. The Ninth Circuit's holding regarding the accessibility of the City's sidewalks in *Kirola* supports the City's motion:

> We next address *Kirola's* claims related to existing facilities. Under 28 C.F.R. § 35.150(a), public entities must "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." Meeting this standard does not "[n]ecessarily require a public entity to make each of its existing facilities accessible to and usable by individuals with disabilities." *Id.* § 35.150(a)(1). It also does not require structural changes to existing facilities, if "other methods, such as relocating services to different buildings, would be effective." *Cohen v. City of Culver City*, 754 F.3d 690, 696 (9th Cir. 2014); 28 C.F.R. § 35.150(b)(1). The regulation requires only that, "when viewed in its entirety," the program at issue be accessible.
>
> \*\*\*
>
> As to the public right-of-way, we agree with the district court that *Kirola* and the other class members' anecdotal testimony about cracked pavement, potholes, uneven sidewalks, and missing or difficult-to-use curb ramps did not establish inaccessibility at a programmatic level. *See id.* at 1251. As far as we can tell from the record, no class member testified that there were locations in the city that such class member could not reach because of access barriers.

*Kirola*, 860 F.3d at 1182–83. Mary and Susan's vague allegations, which do not bother to specify which streets were blocked or when, are insufficient to allege an ADA violation. MPA at 14-15; ECF No. 1, ¶ 43, *see also* ¶ 85.

Finally, Mary and Susan alleged that the City failed and continues to fail to provide reasonable accommodations under the ADA. *See* ECF No.1, ¶ 85. The City moved to dismiss this portion on the ADA claim because neither Mary nor Susan alleged that they had requested a reasonable modification under the ADA and that the City denied the request. MPA at 15-16. Mary and Susan failed to respond to this argument. Their failure constitutes an abandonment of this claim and the Court should dismiss this claim with prejudice. *See*, *e.g.*, *Moore*, 73 F. Supp. 3d at 1205.

## B.   Plaintiffs Have Not State A Section 504 Claim (Claim Two)

The City moved to dismiss Mary and Susan's Section 504 claim because they had not adequately alleged that a specific City department that has jurisdiction over the alleged conduct

received federal financial assistance that requires compliance with Section 504. MPA at 16. Mary and Susan failed to respond to this argument. Their failure constitutes an abandonment of this claim and the Court should dismiss the Mary and Susan's Section 504 claim with prejudice. *See*, *e.g.*, *Moore*, 73 F. Supp. 3d at 1205.

## III.   PLAINTIFFS STATE CONSTITUTIONAL CLAIM FAILS AS A MATTER OF LAW (Tenth Claim)

As set forth in the City's motion, any claim based on California Constitution, Article I, § 1 must be premised on the City's affirmative acts that interfere with rights to pursue and obtain safety, happiness, and privacy; it cannot be premised on the City failing to take actions to protect Plaintiffs' rights. MPA at 17-18, (citing *Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 314 (2002) and *Leger v. Stockton Unified Sch. Dist.*, 202 Cal. App. 3d 1448, 1454 (1988)). Plaintiffs agree with the City's framing of the rule (Opp. at 22) but Plaintiffs have not identified what specific affirmative acts the City committed to satisfy this standard. Plaintiffs have therefore failed to state a viable claim.

Finally, the Phoenix Hotel Plaintiffs and the Best Western Plaintiff concede they cannot state a claim under Article I, § 1 and they should be dismissed from this claim. Opp. at 22.

## IV.   PLAINTIFFS' STATE STATUTORY CLAIMS FAIL AS A MATTER OF LAW

### A.   Plaintiffs' Claims Under The Disabled Persons Act Fails (Third Claim)

As noted above, Mary and Susan's ADA and section 504 claims fail as a matter of law. Thus, to the extent that Mary and Susan's DPA claim is premised on violations of the ADA or Section 504, it also fails as a matter of law. *See*, *e.g.*, *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 675 (2009) (noting that California's DPA overlaps substantially with the ADA); *Wander v. Kaus*, 304 F.3d 856, 857-58 (9th Cir. 2002) (same); *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1074 (N.D. Cal. 2014) (same).

