1   DAVID CHIU, State Bar #189542
    City Attorney
2   YVONNE R. MERÉ, SBN 173594
    Chief Deputy City Attorney
3   WAYNE SNODGRASS, State Bar #148137
    TARA M. STEELEY, State Bar #231775
4   THOMAS S. LAKRITZ, State Bar #161234
    JOHN H. GEORGE, State Bar #292332
5   KAITLYN M. MURPHY, State Bar #293309
    Deputy City Attorneys
6   City Hall, Room 234
    1 Dr. Carlton B. Goodlett Place
7   San Francisco, California 94102-4682
    Telephone:     (415) 554-4655 (Steeley)
8                  (145) 554-4628 (Lakritz)
                   (415) 554-4223 (George)
9                  (415) 554-6762 (Murphy)
    Facsimile:     (415) 554-4699
10  E-Mail:        tara.steeley@sfcityatty.org
                   tom.lakritz@sfcityatty.org
11                 john.george@sfcityatty.org
                   kaitlyn.murphy@sfcityatty.org
12
    Attorneys for Defendant
13  CITY AND COUNTY OF SAN FRANCISCO

14                       UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16

17

18  JANE ROE, an individual; MARY ROE, an       Case No. 4:24-cv-01562-JST
    individual; SUSAN ROE, an individual; JOHN
19  ROE, an individual; BARBARA ROE, an         **SUPPLEMENTAL REQUEST FOR JUDICIAL**
    individual; PHOENIX HOTEL SF, LLC, a        **NOTICE IN SUPPORT OF DEFENDANT'S**
    California limited liability company; FUNKY **MOTION TO DISMISS**
20  FUN, LLC, a California limited liability
    company; and 2930 EL CAMINO, LLC, a         Hearing Date:    July 18, 2024
21  California limited liability company,        Time:            2:00 p.m.
                                                 Place:           Oakland Courthouse,
22          Plaintiffs,                                           Courtroom 6 – 2nd Floor
                                                                  1301 Clay Street, Oakland,
23      vs.                                                       CA 94612

24  CITY AND COUNTY OF SAN               Trial Date:    None set
    FRANCISCO, a California public entity,
25
            Defendant.
26

27

28

In reviewing a motion to dismiss, courts may take judicial notice of a fact that is "not subject to reasonable dispute," i.e., that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp.3d 884, 895 (N.D. Cal. 2022); see also Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record.' " *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Accordingly, Pursuant to Federal Rule of Evidence 201 and supporting caselaw, Defendant City and County of San Francisco ("City") requests that the Court take judicial notice of the following documents filed in support of the City's motion to dismiss.

1.      Attached hereto and marked as Exhibit A is a true and correct copy of the March 27, 2024 Sunshine Ordinance/Public Records Act Request addressed to Mayor London Breed.

2.      Attached hereto and marked as Exhibit B is a true and correct copy of the March 27, 2024 Sunshine Ordinance/Public Records Act Request addressed to the San Francisco Department of Public Health.

3.      Attached hereto and marked as Exhibit C is a true and correct copy of the  of the March 27, 2024 Sunshine Ordinance/Public Records Act Request addressed to the San Francisco Department of Homelessness and Supportive Housing.


Dated:  May 31, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WAYNE SNODGRASS
TARA M. STEELEY
THOMAS S. LAKRITZ
JOHN H. GEORGE
KAITLYN M. MURPHY
Deputy City Attorneys


By: */s/ Thomas S. Lakritz*
    THOMAS S. LAKRITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Exhibit A



WALKUP, MELODIA
KELLY + SCHOENBERGER

Matthew D. Davis
mdavis@walkuplawoffice.com

March 27, 2024

**Via Electronic Mail and First Class Mail** (MayorLondonBreed@sfgov.org)

City Hall
1 Dr Carlton B. Goodlett Place, Room 200
San Francisco, CA 94102

Attention: Public Records Act Officer

**Re:    *Sunshine Ordinance/Public Records Act Request***

Dear Sir/Madam:

We write to request that your department produce public records pursuant to the San Francisco Sunshine Ordinance, SF Administrative Code – Chapter 67, and the California Public Records Act, Government Code Sections 6250-6276.48.

