DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar 173594
Chief Deputy City Attorney
TARA M. STEELEY, State Bar #231775
THOMAS S. LAKRITZ, State Bar #161234
JOHN H. GEORGE, State Bar #292332
KAITLYN M. MURPHY, State Bar #293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4655 (Steeley)
              (145) 554-4628 (Lakritz)
              (415) 554-4223 (George)
              (415) 554-6762 (Murphy)
Facsimile:    (415) 554-4699
E-Mail:       tara.steeley@sfcityatty.org
              tom.lakritz@sfcityatty.org
              john.george@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendant. | Case No. 4:24-cv-01562-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  September 10, 2024<br>Time:          2:00 p.m.<br>Place:         Videoconference<br><br>Trial Date:    None set. |

Pursuant to Local Rules 16-9 and the Standing Orders for All Judges of the Northern District of California, the parties jointly submit this Case Management Conference Statement. This is the first case management statement filed in the litigation.

**1.    Jurisdiction and Service**

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 42 U.S.C. § 12132, and 42 U.S.C. § 1983 because three of Plaintiffs' claims arise under the laws and Constitution of the United States. This Court has supplemental jurisdiction over Plaintiffs' remaining three related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. All parties have been served. San Francisco challenges certain Plaintiffs' Article III standing.

**2.    Facts**

The Court is familiar with the facts of the case having already ruled on San Francisco's Motion to Dismiss the original complaint. (Dkt. No. 46.) Plaintiffs challenge the conditions in the Tenderloin neighborhood of San Francisco. They allege the City affirmatively treats the Tenderloin as a "containment zone," and permits unlawful activity in the Tenderloin that it does not permit in other parts of the City. Plaintiffs are all either residents of the Tenderloin or businesses that operate in the Tenderloin and allege that the City's conduct caused them harm.

San Francisco denies the allegations in the complaint and denies Plaintiffs are entitled to the relief sought.

**3.    Legal Issues**

The following are disputed points of law necessary to resolve this case:

- Whether Mary Roe or Susan Roe have disabilities under federal or state law (claims 1-3);
- Whether Mary Roe or Susan Roe requested accommodations for their disabilities that San Francisco failed to provide them (claims 1-3);
- Whether San Francisco's failure to provide such an accommodation caused Mary Roe or Susan Roe to suffer a violation of their federal or state rights under the ADA, Rehabilitation Act, or California Disabled Persons Act (claims 1-3);

- Whether any accommodation Mary Roe or Susan Roe requested would have constituted a fundamental alteration of the City's program or would have resulted in undue financial and administrative burdens on the City (claims 1-3);
- Whether San Francisco's affirmative conduct constituted a nuisance (either public or private) that caused harm to any Plaintiff (claims 4-5);
- Whether San Francisco's affirmative conduct constituted a dangerous condition, which caused injury to any Plaintiff (claim 6);
- Whether Plaintiffs have sufficiently demonstrated any constitutional injury they suffered was the result of a City policy, custom, or practice (claim 6);
- Whether each Plaintiff has standing to pursue the claims they allege (all claims);
- Whether San Francisco is immune to claims based on the conduct Plaintiffs allege (claims 1-6);
- Whether each Plaintiff properly filed claims with the City under the terms of the California Government Code (claims 3-5); and
- Whether Plaintiffs are entitled to equitable or injunctive relief, including whether the City can be enjoined from engaging in certain conduct that allegedly harms and endangers Plaintiffs.

**4. Motions**

A. Prior Motions:

The Court has ruled on four motions and/or applications in this case:

- The Court granted pro hac vice applications for Plaintiffs' counsel (Dkt. No. 15);
- The Court issued an order relating this case to *Hastings College of the Law v. City and County of San Francisco*, N.D. Cal. Case No. 20-cv-03033-JST. (Dkt. Nos. 20-21);
- The Court granted Plaintiffs Jane Roe, Mary Roe, Susan Roe, John Roe, and Barbara Roe application for an order granting permission to use pseudonyms in their pleadings (Dkt. No. 30); and
- The Court granted in a part, and denied in part, San Francisco's Motion to Dismiss the original complaint. (Dkt. No. 46.)

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST                                    2                         n:\govlit\li2024\240805\01782348.docx

### B. Pending Motions

San Francisco moved to dismiss the First Amended Complaint on August 9, 2024. (Dkt. No. 51.) Plaintiffs filed their opposition on August 30 and San Francisco's reply is due by September 13, 2024, pursuant to the stipulation of the parties and an order of the Court. (Dkt. No. 55.)

### C. Future Anticipated Motions

Should the case proceed after the Court rules on San Francisco's pending motion, the parties anticipate filing dispositive motions after discovery.

## 5. Amendment of Pleadings

The parties do not anticipate further amendment of the pleadings absent leave of Court.

## 6. Evidence Preservation

All parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## 7. Disclosures

The parties Initial Disclosures are due on the same day as this Case Management Statement and all parties will comply with the Court-imposed deadline. (Dkt. No. 47.)

