DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar 173594
Chief Deputy City Attorney
TARA M. STEELEY, State Bar #231775
THOMAS S. LAKRITZ, State Bar #161234
JOHN H. GEORGE, State Bar #292332
KAITLYN M. MURPHY, State Bar #293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4655 (Steeley)
               (145) 554-4628 (Lakritz)
               (415) 554-4223 (George)
               (415) 554-6762 (Murphy)
Facsimile:     (415) 554-4699
E-Mail:        tara.steeley@sfcityatty.org
               tom.lakritz@sfcityatty.org
               john.george@sfcityatty.org
               kaitlyn.murphy@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendant. | Case No. 4:24-cv-01562-JST<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Trial Date:        None set. |

Pursuant to this Court's Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 63), Defendant City and County of San Francisco ("San Francisco" or "City") hereby submits this Answer to the First Amended Complaint ("Complaint") filed on July 26, 2024, by Plaintiffs Jane Roe, Mary Roe, Susan Roe, John Roe, Barbara Roe, Phoenix Hotel SF, LLC, Funky Fun, LLC, and 2930 El Camino, LLC (collectively "Plaintiffs"), as follows:

**INTRODUCTION**

1.    Responding to paragraph 1 of the Complaint, San Francisco admits that the Tenderloin and the street boundaries Plaintiffs identify are in San Francisco.

2.    Responding to paragraph 2 of the Complaint, San Francisco admits that there are residences in the Tenderloin and that the area encompassed by the Tenderloin has been part of the City for over 100 years. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

3.    Responding to paragraph 3 of the Complaint, San Francisco admits that there are residences in the Tenderloin and that children live in the Tenderloin. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

4.    Responding to paragraph 4 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

5.    Responding to paragraph 5 of the Complaint, San Francisco admits that entrepreneurs have started businesses across the City, including in the Tenderloin. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

6.    Responding to paragraph 6 of the Complaint, San Francisco denies Plaintiffs' characterization of its treatment of the Tenderloin neighborhood and denies that it has the policies Plaintiffs allege. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

7.    Responding to paragraph 7 of the Complaint, San Francisco admits that some of its residents and visitors unlawfully use fentanyl. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not

reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

8.      Responding to paragraph 8 of the Complaint, San Francisco denies the allegations regarding its conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

9.      Responding to paragraph 9 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations.

10.     Responding to paragraph 10 of the Complaint, San Francisco denies the allegations regarding its conduct. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

11.     Responding to paragraph 11 of the Complaint, San Francisco denies that its conduct harmed any Plaintiff. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

## THE CITY CONDUCT THAT HARMS PLAINTIFFS

12.     Responding to paragraph 12 of the Complaint, San Francisco denies the allegations in this paragraph and has a compassionate services-first approach to homelessness and mental health issues in the City.

13.     Responding to paragraph 13 of the Complaint, San Francisco denies the allegations against it in this paragraph and denies any of its conduct is unlawful.

14.     Responding to paragraph 14 of the Complaint, San Francisco denies the allegations against it in this paragraph and denies any of its conduct is unlawful.

15.     Responding to paragraph 15 of the Complaint, San Francisco denies the allegations against it in this paragraph and denies any of its conduct is unlawful.

16.     Responding to paragraph 16 of the Complaint, San Francisco denies the allegations in this paragraph and denies that its conduct caused any Plaintiff injury.

17.     Responding to paragraph 17 of the Complaint, San Francisco admits that its Street Medicine team provides street-based services to many individuals, including homeless residents in the

Tenderloin. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

18.    Responding to paragraph 18 of the Complaint, San Francisco admits that its Best Neighborhood Program offers street-based care and distributes supplies in the Tenderloin.  To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

19.    Responding to paragraph 19 of the Complaint, San Francisco admits that its Night Navigator program provides services, supplies, and resources to individuals in the Tenderloin. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

20.    Responding to paragraph 20 of the Complaint, San Francisco admits that its Joint Field Operations program supports individuals in the Tenderloin including those experiencing homelessness or who have substance use disorders. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

21.    Responding to paragraph 21 of the Complaint, San Francisco denies the allegations in this paragraph.

22.    Responding to paragraph 22 of the Complaint, San Francisco admits the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in this paragraph are matters of public record which speak for themselves.

