DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
TARA M. STEELEY, SBN 231775
THOMAS S. LAKRITZ, SBN 161234
JOHN H. GEORGE, SBN 292332
KAITLYN M. MURPHY, SBN 293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:   (415) 554-4655 (Steeley)
             (145) 554-4628 (Lakritz)
             (415) 554-4223 (George)
             (415) 554-6762 (Murphy)
Facsimile:   (415) 554-4699
E-Mail:      tara.steeley@sfcityatty.org
             tom.lakritz@sfcityatty.org
             john.george@sfcityatty.org
             kaitlyn.murphy@sfcityatty.org

*Attorneys for Defendant*
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendant. | Case No. 4:24-cv-01562-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:   November 19, 2024<br>Time:           2:00 p.m.<br>Place:          Videoconference<br><br>Trial Date:     None set. |

Pursuant to Local Rules 16-9 and the Standing Orders for All Judges of the Northern District of California, the parties jointly submit this Joint Case Management Statement. This is the second case management statement filed in the litigation. The first Joint Case Management Statement was submitted on September 3, 2024 ahead of the September 10, 2024 Conference, which the Court continued to November 19, 2024.

**1.      Jurisdiction and Service**

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. San Francisco, the only defendant, has been served. San Francisco does not concede that each Plaintiff has standing for each claim or the relief sought.

**2.      Facts**

Two plaintiffs allege violations of state and federal disability laws based on blockages of the sidewalks and public spaces near their homes. All plaintiffs allege San Francisco has engaged in affirmative conduct that has caused or contributed to public and private nuisances near their homes and businesses. The Court described the allegations made in the First Amended Complaint in its Order Granting in Part and Denying in Part Motion to Dismiss. (ECF No. 63.) San Francisco denies the allegations in the First Amended Complaint and denies Plaintiffs are entitled to the relief sought.

**3.      Legal Issues**

Plaintiffs' Statement

The legal issues have been discussed in the Court's orders on San Francisco's motions to dismiss. (ECF Nos. 46 and 63.) Pending are claims for violations of federal and state disability laws and state claims for public and private nuisance. Plaintiffs seek injunctive relief, costs and attorney's fees. They do not seek monetary damages.

Defendant's Statement

The following are disputed points of law necessary to resolve this case:

- Whether Mary Roe or Susan Roe have disabilities under federal or state law (claims 1-3);
- Whether Mary Roe or Susan Roe are qualified to participate in or receive the benefit of a public entity's services, programs, or activities, as required by the ADA (claims 1-3);

- Whether Mary Roe or Susan Roe were either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity (claims 1-3);
- Whether any exclusion, denial of benefits, or discrimination was by reason of Mary Roe's or Susan Roe's disability (claims 1-3);
- Whether San Francisco's affirmative conduct constituted a nuisance (either public or private) that caused harm to any Plaintiff (claims 4-5);
- Whether San Francisco's affirmative conduct that Plaintiffs challenge was authorized by law (claims 4-5);
- Whether each Plaintiff has standing to pursue the claims they allege and the relief they seek (all claims);
- Whether San Francisco is immune to claims based on the conduct Plaintiffs allege (all claims);
- Whether Plaintiffs' claims are barred by the applicable statute of limitations (all claims);
- Whether Plaintiffs' claims are moot (all claims);
- Whether each Plaintiff properly filed claims with the San Francisco Controller's Office under the terms of the California Government Code (claims 3-5); and
- Whether Plaintiffs are entitled to equitable or injunctive relief, including whether the San Francisco can be enjoined from engaging in certain conduct that allegedly harms and endangers Plaintiffs.

**4.     Motions**

Plaintiffs' Statement

The Court has decided two motions to dismiss. San Francisco has answered. Plaintiffs are taking depositions and shall propound discovery. The first deposition is scheduled for December 3. Plaintiffs intend to move for a preliminary injunction as soon as possible. Plaintiffs propose hearing dates for them to present testimony and other evidence in support of that motion in as efficient a manner as possible.

