DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
TARA M. STEELEY, SBN 231775
THOMAS S. LAKRITZ, SBN 161234
JOHN H. GEORGE, SBN 292332
KAITLYN M. MURPHY, SBN 293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-4655 (Steeley)
(145) 554-4628 (Lakritz)
(415) 554-4223 (George)
(415) 554-6762 (Murphy)
Facsimile: (415) 554-4699
E-Mail: tara.steeley@sfcityatty.org
tom.lakritz@sfcityatty.org
john.george@sfcityatty.org
kaitlyn.murphy@sfcityatty.org

*Attorneys for Defendant*
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a California public entity,

Defendant.

Case No. 4:24-cv-01562-JST

**JOINT CASE MANAGEMENT STATEMENT**

Hearing Date: December 17, 2024
Time: 2:00 p.m.
Place: Videoconference

Trial Date: None set.

Pursuant to the Court's November 20, 2024 Minute Entry (ECF No. 67), the parties jointly submit this Joint Case Management Statement.

# I. The Parties' Preliminarily Statements on Discovery and Related Issues

## A. Plaintiffs' Statement

### 1. Due to the dire conditions in the Tenderloin, plaintiffs have diligently prosecuted this case so they could move for a preliminary injunction as soon as possible.

Plaintiffs contend that the City's affirmative conduct creates and contributes to dangerous and horrific nuisances around their homes and businesses.[1] Plaintiffs have thus prosecuted this case diligently toward the end of moving for a preliminary injunction. Before discovery commenced, they obtained documents from the City pursuant to Public Records Act requests. Following the Court's ruling that they could proceed on their nuisance claims, they met-and-conferred with the City and noticed the depositions of six City employees for December. The deposition schedule was to be as follows:

(1) Danny Manning, the San Francisco Police Department's Acting Captain for the Tenderloin Station, on December 2, 2024;

(2) Mark Maza, Tenderloin Street Operations Manager for the Department of Emergency Management, on December 6;

(3) Krista Gaeta, Director of Strategic Initiatives within the Population Behavioral Health Services division, SF Department of Public Health, on December 12;

(4) Heather Weisbrod, SF Department of Public Health Licensed Clinical Social Worker, on December 12;

(5) Emily Cohen, Deputy Director for Communications & Legislative Affairs for the San Francisco Department of Homelessness and Supportive Housing ("HSH"), on December 13, 2024; and

(6) Dr. Hillary Kunins, Director of Behavioral Health Services and Mental Health SF, SF Department of Public Health, on December 18.

[1] Two disabled plaintiffs contend that their access to sidewalks and other public facilities is blocked.

This Court at the November 19 CMC indicated its intent to go forward with plaintiffs' approach re a preliminary injunction. The Court ordered this CMC for the purpose of setting a briefing schedule for the preliminary injunction, and for selecting an ADR neutral.

On November 19, immediately following the CMC, the City Attorney sent an email to plaintiffs' counsel that said: "In order to have meaningful conversation about a briefing schedule, we need to know the scope of the injunction (are you just moving on the public and private nuisance causes of action), the type of evidence you intend to rely on, and the specific relief you intend to seek." On November 29, plaintiffs' counsel responded:

> Here are the features of the preliminary injunction that we would seek:
>
> - Cease the City-sponsored street distribution of fentanyl smoking pipe and other drug paraphernalia in the Tenderloin.
> - Cease the direct or indirect provision of "street based" support and services that enable addicts and others, who refuse shelter and treatment, to live on the Tenderloin's sidewalks.
> - Halt the opening of any additional shelters in the Tenderloin and for those in place, adopt policies and procedures that prohibit residents from engaging in any drug or criminal activity in or around the premises.
> - Cease the operation of City-operated or supported drug consumption sites in the Tenderloin.
> - Expand the Drug Market Agency Coordination Center (DMACC) initiative to include nighttime activities in the Tenderloin.
> - Clear paths on every public sidewalk in the Tenderloin, and [provide] a mechanism for citizens to report blocked sidewalks and [have] systems in place for the City to take rapid measures to clear the blockages.

