LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>             Plaintiffs,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>             Defendants. | Case No. 4:24-cv-01562-JST<br><br>**Joint Case Management Statement**<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE DISTRICT JUDGE JON S. TIGAR, COURTROOM 6**<br><br>Hearing Date:    March 25, 2025<br>Time:            2:00 p.m.<br>Place:          Videoconference<br><br>Trial Date:     None set. |

Pursuant to the Court's January 22, 2025 Minute Entry (ECF No. 79), the parties jointly submit this Joint Case Management Statement.

## I.    THE PARTIES' STATEMENTS

### A.    Plaintiffs' Statement

At the previous Case Management Conferences ("CMC"), this Court indicated it would adopt plaintiffs' proposal to conduct some discovery and then hold a hearing on plaintiffs' motion for a preliminary hearing. The purpose of this case management conference was to discuss and schedule the briefing and the hearing on the preliminary injunction. The implicit understanding was that discovery would have progressed by the time of this CMC so that the preliminary hearing could be scheduled.

Plaintiffs have done everything in their power to obtain evidence to support their request, but the City has done little to meet its discovery obligations in the past two months.

Plaintiffs propounded document requests on November 5, 2024. The City produced a minimal amount of documents in December. The City acknowledges that additional responsive documents exist but has not produced a single additional document since December.[1]

As this Court will recall, plaintiffs deposed one City witness, SFPD Acting Captain Danny Manning (now retired), in early December 2024. His testimony corroborated plaintiffs' allegations. Plaintiffs were scheduled to depose five more City

---

[1] Plaintiffs and Defendant reached agreements regarding the written discovery disputes that were the subject of the January 17, 2025, CMC Statement. (ECF No. 75.) On February 7, the parties filed a Joint Letter Brief describing the terms of the agreement. (ECF No. 84.) Since February 12, Plaintiffs have requested productions of documents according with this agreement. The City requested a meet and confer regarding search terms, which the parties conducted on February 25. Since that date, Plaintiffs have been waiting for the results of a hit report and initial production. Neither have been produced. The City, in the meantime, has obtained through subpoenas numerous medical and business records pertaining to plaintiffs.

1  employees during the balance of December. The City Attorney, however, cancelled
2  those depositions at the last moment on the ground that the witnesses needed
3  outside counsel. The City Attorney thereafter dismissed plaintiffs repeated requests
4  to get the depositions on calendar, arguing that the office needed a lot of time to find
5  outside counsel.

6      At the last CMC, January 21, this Court made clear that the City Attorney
7  had to, as soon as possible, produce those five City employees.

8      Yet, as of the date of this statement only two of those employees have been
9  deposed.

10      One of those employees, Mark Mazza, gave detailed testimony that
11  corroborated plaintiffs' allegations. For over a decade, Mr. Mazza has worked full-
12  time on the streets of the Tenderloin. He has extensive, personal knowledge of what
13  happens in that neighborhood, including what City agencies and vendors do in the
14  Tenderloin.

15      Mr. Mazza confirmed that the DPH and a City vendor, Healthright 360,
16  operated a drug ingestion site at the Tenderloin Linkage Center, which included
17  giving drug paraphernalia to the addicts who came to the Center to smoke fentanyl
18  and use other drugs. Mr. Mazza confirmed that this drew extensive drug activity and
19  related problems to the area.

20      Mr. Mazza also confirmed that the DPH and/or DPH-funded vendors continue
21  to deliver fentanyl smoking kits and other drug paraphernalia to addicts who refuse
22  offers of shelter and treatment, and instead loiter and live on the neighborhood's
23  streets and sidewalks. He identified DPH employee Eileen Loughran as someone who
24  would likely be knowledgeable about the City's involvement in the distribution of
25  drug paraphernalia in the Tenderloin.

26      Mr. Mazza confirmed that he observed increased drug and criminal activity
27  around the City-run shelters in the Tenderloin.

28      Mr. Mazza confirmed that the City continues to provide "street based" services

1  to addicts who refuse shelter and treatment and opt to instead openly buy and use

2  drugs on the neighborhood's sidewalks and public spaces.

3      Only recently have plaintiffs obtained deposition dates for the other three city

4  employees, and for Eileen Loughran. The deposition schedule is as follows:

5      (1) Eileen Loughran, the City's current Community Affairs Manager, and

6          former Director of Overdose Prevention, for the San Francisco Department

7          of Public Health, on April 7, 2025.

8      (2) Emily Cohen, Deputy Director for Communications & Legislative Affairs

9          for the San Francisco Department of Homelessness and Supportive

10         Housing ("HSH"), on April 16, 2025 (she is being represented by outside

11         counsel Randall Knox);

12     (3) Krista Gaeta, Director of Strategic Initiatives within the Population

13         Behavioral Health Services Division, San Francisco Department of Public

14         Health, on April 18, 2025 (represented by Mr. Knox); and

15     (4) Dr. Hillary Kunins, Director of Behavioral Health Services and Mental

16         Health SF, San Francisco Department of Public Health, on April 21, 2025

17         (represented by Mr. Knox).