To the extent that Mary and Susan's DPA claim is premised on violations of California disability access requirements (as opposed to the ADA or Section 504), they failed to make such allegations. MPA at 18. Moreover, Mary and Susan failed to respond to City's argument, which constitutes an abandonment of this claim and the Court should dismiss the Mary and Susan's DPA claim with prejudice. *See*, *e.g.*, *Moore*, 73 F. Supp. 3d at 1205.

### B.       Plaintiffs' Public Nuisance Claim Fails (Fourth Claim)

The City moved to dismiss Plaintiffs' public nuisance claim because Plaintiffs did not and cannot allege that the harm they experienced was different than the harm experienced by the general public. The damage suffered by plaintiffs in a public nuisance cause of action must be different in kind and not merely in degree from that suffered by other members of the public. *Koll-Irvine Ctr. Prop. Owners Assn. v. Cnty. of Orange,* 24 Cal. App. 4th 1036, 1040 (1994).

Without citation, Plaintiffs assert that "[t]here is no requirement that plaintiffs suffer damage different in kind" from the general public. Opp. at 16. This unsupported assertion is plainly contradicted by *Koll-Irvine Ctr. Prop. Owners Assn*.

Plaintiffs concede the conditions in the Tenderloin are experienced by "residents, local business and visitors" and that "the City-owned public walkways and spaces in the Tenderloin are dangerous, unsanitary and no longer open and accessible to plaintiffs *and other members of the public*" and are not unique to Plaintiffs. ECF No. 1, ¶¶ 14, 19 (emphasis added). Moreover, Plaintiffs affirmatively allege "[t]he consequences of the containment zone policy *to the residents of and stakeholders in the Tenderloin* have been devastating and constitute a violation of their dignity and fundamental civil rights." *Id*. (emphasis added). Because Plaintiffs have alleged the harm they experienced is identical to the alleged harm caused to the general public, they cannot state a public nuisance cause of action and their claim should be dismissed with prejudice. *See Koll-Irvine Ctr. Prop. Owners Assn.*, 24 Cal. App. 4th at 1040-41.

Plaintiffs' reliance on *Lew v. Superior Court*, 20 Cal. App. 4th 866 (1993) is misplaced. *See* Opp. at 15-16. *Lew* dealt with a "drug house" and a landlord's obligations under Health and Safety Code section 11570, the "drug house law," not whether a public entity can be held liable for the criminal conduct of others that occur on public streets.

Finally, Plaintiffs failed to address the City's argument that legal conduct cannot be the basis of a public or private nuisance claim. MPA at 24-25. As noted in the City's motion, Plaintiffs allege the City and other organizations are "going so far as to deliver drug kits to [] sidewalk encampments." ECF No. 1, ¶ 10; *see also* Opp. at 3, 4, 14, 19, 21. In addition to conflating third parties' allegedly criminal conduct with the City's actions, Plaintiffs ignore that the California Legislature expressly

authorized public entities to distribute certain harm reduction materials to prevent the spread of communicable diseases. Cal. Health & Safety Code § 121349.1; *see also* ECF No. 36 ("City's RJN"), Exhibit K. The California Department of Public Health has designated drug materials that it determined are necessary to distribute to prevent the spread of communicable diseases. City's RJN, Exhibit L. California Civil Code section 3482 provides, "[n]othing which is done or maintained under the express authority of a statute can be deemed a nuisance." Cal. Civ. Code § 3482. Thus, to the extent that Plaintiffs allege that the City has created a nuisance by distributing such materials, this claim fails because such conduct is lawful and cannot be the basis for a nuisance cause of action. *See City of Norwalk v. City of Cerritos*, 99 Cal. App. 5th 977, 986 (2024) (California Civil Code section 3482 "confers a statutory immunity that is a complete defense to a nuisance claim.").[2]

### C.    Plaintiffs' Private Nuisance Claim Fails (Fifth Claim)

The City moved to dismiss Plaintiffs' private nuisance claim because Plaintiffs did not and cannot allege a disturbance in their property rights (that is, property rights in private land, not public land). MPA at 20-21. As noted in the City's motion, Plaintiffs allege the conditions they claim establish a private nuisance are things that "obstruct the free passage and use of public parks, squares, streets, highway, and sidewalks, permit unlawful sales and consumption of illicit narcotics, illegal street vending, and constitute a fire hazard." ECF No. 1, ¶ 105. Thus, Plaintiffs do not allege in interference with their property rights. Accordingly, the Court should dismiss Plaintiffs' fifth claim without leave to amend. *See Koll-Irvine Ctr. Prop. Owners Assn.*, 24 Cal. App. 4th at 1041–42. Moreover, Plaintiffs failed to respond to the City's argument (*see* Opp. at 13-16), which constitutes an abandonment of this claim and the Court should dismiss Plaintiffs' private nuisance claim with prejudice. *See*, *e.g.*, *Moore*, 73 F. Supp. 3d at 1205.