We demand all records, including, without limitation, electronic records, electronically stored information, paper documents, memoranda, letters, correspondence, contracts, requests for proposals, bids, emails, and text messages, that fall into the following categories:

1. All records that constitute, reflect or describe the policies, practices, guidelines and procedures that were followed in the operation of the Tenderloin Linkage Center (as used in these requests, the term "Tenderloin Linkage Center" refers to that facility that your department also called the "Tenderloin Center," see https://www.sf.gov/information/tenderloin-center).

2. All records that have as any part of their subject matter the use of illegal narcotics at the Tenderloin Linkage Center.

3. All records that have as any part of their subject matter the use of fentanyl at the Tenderloin Linkage Center.

4. All records that have as any part of their subject matter any payment to, contract with, or agreement with any vendor,

San Francisco Department of Public Health
March 27, 2024
Page 2

nonprofit, person or entity with respect to operations and
activities at the Tenderloin Linkage Center.

5. All records that have as any part of their subject matter any
invoice from, or payment to, any vendor, nonprofit or other
person or entity that was related in any way to operations or
activities at the Tenderloin Linkage Center.

6. All records that have as any part of their subject matter the
names of the employee of the City and County of San Francisco
who, at any time, was in charge of operations at the Tenderloin
Linkage Center.

7. All records that have as any part of their subject matter the
names of any employee of the City and County of San Francisco
who, at any time, worked at the Tenderloin Linkage Center.

8. All records that have as any part of their subject matter the
names of anyone who, at any time, worked at the Tenderloin
Linkage Center.

9. All documents that have as any part of their subject matter
supervised drug or narcotic use at the Tenderloin Linkage
Center.

10. All documents that have as any part of their subject matter
supervised fentanyl use at the Tenderloin Linkage Center.

11. All documents that have as any part of their subject matter the
operation of a "safe consumption site" at the Tenderloin Linkage
Center.

12. All documents that have as any part of their subject matter the
operation of a "safe injection site" at the Tenderloin Linkage
Center.

13. All documents that have as any part of their subject matter the
distribution of "harm reduction kits" at the Tenderloin Linkage
Center.

San Francisco Department of Public Health
March 27, 2024
Page 3

14. All documents that have as any part of their subject matter the distribution of syringes or hypodermic needles at the Tenderloin Linkage Center.

15. All documents that have as any part of their subject matter the distribution of devices or paraphernalia to inject, smoke, use or ingest narcotics at the Tenderloin Linkage Center.

16. All documents that have as any part of their subject matter the distribution of "safer smoking kits" at the Tenderloin Linkage Center.

17. All documents that have as any part of their subject matter the sale or distribution of drugs or narcotics at the Tenderloin Linkage Center.

18. All documents that have as any part of their subject matter reports of the sale or distribution of drugs or narcotics at the Tenderloin Linkage Center.

19. All records that have as any part of their subject matter any policy, practice or guideline of allowing or permitting visitors to the Tenderloin Linkage Center to use drugs or narcotics while at that location.

20. All documents that have as any part of their subject matter any practice, policy, guideline or procedure with respect to members of the San Francisco Police Department, or any other law enforcement agency, having access or being able to enter to the Tenderloin Linkage Center, including, without limitation, any record indicating that police officers were not allowed to access the premises or were discouraged from entering the premises.

21. Any records that reflect any communication with the San Francisco Police Department about the Tenderloin Linkage Center.

22. Any records that reflect any communication with any law enforcement agency about the Tenderloin Linkage Center.

23. Any records that reflect any report or suspicion of criminal activity occurring at the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 4

24. Any records that have as any part of their subject matter activities that occurred on Willow Street in San Francisco on August 31, 2023, including, without limitation, the operation of a narcotics ingestion site or "safe consumption site" on Willow Street.

25. Any records that refer to or reflect any discussion or analysis of the legality or illegality of operating a site for the ingestion of illegal narcotics.

26. Any records that refer to or reflect any discussion or analysis of the legality or illegality of operating a "safe consumption site."

27. Any records that refer to or reflect any discussion or analysis of the criminal penalties that can be imposed on a person who is involved in the operation of a site for the ingestion of illegal narcotics.