## 8. Discovery

Neither party has propounded discovery to date. The parties anticipate that the scope of discovery will be impacted by the Court's ruling on San Francisco's outstanding Motion to Dismiss the First Amended Complaint and do not believe a stipulated e-discovery order or proposed discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure would be helpful at this stage. The parties will work collaboratively to resolve discovery disputes without seeking redress from the Court where possible.

## 9. Class Actions

This is not a class action.

## 10. Related Cases

The court related this case to *Hastings College of the Law v. City and County of San Francisco*, N.D. Cal. Case No. 20-cv-03033-JST. (Dkt. Nos. 20-21.)

**11.     Relief**

Plaintiffs seek declaratory and injunctive relief.

**12.     Settlement and ADR**

The parties engaged in informal direct settlement discussions, which proved unsuccessful. The parties are open to settlement discussions facilitated by a Magistrate Judge, but believe further settlement discussions are premature at this stage in light of the City's outstanding Motion to Dismiss the First Amended Complaint.

**13.     Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Ligation.

**14.     Narrowing of Issues**

San Francisco's outstanding Motion to Dismiss the First Amended Complaint has the potential to narrow the issues in this case. The parties will continue to work together to identify ways to narrow the issues in the case.

**15.     Scheduling**

The parties respectfully request the Court postpone setting a case schedule until after it rules on the outstanding Motion to Dismiss the First Amended Complaint in light of the chance for the Court's order to impact the scope of the facts and legal issues in the case. To the extent the Court wishes to impose a case schedule now, the parties propose the following:

| Event | Plaintiffs' Proposal | San Francisco's Proposal | Court's Order |
|---|---|---|---|
| Date to Complete Initial ADR Session | 30 Days After San Francisco Answers The Complaint | 30 Days After San Francisco Answers The Complaint | |
| Fact Discovery Cut-Off | February 3, 2025 | August 8, 2025 | |
| Opening Expert Report Deadline | February 17, 2025 | August 22, 2025 (2 weeks after close of fact discovery) | |
| Rebuttal Expert Report Deadline | March 3, 2025 | September 19, 2025 (4 weeks from initial disclosure) | |

| Event | Plaintiffs' Proposal | San Francisco's Proposal | Court's Order |
|---|---|---|---|
| Expert Discovery Cut-Off | March 17, 2025 | October 3, 2025 (2 weeks from rebuttal disclosure) | |
| Deadline to File Dispositive Motions | April 17, 2025 | November 6, 2025 (34 days after expert discovery cut-off) | |
| Last Day to Hear Dispositive Motions (Thursday, 2PM) | March 21, 2025 | Thursday December 11, 2025 (35 days after motion deadline) | |
| Pretrial Conference (Friday, 2PM) | April 21, 2025 | Friday January 23, 2026 (6 weeks after MSJ hearing) | |
| Trial (M-Th, 8AM) | May 5, 2025 | Monday February 2, 2026 (2nd Monday following Pretrial Conference) | |

### 16. Trial

This case will be tried to the Court because Plaintiffs seek only declaratory and injunctive relief. The First Amended Complaint contains six causes of action. The parties anticipate that the Court's rulings on the outstanding Motion to Dismiss the First Amended Complaint will inform what issues remain for trial and therefore impact the estimated length of trial. The parties therefore request the Court not a trial schedule until after it rules on the outstanding motion.

### 17. Disclosure of Non-party Interested Entities or Persons

Plaintiffs PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company, have no conflicts to report. This rule does not apply to governmental entities or their agencies.

### 18. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other Matters

Plaintiffs declined to consent to the jurisdiction of a magistrate judge. (Dkt. No. 8.)

The parties are unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: September 3, 2024

          DAVID CHIU
          City Attorney
          YVONNE R. MERÉ
          Chief Deputy City Attorney
          TARA M. STEELEY
          THOMAS S. LAKRITZ
          JOHN H. GEORGE
          KAITLYN M. MURPHY
          Deputy City Attorneys

By:   /s/*Kaitlyn M. Murphy*
      KAITLYN M. MURPHY

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Dated: September 3, 2024

          WALKUP, MELODIA, KELLY & SCHOENBERGER

By:   **s/*Matthew D. Davis*
      MATTHEW D. DAVIS

Attorneys for Plaintiffs
JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE, BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY FUN, LLC, and 2930 EL CAMINO, LLC

**Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.

# CIVIL L.R. 5-1(h)(3) ATTESTATION

I, KAITLYN M. MURPHY, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated:  September 3, 2024

>                               DAVID CHIU
>                               City Attorney
>                               YVONNE R. MERÉ
>                               Chief Deputy City Attorney
>                               TARA M. STEELEY
>                               THOMAS S. LAKRITZ
>                               JOHN H. GEORGE
>                               KAITLYN M. MURPHY
>                               Deputy City Attorneys
>
>                       By:   /s/*Kaitlyn M. Murphy*
>                               KAITLYN M. MURPHY
>
>                               Attorneys for Defendant
>                               CITY AND COUNTY OF SAN FRANCISCO