23.     Responding to paragraph 23 of the Complaint, San Francisco admits that it purchased 822 Geary Street, but denies that it intended to use the property as Plaintiffs' allege and denies the remaining allegations in this paragraph related to the City's conduct. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

24.     Responding to paragraph 24 of the Complaint, San Francisco admits that the Tenderloin Center opened in 2022, and denies the allegations in this paragraph that relate to its conduct. San Francisco lacks information sufficient to form a belief as to the truth of any remaining allegations contained in that paragraph, and deny the same on that basis.

25.     Responding to paragraph 25 of the Complaint, San Francisco denies that its conduct was unlawful or that it caused Plaintiffs any injury or harm. San Francisco lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

26.     Responding to paragraph 26 of the Complaint, San Francisco denies the allegations in this paragraph.

27.     Responding to paragraph 27 of the Complaint, San Francisco denies the allegations in this paragraph.

28.     Responding to paragraph 28 of the Complaint, San Francisco admits that the Tenderloin Center is no longer in operation. San Francisco denies the remaining allegations in this paragraph concerning its conduct. San Francisco denies any of its conduct violated the law or injured any Plaintiff. San Francisco lacks information and belief as to the remaining allegations in this paragraph, and on that basis, denies the allegations.

29.     Responding to paragraph 29 of the Complaint, San Francisco lacks information and belief as to the allegations in this paragraph, and on that basis, denies the allegations. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the

extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

30.  Responding to paragraph 30 of the Complaint, San Francisco states that this paragraph of the Complaint purports to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

31.  Responding to paragraph 31 of the Complaint, San Francisco admits that the Tenderloin Community Elementary School and "Little Saigon" area in the Tenderloin exist, but denies Plaintiffs' allegations regarding distances. San Francisco lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

32.  Responding to paragraph 32 of the Complaint, San Francisco denies the allegations in this paragraph.

33.  Responding to paragraph 33 of the Complaint, San Francisco denies that it had the plan alleged in this paragraph related to 822 Geary Street. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information sufficient to form a belief as to the truth of any remaining allegations contained in that paragraph, and deny the same on that basis.

34.  Responding to paragraph 34 of the Complaint, San Francisco denies that it engages in the conduct alleged. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations. San Francisco lacks information sufficient to form a belief as to the truth of any remaining allegations contained in that paragraph, and deny the same on that basis.

35.  Responding to paragraph 35 of the Complaint, San Francisco denies the allegations in this paragraph.

36.     Responding to paragraph 36 of the Complaint, San Francisco denies the allegations in this Paragraph concerning its policies. San Francisco admits that the City has experienced murders, stabbings, and gun discharges. San Francisco lacks information sufficient to form a belief as to any remaining allegations contained in that paragraph, and deny the same on that basis.

37.     Responding to paragraph 37 of the Complaint, San Francisco denies the allegations in this paragraph concerning its conduct. San Francisco denies that its conduct harmed any Plaintiff. San Francisco states that the remaining allegations in this paragraph contains legal conclusions to which no response is required. To the extent a response is required, San Francisco denies the allegations. San Francisco lacks information sufficient to form a belief as to the truth of any remaining allegations contained in that paragraph, and deny the same on that basis.

## JURISDICTION AND VENUE

38.     Responding to paragraph 38 of the Complaint, San Francisco admits the allegations in this paragraph, but its investigation into Plaintiffs' standing continues.

39.     Responding to paragraph 39 of the Complaint, San Francisco admits the allegations in this paragraph, but its investigation into Plaintiffs' standing continues.

40.     Responding to paragraph 40 of the Complaint, San Francisco denies the allegations in this paragraph.

41.     Responding to paragraph 41 of the Complaint, San Francisco admits venue is proper, but its investigation into Plaintiffs' standing continues.

## INTRADISTRICT ASSIGNMENT

42.     Responding to paragraph 42 of the Complaint, San Francisco admits the allegations in this paragraph.

## THE PARTIES

43.     Responding to paragraph 43 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

44.     Responding to paragraph 44 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

45.     Responding to paragraph 45 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

46.     Responding to paragraph 46 of the Complaint, San Francisco admits that it leases the COVA hotel and that the hotel is operated as a non-congregate shelter.