Defendants' Statement

A.    Prior Motions:

The Court has ruled on five motions and/or applications in this case:

- The Court granted pro hac vice applications for Plaintiffs' counsel (ECF No. 15);
- The Court issued an order relating this case to *Hastings College of the Law v. City and County of San Francisco*, N.D. Cal. Case No. 20-cv-03033-JST. (ECF Nos. 20-21);
- The Court granted Plaintiffs Jane Roe, Mary Roe, Susan Roe, John Roe, and Barbara Roe's application for an order granting permission to use pseudonyms in their pleadings (ECF No. 30);
- The Court granted in a part, and denied in part, San Francisco's Motion to Dismiss the original complaint. (ECF No. 46.); and
- The Court granted in a part, and denied in part, San Francisco's Motion to Dismiss the First Amended Complaint. (ECF No. 63.)

B.    Pending Motions

There are no pending motions.

C.    Future Anticipated Motions

Defendant anticipates filing dispositive motions following discovery on the relevant issues and requests the Court bifurcate summary judgment on Plaintiffs' disability claims and nuisance claims. Plaintiffs' disability claims can likely be resolved earlier in the case. Plaintiffs have not provided any details to Defendant regarding their proposed motion for injunctive relief or the hearings they refer to, but Defendant will attempt to reach agreement with Plaintiffs on any proposed hearing dates or briefing schedules for their anticipated motions.

**5.    Amendment of Pleadings**

Plaintiffs do not plan to amend their First Amended Complaint. San Francisco filed its Answer to Plaintiffs' First Amended Complaint on November 6, 2024, and at this time does not intend to amend.

**6.    Evidence Preservation**

All parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**7.   Disclosures**

Plaintiffs believe that San Francisco's Initial Disclosures is insufficient because, among other things, the City did not identify by name a single employee who may have discoverable information.

San Francisco intends to meet and confer with Plaintiffs to resolve the deficiencies in Plaintiffs' Initial Disclosures, including their failure to disclose the name, address and telephone number of each individual likely to have discoverable information and instead make such disclosures as unidentified "members of [Plaintiff's] household" and "literally thousands of individuals who reside or work near plaintiffs' homes and businesses."

**8.   Discovery**

Plaintiffs' Statement

Plaintiffs has notified San Francisco of the names of six City employees that they want to depose. San Francisco has provided dates for those deposition in December. Plaintiffs expect each of these depositions to last 4 hours or less. Plaintiffs will likely depose additional San Francisco employees and about five third-party witnesses. Plaintiffs propounded document requests pertaining to four shelters that the City operates in the Tenderloin that Plaintiffs allege have become de facto drug houses. Plaintiffs intend to propound additional written discovery. San Francisco propounded document requests. The parties must meet-and-confer about and arrange for joint inspections relating to the ADA claim.

Defendant's Statement

San Francisco has provided dates for depositions for each of its employees that Plaintiffs have indicated they intend to depose. San Francisco has received Plaintiffs' Requests for Production and will respond as required by the Federal Rules of Civil Procedure. Defendant has not agreed to any modifications of the discovery rules and limits set by the Federal Rules of Civil Procedure. San Francisco will meet and confer and arrange for joint inspections as required, but notes that this Court previously held that the case is not subject to General Order 56 (ECF No. 47).

**9. Class Actions**

The case is not a class action.

**10. Related Cases**

The court related this case to *Hastings College of the Law v. City and County of San Francisco*, N.D. Cal. Case No. 20-cv-03033-JST. (ECF Nos. 20-21.)

**11. Relief**

The FAC seeks injunctive/equitable relief and an award of costs of suit, including attorney's fees. Plaintiffs do not seek monetary damages. (ECF No. 50.) San Francisco denies the allegations in the First Amended Complaint and denies Plaintiffs are entitled to the relief sought.