During a call on the afternoon of December 2 following the first deposition in the case, plaintiffs' counsel told the City attorney that they planned to take the remaining five City-employee depositions on calendar for that month, and take a few additional depositions in January 2025. Plaintiffs said they would be prepared to file their opening brief in mid-February. The City Attorney asked if the plaintiffs' counsel intended to submit any expert declarations in support of their request

for a preliminary hearing. Plaintiffs' counsel said that they might, and if they did then they would immediately make the experts available for deposition. The City Attorney said they would share their reaction to that proposed schedule shortly. As discussed below, plaintiffs' proposal got derailed a few days later when the City cancelled the remaining depositions of its employees.

**2. SFPD Captain Manning's deposition testimony corroborated plaintiffs' most serious allegations.**

Plaintiffs deposed SFPD Captain Danny Manning on December 2, as scheduled, for about three hours. He corroborated plaintiffs' most serious allegations, and then some.

Captain Manning testified that, as plaintiffs allege, the City had operated the Tenderloin Linkage Center as a place where people could smoke and ingest drugs, which "frustrated" him.[2] He confirmed that, as plaintiffs allege, the operation of the Center brought addicts, dealers, drugs, crime and related problems to the neighborhood. He also testified to something that plaintiffs had not known: he was told that his SFPD officers were not allowed to go into the Center.

Captain Manning also testified that "due to all the complaints we were receiving about open air drug use. Myself and the other bosses at the Tenderloin Station, we were encouraging, going out and doing – citing dozens and dozens of people every day for having [fentanyl] pipes and smoking and ingesting narcotics." He testified that he and his officers issued the citations to help improve conditions for the residents, neighbors and businesses in the Tenderloin. He testified that he learned a nonprofit was handing out the narcotics pipes in the Tenderloin (as plaintiffs allege).[3] He testified that "as a law enforcement officer I thought it was a bad idea to be passing out things to ingest narcotics." He testified that after learning about pipes being handed out by this nonprofit, someone "above" sent him the message that his officers had to stop issuing the citations for drug paraphernalia. He thought that this instruction was "ridiculous." He was "not happy" with that decision because "it seemed counterproductive to the problems that we're having here with the Tenderloin."

---

[2] Plaintiffs allege that the operation of the Tenderloin Linkage Center violated state and federal criminal statutes. (ECF no. 50 at ¶ 24 and n. 6.)

[3] Captain Manning identified the nonprofit that hands out the fentanyl pipes and plaintiffs have reason to believe that the City provides funding to that nonprofit and other vendors, under the rubric of "harm reduction" for them to hand out this paraphernalia.

Captain Manning also testified that with respect to the COVA Hotel, "I've had to park cops almost there 24/seven to try to abate a lot of the problems we were having there with drug use and drug dealing."

**3. The City cancelled the remaining City employee depositions indefinitely.**

Plaintiffs' counsel was preparing to take the next deposition of a City employee, that of Mark Maza, on December 5. However, on the afternoon of December 4, they received a call from a Deputy City Attorney who informed them that the City was taking the remaining five depositions of City employees off calendar, because the office had "just decided" that all of those employees needed outside counsel.

As of the plaintiffs' counsel's last discussion with the City Attorney's office, no information could be shared as to (a) why these employees need outside counsel, (b) whether these employees will likely provide testimony, as opposed to invoke a privilege, once they have outside counsel, or (c) when outside counsel would be assigned. The City Attorney, however, said they were working as quickly as possible to assign outside counsel.