18     Plaintiffs have no idea when the City intends to produce responsive

19  documents.

20     Assuming the scheduled depositions go forward and the City produces

21  responsive documents in the near future, plaintiffs should be in a better position to

22  make a realistic proposal regarding the briefing and scheduling of a preliminary

23  injunction.

24     Plaintiffs thus propose that this Court hold a CMC in May for the express

25  purpose of scheduling the briefing and hearing on plaintiffs' motion for a preliminary

26  injunction.

27     Finally, plaintiffs note that the City Attorney has expressed strong opposition

28  to the relief plaintiffs request in this case (safe and accessible sidewalks and an end

to the City's affirmative conduct that attracts drug dealers, addicts and other nuisances to the neighborhood). The City Attorney has argued that such relief is both infeasible and cannot be the judicially imposed. However, it appears that San Francisco's newly elected Mayor may see things differently. For example, plaintiffs have complained in the public filings in this case that the City directly and indirectly hands out fentanyl smoking kits and other drug paraphernalia on the sidewalks of the Tenderloin, and that this causes and contributes to public and private nuisances. The Mayor's Office reportedly recently issued a directive to "revisit San Francisco harm-reduction policies with an eye toward preventing city-funded nonprofits from distributing fentanyl smoking supplies."[2]

### B.    Defendant's Statement

Plaintiffs failed to inform the Court that the parties conducted numerous meet and confer meetings and came to an agreement, which resolved the parties' disputes about Plaintiffs' document requests and the City's subpoena for medical records related to two plaintiffs (Mary Roe and Susan Roe).  The parties filed a stipulation related to the medical records and the City served new subpoenas to the medical providers consistent with the parties' agreement.  The City has not yet received the requested medical documents.  With respect to the Plaintiffs' document requests, the City Attorney's Office has collected some of the requested and they are being process for production.  The City Attorney's continues to work with our client agencies to develop the search terms for requested documents.  The parties agreed on a time frame for potentially responsive documents and the City is working on proposed search terms.  The City Attorneys' Office will provide plaintiffs' counsel with an update before the case management conference.

---

[2] https://www.sfchronicle.com/sf/article/lurie-homeless-mental-health-20224911.php

The City notes that plaintiffs' counsel continues to serve public records act requests on City agencies and is receiving many of the same documents plaintiffs requested in discovery.

Finally, the City notes that Plaintiff misstated the City's position in this litigation and the efforts of the Mayor and City departments to respond to the conditions in the Tenderloin.  Citing a newspaper article, Plaintiffs argue that "[t]he Mayor's Office reportedly recently issued a directive to "revisit San Francisco harm-reduction policies with an eye toward preventing city-funded nonprofits from distributing fentanyl smoking supplies."  Plaintiffs misrepresent the article by omitting the next sentence:  *The Chronicle previously reported that some nonprofits hand out foil, straws and pipes to fentanyl users, though officials said the city didn't provide the equipment itself or expressly fund their purchase.*  Lurie's directive indicated that the city would 're-focus' its harm reduction work on "longstanding evidence-based public health interventions," including needle exchanges that help prevent the spread of diseases such as hepatitis C and AIDS."  (Italics added.)  In any event, the Mayor's directive speaks for itself.  See Exhibit A.

## II.   SETTLEMENT AND ADR

Pursuant to the Court's direction, the parties reported to Magistrate Judge Alex G. Tse on January 7, 2025, for a scheduling conference. (ECF No. 71-73.) The parties took part in a Settlement Conference with Magistrate Judge Tse on February 26, 2025. There was no agreement reached. The parties agreed to a continued settlement conference on April 23, 2025, with a representative of the Mayor's Office to attend. (ECF No. 86-87.)

## III.   SCHEDULING

### A.   Preliminary Injunction

#### 1.   Plaintiffs' Statement

Plaintiffs propose a CMC in May to set the schedule.

#### 2.   Defendant's Statement

The City agrees that the Court should set a CMC in May to set a schedule for

1  Plaintiffs' intended motion for a preliminary injunction.

2

3

4  Dated:  March 18, 2025          WALKUP, MELODIA, KELLY & SCHOENBERGER

5

6                                  By:

7                                      MICHAEL A. KELLY
                                       RICHARD H. SCHOENBERGER
8                                      MATTHEW D. DAVIS
                                       ASHCON MINOIEFAR
9                                      Attorneys for ALL PLAINTIFFS

10

11  Dated:  March 18, 2025          DAVID CHIU
                                    City Attorney
12                                  YVONNE R. MERÉ
                                    Chief Deputy City Attorney
13                                  TARA M. STEELEY
                                    THOMAS S. LAKRITZ
14                                  JOHN H. GEORGE
                                    KAITLYN M. MURPHY
15                                  Deputy City Attorneys

16

17                                  By:
                                       THOMAS S. LAKRITZ
18
                                    Attorneys for Defendant
19                                  CITY AND COUNTY OF SAN FRANCISCO

20

21

22

23

24

25

26

27

28