### D.    Plaintiffs' Negligence Claim Fails (Ninth Claim)

The City moved to dismiss Plaintiffs' negligence claim because public entities cannot be held liable under a negligence cause of action. MPA at 21-22. As the City noted, it cannot be held liable

---

[2] This argument also applies to Plaintiffs' private nuisance cause of action. *See*, *e.g.*, *Today's IV, Inc. v. Los Angeles Cnty. Metropolitan Transportation Authority*, 83 Cal. App. 5th 1137, 1181 (2022).

based on common law negligence theory or Civil Code section 1714. *Id*. Plaintiffs failed to respond to the City's argument. *See* Opp. at 22. Plaintiffs' failure constitutes an abandonment of this claim, and the Court should dismiss Plaintiffs' negligence claim with prejudice. *See*, *e.g.*, *Moore*, 73 F. Supp. 3d at 1205.

**E.    The City Is Immune From Liability For All Of Plaintiffs' State Statutory Claims (Third, Fourth, Fifth, and Ninth Claims)**

Plaintiffs argue that the City is not immune from liability under their negligence cause of action because they only seek injunctive relief. Opp. at 22. Plaintiffs are wrong as a matter of law.

California courts have held that when injunctive relief would require a public entity to expend funds or impose legal or financial burdens on the public entity, then the public entity is immune under California Government Code section 815 and the statutory immunities provided in the Government Claims Act.[3] *See*, *e.g.*, *Schooler v. State of California*, 85 Cal. App. 4th 1004, 1014 (2000); *Esparza v. Cnty. of Los Angeles*, 224 Cal. App. 4th 452, 460 (2014) ("Plaintiffs may not circumvent the legislative immunity granted … simply by alleging injunctive relief."); *Madani v. Cnty. of Santa Clara*, No. 16-CV-07026-LHK, 2017 WL 2954643, at *14 (N.D. Cal. July 11, 2017) (discussing *Schooler*).

In *Schooler*, the plaintiff filed an action seeking an "injunction to abate a nuisance, costs of efforts to abate the nuisance and general damages arising from loss of use and the diminished value of his property caused by erosion of a state-owned adjacent bluff." *Schooler*, 85 Cal. App. 4th at 1007. The plaintiff argued that the state was not entitled to claim a statutory immunity under Section 814 to his injunctive relief claim. *Id*. The court of appeal rejected this argument and held that Section 814 "*does not resurrect legal and financial burdens eliminated by the immunity provisions of the Tort Claims Act*." *Id*. at 1014 (emphasis added.) Accordingly, the City can invoke statutory immunities against Plaintiffs' state statutory claims.

Moreover, the City asserted immunities against Plaintiffs' other state statutory claims. MPA at 22-25. Plaintiffs failed to address the immunities with respect to Plaintiffs' DPA and public and

---

[3] "When first enacted, the statute was known as the Tort Claims Act; the Legislature later retitled it the Government Claims Act. *See Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal.5th 798, 803 n.1.

private nuisance claims and their failure constitutes an abandonment of this claim and the Court should dismiss Plaintiffs' DPA and public and private nuisance claim with prejudice. *See*, *e.g.*, *Moore*, 73 F. Supp. 3d at 1205.

Finally, with respect to the immunity under the California Emergency Services Act, the City is immune from "*any claim*" based on the performance or failure to perform discretionary functions after the declaration of an emergency. *See* Cal. Gov't Code § 8655; *Labadie v. State of California*, 208 Cal. App. 3d 1366 (1989). Thus, to the extent that Plaintiffs state statutory claims are premised on the City's actions or inactions during the two local states of emergency, such discretionary decisions cannot be the basis of liability against the City.