28. Any records that refer to or reflect any discussion or analysis of the criminal penalties that can be imposed on a person who is involved in the operation of a "safe consumption site."

29. Any records that refer to or reflect any discussion or analysis of 21 U.S.C. § 856, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site.

30. Any records that refer to or reflect any discussion or analysis of California Health & Safety Code § 11365, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site.

31. Any records that refer to or reflect any discussion or analysis of California Health & Safety Code § 11366, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site or "safe consumption site."

32. All records that have as any part of their subject matter any communication with Healthright 360 about the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 5

33. All records that have as any part of their subject matter any communication with Healthright 360 about "safe consumption sites."

34. All records that have as any part of their subject matter any communication with Vitka Eisen about the Tenderloin Linkage Center.

35. All records that have as any part of their subject matter any communication with Vitka Eisen about "safe consumption sites."

36. All documents that have as any part of their subject matter supervised drug or narcotic use in the Tenderloin district (the phrase "Tenderloin district" when used in these requests means that area of San Francisco that is bounded on the north by Geary Street, on the east by Mason Street, on the south by Market Street, and on the west by Polk Street).

37. All documents that have as any part of their subject matter the distribution of "harm reduction kits" in the Tenderloin district.

38. All documents that have as any part of their subject matter the distribution of syringes or hypodermic needles in the Tenderloin district.

39. All documents that have as any part of their subject matter the distribution of drug paraphernalia in the Tenderloin district.

40. All records that have as any part of their subject matter the distribution of devices to inject, smoke, use or ingest narcotics in the Tenderloin district.

41. All records that have as any part of their subject matter the distribution of "safer smoking kits" in the Tenderloin district.

42. Any records that have as any part of their subject matter the operation of a "safe injection site" or "safe consumption site" in the Tenderloin district.

43. All documents that have as any part of their subject matter the opening or operation of a "wellness hub" in the Tenderloin district.

San Francisco Department of Public Health
March 27, 2024
Page 6

44. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with Healthright 360 for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

45. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the Hospitality House for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

46. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the Gubbio Project for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

47. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the San Francisco Community Health Center for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

48. All records that have as any part of their subject matter the intended uses of 822 Geary Street, San Francisco, including, without limitation, any records relating to using that property as a "safe consumption site" or a "safe consumption site."

49. All records that have as any part of their subject matter public or community outreach about the intended uses of 822 Geary Street, San Francisco, including, without limitation, any meetings, town halls or other events that were intended to notify the residents of the Tenderloin district about the intended uses of that property, and/or to obtain the reaction of residents to the intended uses.

50. All records that have as any part of their subject matter the acquisition of 645 Larkin Street, San Francisco by the San Francisco Community Health Center.

51. All records that have as any part of their subject matter the San Francisco Community Health Center's intended uses of 645 Larkin Street, San Francisco.

San Francisco Department of Public Health
March 27, 2024
Page 7

52. All records that have as any part of their subject matter reports of illegal narcotic sales at or out of the Cova Hotel (655 Ellis Street, San Francisco).

53. All records that have as any part of their subject matter reports of illegal narcotic use at or out of the Cova Hotel (655 Ellis Street, San Francisco).

We agree in advance to pay any reasonable charge for gathering and producing this documents that is allowed by law. We assume that your department is aware of its obligation to respond to these requests within ten calendar days.

Feel free to contact the undersigned for any reason.

Very truly yours,

MATTHEW D. DAVIS

MDD\MDD

# Exhibit B



Matthew D. Davis
mdavis@walkuplawoffice.com

March 27, 2024

**Via Electronic Mail and First Class Mail** (dph.sunshine@sfdph.org)

San Francisco Department of Public Health
101 Grove St
San Francisco, CA 94102

Attention: Public Records Act Officer

Re:   *Sunshine Ordinance/Public Records Act Request*

Dear Sir/Madam:

We write to request that your department produce public records pursuant to the San Francisco Sunshine Ordinance, SF Administrative Code – Chapter 67, and the California Public Records Act, Government Code Sections 6250-6276.48.