47.     Responding to paragraph 47 of the Complaint, San Francisco admits that the rooms at the COVA contain a bathroom and that residents are provided two meals a day, and are not charged rent for staying in the shelter. San Francisco denies Plaintiffs' assertions about eligibility, selection, and length of stay. San Francisco lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

48.     Responding to paragraph 48 of the Complaint, San Francisco admits that that residents in the COVA shelter do not pay rent and that the City has a "housing first" approach to homelessness City-wide. San Francisco denies the remaining allegations in this paragraph. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

49.     Responding to paragraph 49 of the Complaint, San Francisco denies that any of its conduct was unlawful, and lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

50.     Responding to paragraph 50 of the Complaint, San Francisco denies that any of its conduct was unlawful, and lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

51.     Responding to paragraph 51 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

52.     Responding to paragraph 52 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

53.     Responding to paragraph 53 of the Complaint, San Francisco denies the allegations in this paragraph as it relates to its own conduct. San Francisco lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

54.     Responding to paragraph 54 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

55.     Responding to paragraph 55 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

56.    Responding to paragraph 56 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

57.    Responding to paragraph 57 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

58.    Responding to paragraph 58 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

59.    Responding to paragraph 59 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

60.    Responding to paragraph 60 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

61.    Responding to paragraph 61 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

62.    Responding to paragraph 62 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

63.    Responding to paragraph 63 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

64.    Responding to paragraph 64 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

65.     Responding to paragraph 65 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

66.     Responding to paragraph 66 of the Complaint, San Francisco denies the allegations in this paragraph as it relates to the City's conduct. San Francisco lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff.

67.     Responding to paragraph 67 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

68.     Responding to paragraph 68 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. San Francisco denies it has injured any Plaintiff. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

69.     Responding to paragraph 69 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

70.     Responding to paragraph 70 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

71.     Responding to paragraph 71 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

72.     Responding to paragraph 72 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

73.     Responding to paragraph 73 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

74.     Responding to paragraph 74 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

75.     Responding to paragraph 75 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

76.     Responding to paragraph 76 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

77.     Responding to paragraph 77 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

78.     Responding to paragraph 78 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

79.     Responding to paragraph 79 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

80.     Responding to paragraph 80 of the Complaint, San Francisco states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, San Francisco denies the allegations.

81.     Responding to paragraph 81 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

82.     Responding to paragraph 82 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

83.     Responding to paragraph 83 of the Complaint, San Francisco admits that there was a pandemic in 2020. San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

84.     Responding to paragraph 84 of the Complaint, San Francisco denies the allegations in this paragraph about its own conduct. San Francisco lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

85.     Responding to paragraph 85 of the Complaint, San Francisco admits that the Phoenix Hotel Plaintiffs must comply with the law. San Francisco lacks information sufficient to form a belief as to the truth of any remaining allegations contained in that paragraph, and deny the same on that basis. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

86.     Responding to paragraph 86 of the Complaint, to the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

87.    Responding to paragraph 87 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

88.    Responding to paragraph 88 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

89.    Responding to paragraph 89 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis.

90.    Responding to paragraph 90 of the Complaint, San Francisco denies the allegations in this paragraph as they related to the City's conduct. San Francisco denies that it has injured any Plaintiff. San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. To the extent the remaining allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

91.    Responding to paragraph 91 of the Complaint, San Francisco admits that the Best Western Plaintiff must comply with the law. San Francisco lacks information sufficient to form a belief as to the truth of any remaining allegations contained in that paragraph, and deny the same on that basis. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

92.    Responding to paragraph 92 of the Complaint, San Francisco lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and deny the same on that basis. To the extent the allegations in this paragraph of the Complaint purport to describe or quote an extrinsic document, San Francisco avers that the extrinsic document is the best source of

its full content and context. To the extent that the allegations do not reflect the extrinsic document's full content and context, San Francisco denies the allegations.

93.      Responding to paragraph 93 of the Complaint, San Francisco admits the allegations in this paragraph.

**FIRST CLAIM FOR RELIEF**

**Violation of Title II of the Americans with Disabilities Act**
**42 U.S.C. §§ 12131 et seq.**
**(Plaintiffs Mary Roe and Susan Roe)**

94.      Responding to paragraph 94 of the Complaint, San Francisco incorporates by reference its answer to paragraphs 1 through 93, supra, as if fully set forth herein.

95.      Responding to paragraph 95 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

96.      Responding to paragraph 96 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

97.      Responding to paragraph 97 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

98.      Responding to paragraph 98 of the Complaint, San Francisco denies the allegations.

99.      Responding to paragraph 99 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves. San Francisco denies the remaining allegations in this paragraph.