**12. Settlement and ADR**

<u>Plaintiffs' Statement</u>

There have been no ADR efforts to date. If and when ADR efforts commence, Plaintiffs seek relief that implicates the numerous City departments and agencies that, Plaintiffs allege, directly and indirectly engage in activities that Plaintiffs allege cause or contribute to nuisances and impeded walkways near their businesses and homes. Thus, from Plaintiffs' perspective, representatives of those departments and agencies must participate for the ADR to be meaningful.

<u>Defendant's Statement</u>

The parties engaged in informal direct settlement discussions, which proved unsuccessful. San Francisco does not believe settlement discussions would be productive at this point. The parties will meet and confer in good faith to request the Court appoint a magistrate judge for purposes of settlement should circumstances change. To the extent the parties engage in ADR, San Francisco will attend with a client representative as required by the Court's rules. At this early stage in which no settlement or ADR discussions are even anticipated, it is entirely too early to say whose attendance is required.

**13. Other References**

This case is not subject to arbitration agreements or the subject of an MDL. Plaintiffs do not seek the appointment of a Special Master at this time

**14. Narrowing of Issues**

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST                5                n:\govlit\li2024\240805\01799125.docx

Plaintiffs' Statement

1. Does San Francisco directly or indirectly (through vendors) hand out fentanyl smoking kits, syringes and other drug paraphernalia to addicts on the sidewalks and public spaces in the Tenderloin?

2. Does San Francisco directly or indirectly provide support and services to addicts on the sidewalks and public spaces of the Tenderloin who refuse offers of shelter?

3. Does San Francisco directly or indirectly operate the COVA Hotel and other former tourist hotels in the Tenderloin (the Monarch, the Adante, 685 Ellis Street and 1015 Geary Street) as "housing first" facilities at which residents can use narcotics and engage in other illegal activities that impact neighbors with little or no consequences?

4. Has San Francisco directly or indirectly operated or supported illegal "supervised" narcotics consumption sites in or near the Tenderloin that have drawn addicts, dealers and associated crime to the neighborhood? Is San Francisco currently operating or supporting such sites? Does San Francisco plan or intend to operate or support such sites in the future?

Defendant's Statement

San Francisco is committed to working with Plaintiffs to identify ways to narrow the issues in the case. This Court can narrow the issues by bifurcating summary judgment on Plaintiffs' disability claims and nuisance claims. Plaintiffs' disability claims can likely be resolved earlier in the case.

San Francisco disagrees with Plaintiffs' characterization and scope of the four issues it highlights, but will address the substance of any disagreement through the meet and confer process and, if necessary, the process identified in the Court's Standing Order for resolving discovery disputes.

**15.   Scheduling**

Plaintiffs' Statement

Plaintiffs propose a discovery cutoff of February 14, 2025 and a hearing on their motion for a preliminary injunction in April 2025.

Defendant's Statement

San Francisco proposes the following case schedule, which considers the need to conduct discovery into Plaintiffs' allegations, which cover several categories of alleged activity by San Francisco and third parties:

| Event | San Francisco's Proposal |
|---|---|
| Fact Discovery Cut-Off | August 8, 2025 |
| Opening Expert Report Deadline | August 22, 2025 (2 weeks after close of fact discovery) |
| Rebuttal Expert Report Deadline | September 19, 2025 (4 weeks from initial disclosure) |
| Expert Discovery Cut-Off | October 3, 2025 (2 weeks from rebuttal disclosure) |
| Last Day to File Dispositive Motions | November 6, 2025 (34 days after expert discovery cut-off) |
| Last Day to Hear Dispositive Motions (Thursday, 2PM) | Thursday December 11, 2025 (35 days after motion deadline) |
| Pretrial Conference (Friday, 2PM) | Friday January 23, 2026 (6 weeks after MSJ hearing) |
| Trial (M-Th, 8AM) | Monday February 2, 2026 (2nd Monday following Pretrial Conference) |

**16.    Trial**

Plaintiffs' Statement

Plaintiffs anticipate pursuing a preliminary injunction and would submit some evidence in support of the motion in the form of live testimony, and some in the form of written submissions, including deposition testimony, documents, photographs and video recordings. Plaintiffs would expect the hearing to last about three days.