**B. Defendant's Statement**

Defendant strongly disagrees with Plaintiffs' use of this Case Management Statement to litigate the merits of the case and make arguments about whether deposition testimony supports any of the allegations. Defendant requests this Court disregard Plaintiffs' statements regarding Acting Capt. Manning's deposition testimony. To the extent the Court considers such testimony, Acting Capt. Manning's testimony does not support Plaintiffs' allegations of a continuing nuisance in the Tenderloin caused by Defendant's affirmative actions. For example, he testified that the area around the COVA Hotel has significantly improved in recent months following SFPD's cooperative use of video from the COVA to arrest drug dealers. With respect to the Tenderloin Center – which has been closed for *two years* – Acting Capt. Manning did not testify that the current actions of third parties (drug dealing, drug use, etc.) are a result of the Tenderloin Center. In fact, he replied that he "wouldn't go that far, no" when asked if the Tenderloin Center sent a message that people could do drugs elsewhere in the City. Nor did he agree with Plaintiffs' contention that the distribution of fentanyl smoking supplies "would attract drug dealers to areas where pipes are being handed out" and,

in any event, did not testify that the City distributes such supplies. He also confirmed that there are no safe injection sites operating in the Tenderloin. Acting Capt. Manning further testified that based on his personal observations and statistics compiled by the City, tent encampments are at the lowest point they have been for years and are down to "somewhere in the 20's" from the "450 or 500" that Plaintiffs' counsel recalled from mid-2020.

The City previously provided December deposition dates for six City employees for whom Plaintiffs requested dates. Plaintiffs took the deposition of an SFPD Captain on December 3, 2024. On December 5, 2024, the City notified Plaintiffs that the remaining depositions needed to be rescheduled because the City employees are going to be represented by outside counsel. The City's counsel informed Plaintiffs' counsel by phone as soon as possible after concluding the employees would be represented by outside counsel. The City and its counsel are committed to ensuring this case proceeds in a timely fashion, but must also ensure they comply with every obligation to their client and employees, particularly in a case such as this which involves allegations of criminal conduct. To that end, and as Plaintiffs stated, the City is working as quickly as possible to arrange outside counsel representation.

## II. Settlement and ADR

Pursuant to the Court's direction, the Parties have met and conferred regarding their preference of neutrals with whom to engage for ADR purposes and have agreed to following, in order of preference: (1) Magistrate Judge Alex G. Tse; (2) Magistrate Judge Laurel Beeler; and (3) Magistrate Judge Joseph C. Spero. Defendant requests a settlement conference with the Magistrate Judge selected by this Court as soon as possible.

## III. Scheduling

<u>Plaintiffs' Statement</u>

Plaintiffs had proposed a discovery cutoff of February 14, 2025. That was before the City cancelled the depositions of its five employees. It is not clear how much delay this will cause in terms of plaintiffs' ability to compete the needed discovery. Plaintiffs intend to serve the City with a Rule 30(b)(6) deposition notice on some of the issues in dispute. Plaintiffs may also subpoena for deposition nonparties, including employees of nonprofits and vendors that plaintiffs understand and

believe have received City-funding and support to operate the Tenderloin Linkage Center, to hand out drug paraphernalia on City sidewalks and streets, to operate the COVA Hotel and similar shelters in the Tenderloin, and to provide support and services that enables addicts, who refuse offers of treatment and shelter, to remain on the streets of the Tenderloin.

Plaintiffs believe they can submit an opening brief about three weeks after they complete discovery. They believe it would be reasonable for the City to have 30 days to respond. Plaintiffs could file a reply 14 days after that.

Defendant's Statement

Plaintiffs informed the City that there are six "features of the preliminary injunction" that they intend to seek:

- "Cease the City-sponsored street distribution of fentanyl smoking pipe and other drug paraphernalia in the Tenderloin.
- Cease the direct or indirect provision of 'street based' support and services that enable addicts and others, who refuse shelter and treatment, to live on the Tenderloin's sidewalks.
- Halt the opening of any additional shelters in the Tenderloin and for those in place, adopt policies and procedures that prohibit residents from engaging in any drug or criminal activity in or around the premises.
- Cease the operation of City-operated or supported drug consumption sites in the Tenderloin.
- Expand the Drug Market Agency Coordination Center (DMACC) initiative to include nighttime activities in the Tenderloin.
- Clear paths on every public sidewalk in the Tenderloin, and a mechanism for citizens to report blocked sidewalks and systems in place for the City to take rapid measures to clear the blockages."