## V.   PLAINTIFFS FAILED TO ALLEGE DATES FOR THEIR ALLEGATIONS

Plaintiffs ignored the City's arguments regarding the applicable statute of limitations and Plaintiffs failure to identify a specific date that violations allegedly occurred. MPA 13, 17, 18-19, 20, 21, 22. The only time Plaintiffs mention statute of limitations in their opposition is with respect to their nuisance claims, and, without citation, they claim that they do not need to worry about statutes of limitations because they seeking injunctive relief only and the alleged events are "continuous and ongoing." Opp. at 16. That does not address the City's concerns. The Court cannot determine if any alleged event is timely or time-barred (or whether they are continuous) until Plaintiffs identify dates in a complaint when the events allegedly occurred.

Similarly, the City does not know if an alleged violation is moot based on the cessation of the program or policy. For example, Plaintiffs complain about the "Tenderloin Linkage Center." Opp. at 3, n.3; *see also* ECF No. 1, ¶ 79, n.14. The City opened the Tenderloin Center as part of the declaration of emergency in the Tenderloin (City's RJN, Exhibit F) and closed the Tenderloin Center on December 4, 2022.[4] Because the City closed the Tenderloin Center, Plaintiffs are not entitled to injunctive relief related to any alleged conduct that occurred at the Tenderloin Center. *See*, *e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 103-04 (1983) (Past wrongs are not enough for the grant of an

---

[4] *See* https://www.sf.gov/information/tenderloin-center (last visited May 30, 2024).

injunction); *see also People ex rel. Bradford v. Goddard*, 47 Cal. App. 730, 740 (1920) (when a nuisance is already abated injunctive relief is not available and the case should be dismissed).

If any cause of action survives this motion, the Court should require Plaintiffs to specify dates for each alleged violation.

## VI.   PLAINTIFFS' ACTION IS BARRED BY SEPARATION OF POWERS

As noted above, Plaintiffs' action is based on the City's failure to enforce laws and prosecute crimes in the Tenderloin. *See* Section I.A., *supra*. As noted above and in the City's motion, Plaintiffs lack standing to pursue their federal constitutional claims based on the City's failure to enforce laws and prosecute crimes in the Tenderloin. If Plaintiffs do not have standing to pursue claims, the Court must dismiss the claim with prejudice at this time. Plaintiffs claim that this argument is premature and the Court should wait to address it when considering the imposition of specific forms of injunctive relief. Opp. at 23. If Plaintiffs lack standing to pursue claims, the Court is without jurisdiction to impose any remedies.

## VII.   DISCOVERY SHOULD BE STAYED UNTIL THE PLEADINGS ARE SETTLED

As noted above and in the City's motion, Plaintiffs claims suffer from fatal infirmities. If the Court allows amendment, it should order Plaintiffs to file an amended complaint with greater detail on any claim that survives this motion to dismiss, before ordering the parties to commence discovery. *See United States v. Safran Group, S.A.*, Case No. 15-cv-00746, 2017 WL 1862508, at *3 (N.D. Cal. May 9, 2017).

Moreover, Plaintiffs have already served three public records act requests on the City (the Mayor, the Department of Public Health, and the Department of Homelessness and Supportive Housing) seeking extensive categories of documents related to the allegations in Plaintiffs' Complaint.[5] The City is responding to each request and producing documents. The Plaintiffs have not explained why they need to commence discovery when they have already requested documents and the City is producing them.

---

[5] *See* Exhibits A, B, and C to the City's Supplemental RJN.

1

## CONCLUSION

2          For the foregoing reasons and the reasons set forth in the City's moving papers, the City

3   respectfully requests the Court grant the City's motion and dismiss Plaintiff's Complaint with

4   prejudice.

5

6

7   Dated:  May 31, 2024

8                                                          DAVID CHIU
                                                           City Attorney
9                                                          YVONNE R. MERÉ
                                                           Chief Deputy City Attorney
10                                                         WAYNE SNODGRASS
                                                           TARA M. STEELEY
11                                                         THOMAS S. LAKRITZ
                                                           JOHN H. GEORGE
12                                                         KAITLYN M. MURPHY
                                                           Deputy City Attorneys
13

14                                                     By: */s/ Thomas S. Lakritz*
15                                                         THOMAS S. LAKRITZ

16                                                         Attorneys for Defendant
                                                           CITY AND COUNTY OF SAN FRANCISCO
17

18

19

20

21

22

23

24

25

26

27

28