We demand all records, including, without limitation, electronic records, electronically stored information, paper documents, memoranda, letters, correspondence, contracts, requests for proposals, bids, emails, and text messages, that fall into the following categories:

1.  All records that constitute, reflect or describe the policies, practices, guidelines and procedures that were followed in the operation of the Tenderloin Linkage Center (as used in these requests, the term "Tenderloin Linkage Center" refers to that facility that your department also called the "Tenderloin Center," see https://www.sf.gov/information/tenderloin-center).

2.  All records that have as any part of their subject matter the use of illegal narcotics at the Tenderloin Linkage Center.

3.  All records that have as any part of their subject matter the use of fentanyl at the Tenderloin Linkage Center.

4.  All records that have as any part of their subject matter any payment to, contract with, or agreement with any vendor,

San Francisco Department of Public Health
March 27, 2024
Page 2

nonprofit, person or entity with respect to operations and activities at the Tenderloin Linkage Center.

5. All records that have as any part of their subject matter any invoice from, or payment to, any vendor, nonprofit or other person or entity that was related in any way to operations or activities at the Tenderloin Linkage Center.

6. All records that have as any part of their subject matter the names of the employee of your department who, at any time, was in charge of operations at the Tenderloin Linkage Center.

7. All records that have as any part of their subject matter the names of the employees of your department who, at any time, worked at the Tenderloin Linkage Center.

8. All records that have as any part of their subject matter the names of any employee of the City and County of San Francisco who, at any time, worked at the Tenderloin Linkage Center.

9. All records that have as any part of their subject matter the names of anyone who, at any time, worked at the Tenderloin Linkage Center.

10. All documents that have as any part of their subject matter supervised drug or narcotic use at the Tenderloin Linkage Center.

11. All documents that have as any part of their subject matter supervised fentanyl use at the Tenderloin Linkage Center.

12. All documents that have as any part of their subject matter the operation of a "safe consumption site" at the Tenderloin Linkage Center.

13. All documents that have as any part of their subject matter the operation of a "safe injection site" at the Tenderloin Linkage Center.

14. All documents that have as any part of their subject matter the distribution of "harm reduction kits" at the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 3

15. All documents that have as any part of their subject matter the distribution of syringes or hypodermic needles at the Tenderloin Linkage Center.

16. All documents that have as any part of their subject matter the distribution of devices or paraphernalia to inject, smoke, use or ingest narcotics at the Tenderloin Linkage Center.

17. All documents that have as any part of their subject matter the distribution of "safer smoking kits" at the Tenderloin Linkage Center.

18. All documents that have as any part of their subject matter the sale or distribution of drugs or narcotics at the Tenderloin Linkage Center.

19. All documents that have as any part of their subject matter reports of the sale or distribution of drugs or narcotics at the Tenderloin Linkage Center.

20. All records that have as any part of their subject matter any policy, practice or guideline of allowing or permitting visitors to the Tenderloin Linkage Center to use drugs or narcotics while at that location.

21. All documents that have as any part of their subject matter any practice, policy, guideline or procedure with respect to members of the San Francisco Police Department, or any other law enforcement agency, having access or being able to enter to the Tenderloin Linkage Center, including, without limitation, any record indicating that police officers were not allowed to access the premises or were discouraged from entering the premises.

22. Any records that reflect any communication with the San Francisco Police Department about the Tenderloin Linkage Center.

23. Any records that reflect any communication with any law enforcement agency about the Tenderloin Linkage Center.

24. Any records that reflect any report or suspicion of criminal activity occurring at the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 4

25. Any records that have as any part of their subject matter activities that occurred on Willow Street in San Francisco on August 31, 2023, including, without limitation, the operation of a narcotics ingestion site or "safe consumption site" on Willow Street.

26. Any records that refer to or reflect any discussion or analysis of the legality or illegality of operating a site for the ingestion of illegal narcotics.

27. Any records that refer to or reflect any discussion or analysis of the legality or illegality of operating a "safe consumption site."

28. Any records that refer to or reflect any discussion or analysis of the criminal penalties that can be imposed on a person who is involved in the operation of a site for the ingestion of illegal narcotics.

29. Any records that refer to or reflect any discussion or analysis of the criminal penalties that can be imposed on a person who is involved in the operation of a "safe consumption site."

30. Any records that refer to or reflect any discussion or analysis of 21 U.S.C. § 856, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site.

31. Any records that refer to or reflect any discussion or analysis of California Health & Safety Code § 11365, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site.

32. Any records that refer to or reflect any discussion or analysis of California Health & Safety Code § 11366, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site or "safe consumption site."

33. All records that have as any part of their subject matter any communication with Healthright 360 about the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 5

34. All records that have as any part of their subject matter any communication with Healthright 360 about "safe consumption sites."

35. All records that have as any part of their subject matter any communication with Vitka Eisen about the Tenderloin Linkage Center.

36. All records that have as any part of their subject matter any communication with Vitka Eisen about "safe consumption sites."

37. All documents that have as any part of their subject matter supervised drug or narcotic use in the Tenderloin district (the phrase "Tenderloin district" when used in these requests means that area of San Francisco that is bounded on the north by Geary Street, on the east by Mason Street, on the south by Market Street, and on the west by Polk Street).

38. All documents that have as any part of their subject matter the distribution of "harm reduction kits" in the Tenderloin district.

39. All documents that have as any part of their subject matter the distribution of syringes or hypodermic needles in the Tenderloin district.

40. All documents that have as any part of their subject matter the distribution of drug paraphernalia in the Tenderloin district.

41. All records that have as any part of their subject matter the distribution of devices to inject, smoke, use or ingest narcotics in the Tenderloin district.

42. All records that have as any part of their subject matter the distribution of "safer smoking kits" in the Tenderloin district.

43. Any records that have as any part of their subject matter the operation of a "safe injection site" or "safe consumption site" in the Tenderloin district.

44. All documents that have as any part of their subject matter the opening or operation of a "wellness hub" in the Tenderloin district.

San Francisco Department of Public Health
March 27, 2024
Page 6

45. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with Healthright 360 for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

46. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the Hospitality House for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

47. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the Gubbio Project for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

48. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the San Francisco Community Health Center for the provision of any services in the Tenderloin district (from January 1, 2019 to the present).

49. All records that have as any part of their subject matter the intended uses of 822 Geary Street, San Francisco, including, without limitation, any records relating to using that property as a "safe consumption site" or a "safe consumption site."

50. All records that have as any part of their subject matter public or community outreach about the intended uses of 822 Geary Street, San Francisco, including, without limitation, any meetings, town halls or other events that were intended to notify the residents of the Tenderloin district about the intended uses of that property, and/or to obtain the reaction of residents to the intended uses.

51. All records that have as any part of their subject matter the acquisition of 645 Larkin Street, San Francisco by the San Francisco Community Health Center.

52. All records that have as any part of their subject matter the San Francisco Community Health Center's intended uses of 645 Larkin Street, San Francisco.

San Francisco Department of Public Health
March 27, 2024
Page 7

53. All records that have as any part of their subject matter reports of illegal narcotic sales at or out of the Cova Hotel (655 Ellis Street, San Francisco).

54. All records that have as any part of their subject matter reports of illegal narcotic use at or out of the Cova Hotel (655 Ellis Street, San Francisco).

We agree in advance to pay any reasonable charge for gathering and producing this documents that is allowed by law. We assume that your department is aware of its obligation to respond to these requests within ten calendar days.

Feel free to contact the undersigned for any reason.

Very truly yours,

MATTHEW D. DAVIS

MDD\MDD

Exhibit C



Matthew D. Davis
mdavis@walkuplawoffice.com

March 27, 2024

**Via Electronic Mail and First Class Mail** (dhsh@sfgov.org)

San Francisco Department of Homelessness and
Supportive Housing
440 Turk Street
San Francisco, CA 94102

Attention: Public Records Act Officer

Re:   *Sunshine Ordinance/Public Records Act Request*

Dear Sir/Madam:

We write to request that your department produce public records
pursuant to the San Francisco Sunshine Ordinance, SF Administrative Code
– Chapter 67, and the California Public Records Act, Government Code
Sections 6250-6276.48.

We demand all records, including, without limitation, electronic
records, electronically stored information, paper documents, memoranda,
letters, correspondence, contracts, requests for proposals, bids, emails, and
text messages, that fall into the following categories:

1.  All records that constitute, reflect or describe the policies,
    practices, guidelines and procedures that were followed in the
    operation of the Tenderloin Linkage Center (as used in these
    requests, the term "Tenderloin Linkage Center" refers to that
    facility also called the "Tenderloin Center," see
    https://www.sf.gov/information/tenderloin-center).

2.  All records that have as any part of their subject matter the use
    of illegal narcotics at the Tenderloin Linkage Center.

3.  All records that have as any part of their subject matter the use
    of fentanyl at the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 2

4.  All records that have as any part of their subject matter any payment to, contract with, or agreement with any vendor, nonprofit, person or entity with respect to operations and activities at the Tenderloin Linkage Center.

5.  All records that have as any part of their subject matter any invoice from, or payment to, any vendor, nonprofit or other person or entity that was related in any way to operations or activities at the Tenderloin Linkage Center.

6.  All records that have as any part of their subject matter the names of the employee of your department who, at any time, was in charge of operations at the Tenderloin Linkage Center.

7.  All records that have as any part of their subject matter the names of the employees of your department who, at any time, worked at the Tenderloin Linkage Center.

8.  All records that have as any part of their subject matter the names of any employee of the City and County of San Francisco who, at any time, worked at the Tenderloin Linkage Center.

9.  All records that have as any part of their subject matter the names of anyone who, at any time, worked at the Tenderloin Linkage Center.

10. All documents that have as any part of their subject matter supervised drug or narcotic use at the Tenderloin Linkage Center.

11. All documents that have as any part of their subject matter supervised fentanyl use at the Tenderloin Linkage Center.

12. All documents that have as any part of their subject matter the operation of a "safe consumption site" at the Tenderloin Linkage Center.

13. All documents that have as any part of their subject matter the operation of a "safe injection site" at the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 3

14. All documents that have as any part of their subject matter the distribution of "harm reduction kits" at the Tenderloin Linkage Center.

15. All documents that have as any part of their subject matter the distribution of syringes or hypodermic needles at the Tenderloin Linkage Center.

16. All documents that have as any part of their subject matter the distribution of devices or paraphernalia to inject, smoke, use or ingest narcotics at the Tenderloin Linkage Center.

17. All documents that have as any part of their subject matter the distribution of "safer smoking kits" at the Tenderloin Linkage Center.

18. All documents that have as any part of their subject matter the sale or distribution of drugs or narcotics at the Tenderloin Linkage Center.

19. All documents that have as any part of their subject matter reports of the sale or distribution of drugs or narcotics at the Tenderloin Linkage Center.

20. All records that have as any part of their subject matter any policy, practice or guideline of allowing or permitting visitors to the Tenderloin Linkage Center to use drugs or narcotics while at that location.

21. All documents that have as any part of their subject matter any practice, policy, guideline or procedure with respect to members of the San Francisco Police Department, or any other law enforcement agency, having access or being able to enter to the Tenderloin Linkage Center, including, without limitation, any record indicating that police officers were not allowed to access the premises or were discouraged from entering the premises.

22. Any records that reflect any communication with the San Francisco Police Department about the Tenderloin Linkage Center.

San Francisco Department of Public Health
March 27, 2024
Page 4

23. Any records that reflect any communication with any law enforcement agency about the Tenderloin Linkage Center.

24. Any records that reflect any report or suspicion of criminal activity occurring at the Tenderloin Linkage Center.

25. Any records that have as any part of their subject matter activities that occurred on Willow Street in San Francisco on August 31, 2023, including, without limitation, the operation of a narcotics ingestion site or "safe consumption site" on Willow Street.

26. All documents that have as any part of their subject matter a proposed or actual supervised drug or narcotic site at any location in the Tenderloin District (as used in these requests, the "Tenderloin District" means that neighborhood in the City and County of San Francisco that is bounded on the north by Geary Street, on the east by Mason Street, on the south by Market Street, and on the west by Polk Street).

27. All documents that have as any part of their subject matter a proposed or actual supervised fentanyl use in the Tenderloin District.

28. All documents that have as any part of their subject matter a proposed or actual supervised "safe consumption site" in the Tenderloin District.

29. All documents that have as any part of their subject matter a proposed or actual supervised "safe injection site" in the Tenderloin District.

30. All documents that have as any part of their subject matter the distribution of "harm reduction kits" in the Tenderloin District.

31. All documents that have as any part of their subject matter the distribution of syringes or hypodermic needles in the Tenderloin District.

32. All documents that have as any part of their subject matter the distribution of devices or paraphernalia to inject, smoke, use or ingest narcotics in the Tenderloin District.

San Francisco Department of Public Health
March 27, 2024
Page 5

33. All documents that have as any part of their subject matter the distribution of "safer smoking kits" in the Tenderloin District.

34. Any records that refer to or reflect any discussion or analysis of the legality or illegality of operating a site for the ingestion of illegal narcotics.

35. Any records that refer to or reflect any discussion or analysis of the legality or illegality of operating a "safe consumption site."

36. Any records that refer to or reflect any discussion or analysis of the criminal penalties that can be imposed on a person who is involved in the operation of a site for the ingestion of illegal narcotics.

37. Any records that refer to or reflect any discussion or analysis of the criminal penalties that can be imposed on a person who is involved in the operation of a "safe consumption site."

38. Any records that refer to or reflect any discussion or analysis of 21 U.S.C. § 856, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site.

39. Any records that refer to or reflect any discussion or analysis of California Health & Safety Code § 11365, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site.

40. Any records that refer to or reflect any discussion or analysis of California Health & Safety Code § 11366, including, without limitation, any memoranda or communication about this statute and the operation of a supervised drug injection site or "safe consumption site."

41. All records that have as any part of their subject matter any communication with Healthright 360 about the Tenderloin Linkage Center.

42. All records that have as any part of their subject matter any communication with Healthright 360 about "safe consumption sites."

San Francisco Department of Public Health
March 27, 2024
Page 6

43. All records that have as any part of their subject matter any communication with Vitka Eisen about the Tenderloin Linkage Center.

44. All records that have as any part of their subject matter any communication with Vitka Eisen about "safe consumption sites."

45. All documents that have as any part of their subject matter the opening or operation of a "wellness hub" in the Tenderloin District.

46. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with Healthright 360 for the provision of any services in the Tenderloin District (from January 1, 2019 to the present).

47. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the Hospitality House for the provision of any services in the Tenderloin District (from January 1, 2019 to the present).

48. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the Gubbio Project for the provision of any services in the Tenderloin District (from January 1, 2019 to the present).

49. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the Filipino Community Development Corporationfor the provision of any services in the Tenderloin District (from January 1, 2019 to the present).

50. All records that have as any part of their subject matter any funding provided to, or agreement with, or contract with the San Francisco Community Health Center for the provision of any services in the Tenderloin District (from January 1, 2019 to the present).

51. All records that have as any part of their subject matter the intended uses of 822 Geary Street, San Francisco, including, without limitation, any records relating to using that property as a "safe consumption site" or a "safe consumption site."

San Francisco Department of Public Health
March 27, 2024
Page 7

52. All records that have as any part of their subject matter public or community outreach about the intended uses of 822 Geary Street, San Francisco, including, without limitation, any meetings, town halls or other events that were intended to notify the residents of the Tenderloin district about the intended uses of that property, and/or to obtain the reaction of residents to the intended uses.

53. All records that have as any part of their subject matter the acquisition of 645 Larkin Street, San Francisco by the San Francisco Community Health Center.

54. All records that have as any part of their subject matter the San Francisco Community Health Center's intended uses of 645 Larkin Street, San Francisco.

55. All records that have as any part of their subject matter proposed operations of a resource center at 418-422 Turk Street, San Francisco.

56. All records that have as any part of their subject matter notification of residents of the Tenderloin District about proposed operations of a resource center at 418-422 Turk Street, San Francisco.

We agree in advance to pay any reasonable charge for gathering and producing this documents that is allowed by law. We assume that your department is aware of its obligation to respond to these requests within ten calendar days.

Feel free to contact the undersigned for any reason.

Very truly yours,

MATTHEW D. DAVIS

MDD\MDD