100.     Responding to paragraph 100 of the Complaint, San Francisco denies the allegations.

101.     Responding to paragraph 101 of the Complaint, San Francisco denies that its conduct was unlawful or that it caused Plaintiffs any injury or harm. San Francisco lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

102.    Responding to paragraph 102 of the Complaint, San Francisco denies the allegations.

## SECOND CLAIM FOR RELIEF

### Violation of Section 504 of the Rehabilitation Act
### 29 U.S.C. §§ 794 et seq.
### (Plaintiffs Mary Roe and Susan Roe)

103.    Responding to paragraph 103 of the Complaint, San Francisco incorporates by reference its answer to paragraphs 1 through 93, supra, as if fully set forth herein.

104.    Responding to paragraph 104 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

105.    Responding to paragraph 105 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves. San Francisco denies the remaining allegations in this paragraph.

106.    Responding to paragraph 106 of the Complaint, San Francisco denies that its conduct was unlawful or that it caused Plaintiffs any injury or harm. San Francisco lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

## THIRD CLAIM FOR RELIEF

### Violation of California Disabled Persons Act
### California Civil Code §§ 54 et seq.
### (Plaintiffs Mary Roe and Susan Roe)

107.    Responding to paragraph 107 of the Complaint, San Francisco incorporates by reference its answer to paragraphs 1 through 93, supra, as if fully set forth herein.

108.    Responding to paragraph 108 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

109.    Responding to paragraph 109 of the Complaint, San Francisco states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, San Francisco denies the allegations.

**FOURTH CLAIM FOR RELIEF**

**Public Nuisance**
**California Civil Code §§ 3490 et seq.**
**(All Plaintiffs)**

110.    Responding to paragraph 110 of the Complaint, San Francisco incorporates by reference its answer to paragraphs 1 through 93, supra, as if fully set forth herein.

111.    Responding to paragraph 111 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

112.    Responding to paragraph 112 of the Complaint, San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

113.    Responding to paragraph 113 of the Complaint, San Francisco denies the allegations.

114.    Responding to paragraph 114 of the Complaint, San Francisco denies that its conduct was unlawful or that it caused Plaintiffs any injury or harm. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

115.    Responding to paragraph 115 of the Complaint, San Francisco denies that its conduct was unlawful or that it caused Plaintiffs any injury or harm. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

116.    Responding to paragraph 116 of the Complaint, San Francisco states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, San Francisco denies the allegations.

**FIFTH CLAIM FOR RELIEF**

**Private Nuisance**
**California Civil Code §§ 3501 et seq.**
**(All Plaintiffs)**

117.    Responding to paragraph 117 of the Complaint, San Francisco incorporates by reference its answer to paragraphs 1 through 93, supra, as if fully set forth herein.

118.    Responding to paragraph 118 of the Complaint, San Francisco denies that its conduct was unlawful or that it caused Plaintiffs any injury or harm. San Francisco lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

119.    Responding to paragraph 119 of the Complaint, San Francisco denies that its conduct was unlawful or that it caused Plaintiffs any injury or harm. San Francisco lacks sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and deny the same on that basis.

120.    Responding to paragraph 120 of the Complaint, San Francisco denies that its immunities are inapplicable to Plaintiffs' claims. San Francisco admits that the terms of the statutory and/or constitutional provisions and the contents of any judicial decisions cited in that paragraph are matters of public record which speak for themselves.

**SIXTH CLAIM FOR RELIEF**
**Violation of Due Process Clause, State-Created Danger Doctrine**
**42 U.S.C. § 1983; U.S. Const. Amend. XIV**
**(All Plaintiffs)**

121.    Responding to paragraph 121 of the Complaint, San Francisco incorporates by reference its answer to paragraphs 1 through 93, supra, as if fully set forth herein.

122.    Responding to paragraph 122 of the Complaint, San Francisco denies the factual allegations in Paragraph 122. Defendants assert that on October 15, 2024, the Court (Judge Tigar) granted Defendants motion to dismiss Plaintiffs' sixth cause of action. *See* ECF No. 63. Plaintiffs opted not to amend their sixth cause of action. Therefore, the Court's decision to dismiss Plaintiffs' sixth cause of action is with prejudice. *See* ECF No. 63. Accordingly, Plaintiffs' sixth cause of action is no longer viable.

123.    Responding to paragraph 123 of the Complaint, San Francisco denies the factual allegations in Paragraph 123. Defendants assert that on October 15, 2024, the Court (Judge Tigar) granted Defendants motion to dismiss Plaintiffs' sixth cause of action. *See* ECF No. 63. Plaintiffs opted not to amend their sixth cause of action. Therefore, the Court's decision to dismiss Plaintiffs'

sixth cause of action is with prejudice.  *See* ECF No. 63.  Accordingly, Plaintiffs' sixth cause of action is no longer viable.

124.    Responding to paragraph 124 of the Complaint, San Francisco denies the factual allegations in Paragraph 124.  Defendants assert that on October 15, 2024, the Court (Judge Tigar) granted Defendants motion to dismiss Plaintiffs' sixth cause of action.  *See* ECF No. 63.  Plaintiffs opted not to amend their sixth cause of action.  Therefore, the Court's decision to dismiss Plaintiffs' sixth cause of action is with prejudice.  *See* ECF No. 63.  Moreover, this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, San Francisco denies the allegations.  Accordingly, Plaintiffs' sixth cause of action is no longer viable.

## ANSWER TO PRAYER

San Francisco denies each and every legal conclusion and factual assertion in Plaintiffs' prayer for relief, and further denies that Plaintiffs are entitled to any of the relief sought.

## FACTUAL ALLEGATIONS SUPPORTING AFFIRMATIVE DEFENSES

San Francisco alleges on information and belief the following affirmative defenses. By setting forth these affirmative defenses, San Francisco does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs with Plaintiffs. Moreover, nothing stated in any of these affirmative defenses is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations.

San Francisco presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. San Francisco reserves the right to assert additional defenses in the event that discovery indicates that it would be appropriate.

1.    San Francisco alleges that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action under applicable laws.

2.    San Francisco alleges that Plaintiffs' Complaint, and all claims asserted therein, are barred in whole or in part to the extent that Plaintiffs lack standing to assert the claims and/or seek the requested relief.

3.    San Francisco alleges that Plaintiffs had full knowledge of the risks involved in the activity in which they were engaged at the time of the incident set forth in the Complaint herein; that

Plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint; and that the loss or damage, if any, sustained by the them was caused by said risks that were accepted and voluntarily assumed by them.

4.      San Francisco alleges that, Plaintiffs are estopped from seeking any recovery from San Francisco by reason of the allegations set forth in the Complaint.

5.      San Francisco alleges that Plaintiffs' Complaint and each cause of action therein are barred by the doctrine of unclean hands.

6.      San Francisco alleges that Plaintiffs' Complaint and each cause of action therein are barred in whole or in part to the extent Plaintiffs waived such claims.

7.      San Francisco alleges that Plaintiffs' Complaint and each cause of action therein are barred by the statute of limitations.

8.      To the extent any of the allegations in Plaintiffs' Complaint have been previously litigated, those allegations and/or the Complaint, and each cause of action therein, are barred by the doctrine of res judicata and collateral estoppel.

9.      San Francisco states that Plaintiffs' alleged injuries were caused by the negligence or other act or omission of third parties, and San Francisco is not liable to Plaintiffs or entitled to equitable and statutory indemnity from such third parties.

10.     San Francisco alleges that Plaintiffs' Complaint and each cause of action therein are barred to the extent the relief Plaintiffs seek would vest the judiciary with the power, right, or ability to expend public funds and/or deprive San Francisco's executive and/or legislative branches of the right to exercise its discretion to expend public funds enact legislation or public policies.

11.     This Court lacks jurisdiction over the subject matter of this action, which is to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions.

12.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have an alternative, adequate remedy at law.

13.     Plaintiffs' claims are barred, in whole or in part, for failure to join necessary and indispensable parties.

14.     Plaintiffs' Complaint and each cause of action therein moot.

15.     California Government Code section 820.4 provides that a public employee is not liable for injuries inflicted by his or her acts or omissions committed "in the execution or enforcement of any law" while exercising due care.

16.     Plaintiffs Susan Roe and Mary Roe have not alleged that they are person with disabilities under the ADA.

17.     Plaintiffs Susan Roe and Mary Roe have not alleged that they otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities, as required by the ADA.

18.     Plaintiffs Susan Roe and Mary Roe have not alleged that they were either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity.

19.     Plaintiffs Susan Roe and Mary Roe have not alleged that any alleged exclusion, denial of benefits, or discrimination was by reason of her disability.

20.     Plaintiffs' Complaint and each cause of action therein are barred in that the relief sought would require San Francisco to alter fundamentally San Francisco's services and programs.

21.     Plaintiffs' Complaint and each cause of action therein are barred in that the relief sought would place an undue financial and administrative burden or hardship on San Francisco and would require unreasonable modifications to the programs and services.

22.     Plaintiffs' Complaint and each cause of action therein are barred because San Francisco has a comprehensive system or plan which is effectively providing appropriate services, programs, and facilities to Plaintiffs Susan Roe and Mary Roe.

23.     Plaintiffs' Complaint and each cause of action therein are barred to the extent that Plaintiffs Susan Roe and Mary Roe allege entitlement to services or programs that are not being provided; Plaintiffs Susan Roe and Mary Roe failed to allege eligibility or entitlement to such services or programs.

24.     Plaintiffs' Complaint and each cause of action therein are barred because Plaintiffs Susan Roe and Mary Roe have failed to request either reasonable modification or auxiliary aid(s) as contemplated by all applicable law.

25.     Plaintiffs' Complaint and each cause of action therein are barred because San Francisco is not required to make the requested modifications to historic structures.

26.     Plaintiffs' Complaint and each cause of action therein are barred because San Francisco is not required to make modifications that are structurally impracticable.

27.     Plaintiffs' Complaint and each cause of action therein are barred, in whole or in part, by the separation of powers.

28.     San Francisco states that any act or omission on the part of the answering defendants, their agents or employees, was not the proximate cause of Plaintiffs' alleged injuries.

29.     San Francisco alleges that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

30.     Plaintiffs' Complaint and each cause of action therein are barred because Plaintiffs seek relief under the ADA allegedly because of acts or omissions of City employees who are not entities within the meaning of the Act.

31.     San Francisco states that Plaintiffs' injuries were caused by the negligence or other act or omission of third parties, and San Francisco is entitled to equitable and statutory indemnity from such third parties.

32.     Plaintiffs' Complaint and each cause of action therein are barred by the California Claims Act and the immunities in the Government Code.

33.     Plaintiffs' Complaint and each cause of action therein are barred by Plaintiffs' failure to file a government claim prior to initiating this litigation or Plaintiffs' causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiffs' written government tort claim, if any, and that to the extent that the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code sections 905, 910, 911.2, 945.5, 950.2 and related provisions.

34.    San Francisco alleges that to the extent Plaintiffs' Complaint includes allegations within the scope of the California Claims Act, Plaintiffs' Complaint is barred by the following provisions: Government Code Sections: 815; 815.2; 815.3, 815.4; 815.6; 818; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820.2; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.6; 822.2; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.5; 830.6; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844.6; 845.2; 845.6; 854; 854.1; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6; 895; 895.2; 895.4; 895.6; 895.8.

35.    San Francisco alleges that Plaintiffs' Complaint is barred by California Government Code section 8655.

36.    San Francisco alleges that Plaintiffs' Complaint is barred because Plaintiffs did not exhaust available administrative remedies before filing this action.

37.    San Francisco alleges that Plaintiffs' Complaint is barred because San Francisco's conduct complies with all federal, state, and local statutes and regulations. *See* Cal. Civ. Code § 3482.

38.    San Francisco alleges that the injuries allegedly sustained by the Plaintiffs were either wholly or in part caused by and/or the fault of persons, firms, corporations, or entities other than this answering defendant, and said conduct is basis for the injuries allegedly sustained by the Plaintiffs.

39.    Plaintiffs seek a mandatory injunction against San Francisco, which cannot be sought by complaint.  Plaintiffs sole remedy is to proceed by petition for writ of mandate under California Code of Civil Procedure, rather than by a complaint for a mandatory injunction.

40.    San Francisco alleges that, as a matter of law, Plaintiffs' claims against the City are barred pursuant to Public Works Code section 706

## PRAYER

WHEREFORE, San Francisco prays for judgment as follows:

1.    The Plaintiffs take nothing from San Francisco by way of this action;

2.    The Complaint be dismissed with prejudice and judgment entered in favor of the San Francisco;

/ / /

1      3.      San Francisco be awarded costs of suit, attorneys' fees and any other relief which the

2   Court deems proper.

3

4   Dated:  November 6, 2024

5                                              DAVID CHIU
                                               City Attorney
6                                              YVONNE R. MERÉ
                                               Chief Deputy City Attorney
7                                              TARA M. STEELEY
                                               THOMAS S. LAKRITZ
8                                              JOHN H. GEORGE
                                               KAITLYN M. MURPHY
9                                              Deputy City Attorneys

10

11                                  By:   s/Kaitlyn Murphy
                                          KAITLYN MURPHY
12
                                          Attorneys for Defendant
13                                        CITY AND COUNTY OF SAN FRANCISCO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28