Defendant's Statement

San Francisco shares the goal of efficiently trying this case before the Court, but cannot determine at this time the form of presentation of trial testimony. San Francisco requests 10 days for trial, inclusive of all parties' cases.

**17.   Disclosure of Non-party Interested Entities or Persons**

<u>Plaintiffs' Statement</u>

Plaintiffs shall file their statements mandated by Civil Local Rule 3-15. There are five individual defendants and three business defendants. They do not believe there are any conflicts.

<u>Defendant's Statement</u>

This rule does not apply to governmental entities or their agencies.

**18.   Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Other Matters**

The parties have agreed on a joint proposed protective order and will submit it and the required declaration to the Court for its approval.

Dated:  November 12, 2024

                        DAVID CHIU
                        City Attorney
                        YVONNE R. MERÉ
                        Chief Deputy City Attorney
                        TARA M. STEELEY
                        THOMAS S. LAKRITZ
                        JOHN H. GEORGE
                        KAITLYN M. MURPHY
                        Deputy City Attorneys

By:   */s/ John H. George*
      JOHN H. GEORGE

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Dated: November 12, 2024

                WALKUP, MELODIA, KELLY & SCHOENBERGER

By: \*\*_____
     MATTHEW D. DAVIS

Attorneys for Plaintiffs
JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE, BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY FUN, LLC, and 2930 EL CAMINO, LLC

*\*\*Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, JOHN H. GEORGE, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated: November 12, 2024

         DAVID CHIU
         City Attorney
         YVONNE R. MERÉ
         Chief Deputy City Attorney
         TARA M. STEELEY
         THOMAS S. LAKRITZ
         JOHN H. GEORGE
         KAITLYN M. MURPHY
         Deputy City Attorneys

By: */s/ John H. George*
     JOHN H. GEORGE

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# CERTIFICATE OF SERVICE

I, Christine Hoang, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market Street, 6th Floor, San Francisco, CA 94102.

On November 12, 2024, I served the following document:

**JOINT CASE MANAGEMENT STATEMENT**

on the following persons at the locations specified:

Michael A. Kelly, Esq.
Richard H. Schoenberger, Esq.
Matthew D. Davis, Esq.
Ashcon Minoiefar, Esq.
**LAW OFFICES OF WALKUP, MELODIA, KELLY & SCHOENBERGER**
650 California Street
26th Floor San Francisco, CA 94108-2615
Emails:   mkelly@walkuplawoffice.com
rschoenberger@walkuplawoffice.com
mdavis@walkuplawoffice.com
aminoiefar@walkuplawoffice.com
Tel: 415-981-7210 ·
Fax: 415-391-6965

[Attorneys for Plaintiffs JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE, BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY FUN, LLC, and 2930 EL CAMINO, LLC]

Shanin Specter, Esq.
Alex Van Dyke, Esq.
**KLINE & SPECTER, P.C.**
1525 Locust Street
Philadelphia, PA 19102
Emails:   shanin.specter@klinespecter.com
alex.vandyke@klinespecter.com
Tel: 215-772-1000
Fax: 215-772-1359

[Attorneys for Plaintiffs JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE, BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY FUN, LLC, and 2930 EL CAMINO, LLC]

in the manner indicated below:

☒   **BY ELECTRONIC MAIL/E-SERVICE:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above. Such document was transmitted *via* ECF/CM electronic filing from the electronic address: Christine.Hoang@sfcityatty.org ☒ in portable document format ("PDF") Adobe Acrobat document format.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 12, 2024, at San Francisco, California.

*Christine Hoang*
CHRISTINE HOANG