After receiving this list, the Parties met and conferred and Plaintiffs informed the City that they intend to submit several types of evidence in support of their motion for a preliminary injunction, including witness declarations from the Plaintiffs, testimony from at least three non-parties, potential

expert testimony on one or more issues, and deposition testimony from the City employee depositions. Plaintiffs also stated they plan to seek the preliminary injunction based on both their nuisance and disability claims. The parties discussed and generally agreed on the need to depose declarants regarding the subject of their declarations in advance of each party's respective filing (*i.e.*, opposition or reply).

Based on the breath of relief that Plaintiffs intend to seek, their intention to seek an injunction based on each surviving claim, the significant amount of evidence they intend to submit in support, and the City's need to conduct discovery in response to Plaintiffs' motion (including much that cannot be completed in advance, like declarant depositions and responsive expert testimony), the City proposes its opposition to Plaintiffs' anticipated motion for preliminary injunction be due no later than 75 days after the date Plaintiffs file their motion.

San Francisco proposes the following case schedule, which considers the need to conduct discovery into Plaintiffs' allegations regarding several distinct categories of alleged activity by San Francisco and third parties:

| **Event** | **San Francisco's Proposal** |
|---|---|
| Fact Discovery Cut-Off | August 8, 2025 |
| Opening Expert Report Deadline | August 22, 2025 (2 weeks after close of fact discovery) |
| Rebuttal Expert Report Deadline | September 19, 2025 (4 weeks from initial disclosure) |
| Expert Discovery Cut-Off | October 3, 2025 (2 weeks from rebuttal disclosure) |
| Last Day to File Dispositive Motions | November 6, 2025 (34 days after expert discovery cut-off) |
| Last Day to Hear Dispositive Motions (Thursday, 2PM) | Thursday December 11, 2025 (35 days after motion deadline) |
| Pretrial Conference (Friday, 2PM) | Friday January 23, 2026 (6 weeks after MSJ hearing) |

| Trial (M-Th, 8AM) | Monday February 2, 2026 (2nd Monday following Pretrial Conference) |
|---|---|

**4. Trial**

Plaintiffs' Statement

Plaintiffs anticipate pursuing a preliminary injunction and would submit some evidence in support of the motion in the form of live testimony, and some in the form of written submissions, including deposition testimony, documents, photographs and video recordings. Plaintiffs would expect the hearing to last about three days.

Defendant's Statement

San Francisco shares the goal of efficiently trying this case before the Court, but cannot determine at this time the form of presentation of trial testimony. San Francisco requests 10 days for trial, inclusive of all parties' cases.

Dated: December 10, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
TARA M. STEELEY
THOMAS S. LAKRITZ
JOHN H. GEORGE
KAITLYN M. MURPHY
Deputy City Attorneys

By: /s/ *John H. George*
JOHN H. GEORGE

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Dated: December 10, 2024

WALKUP, MELODIA, KELLY & SCHOENBERGER

By: ** /s/ *Matthew D. Davis*
MATTHEW D. DAVIS

Attorneys for Plaintiffs
JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE, BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY FUN, LLC, and 2930 EL CAMINO, LLC

***Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, JOHN H. GEORGE, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated: December 10, 2024

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
TARA M. STEELEY
THOMAS S. LAKRITZ
JOHN H. GEORGE
KAITLYN M. MURPHY
Deputy City Attorneys


By:/s/ *John H. George*
JOHN H. GEORGE

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO