DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
TARA M. STEELEY, SBN 231775
THOMAS S. LAKRITZ, SBN 161234
JOHN H. GEORGE, SBN 292332
KAITLYN M. MURPHY, SBN 293309
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4655 (Steeley)
              (145) 554-4628 (Lakritz)
              (415) 554-4223 (George)
              (415) 554-6762 (Murphy)
Facsimile:    (415) 554-4699
E-Mail:       tara.steeley@sfcityatty.org
              tom.lakritz@sfcityatty.org
              john.george@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org

*Attorneys for Defendant*
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>　　　　Defendant. | Case No. 4:24-cv-01562-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:　April 8, 2025<br>Time:　　　　2:00 p.m.<br>Place:　　　　Videoconference<br><br>Trial Date:　　None set. |

Pursuant to the Court's March 25, 2025 Minute Entry (ECF No. 90), the parties jointly submit this Joint Case Management Statement focusing on proposed deadlines and discovery.

**I.  Discovery**

**A.  Defendant's Statement**

Defendant, based on the explanation and update provided below, provide the following proposal for producing custodial documents responsive to Plaintiffs' First Set of Requests for Production (non-custodial document production is substantially complete): (1) Defendant will produce any responsive, non-privileged documents belonging to Emily Cohen (the only upcoming deponent with potentially responsive custodial documents) on or before April 14, 2025; and (2) by April 10, 2025, Defendant will provide Plaintiffs an update on the volume of custodial files requiring review and propose a completion date for the custodial files.  Defendant respectfully requests the Court accept this proposal and vacate the April 8, 2025 Case Management Conference.

Plaintiffs' First Set of Requests for Production seek documents related to three current or former homeless shelters in the Tenderloin—the COVA Hotel, Adante Hotel, Monarch Hotel, and a former hostel (685 Ellis).  The Parties have met in good faith and negotiated the scope of Plaintiffs' Requests and Defendant has collected and produced documents responsive to the Requests, as modified by the Parties' discussions.  As of April 1, 2025, Defendant has substantially completed its production of non-custodial documents responsive to the modified Requests.  The only outstanding non-custodial document is data (in the form of an Excel spreadsheet) from San Francisco's Department of Emergency Management that reflects calls for service (*e.g.*, 911 calls) for incidents in the Tenderloin that have been categorized by codes that Plaintiffs selected.  Defendant has sent Plaintiffs an Excel spreadsheet reflecting the non-confidential data the Department possesses regarding the identified calls for service and has inquired as to whether the information satisfies their Request.

In order to locate potentially responsive custodial documents (*e.g.*, emails and attachments), Defendant has identified 11 City employees, including the employees Plaintiff intends to depose in the

next few weeks, and is in the process of collecting their email files from late 2021 to the present.[1] Given the volume of data (several years' worth), Defendant expects to have collected each custodian's emails by the end of this week, and then will run search terms (created using Plaintiffs' Requests) on those emails to identify documents potentially responsive to Plaintiffs' Requests, as amended. Defendant expects to have hit counts for the terms by early next week. As of this Statement, Defendant does not know how many documents will be identified using the terms, so is unable to provide a specific date by which all custodial files that contain one or more of the search terms will be reviewed and produced (if responsive and not privileged). The terms may need to be modified depending on the total hit count to comply with Rule 26's proportionality requirement. Additionally, Defendant cannot know how long it will reasonably take to review the files that hit on the proposed search terms until after it knows the volume of documents in the set. Defendant will update Plaintiffs and propose a completion date promptly, and no later than April 10, upon determining the volume of custodial files identified using the search terms.

There are two reasons why the upcoming depositions of City employees provide no basis to order Defendant to complete its review and production of the custodial files before the upcoming depositions. First, three of the four City employees whose depositions are set for the coming weeks (Eileen Loughran, Krista Gaeta, and Dr. Hillary Kunins) are unlikely to have documents responsive to Plaintiffs' Requests because Plaintiffs' discovery requests concern shelters unrelated to these custodian's work. Those employees work for the Department of Public Health ("DPH"), which is not involved in the operation of the four homeless shelter that are the subject of Plaintiffs' Requests. As noted, Plaintiffs Requests are specific to documents relating to four homeless shelters that operate or operated in the Tenderloin, including documents like contracts, policies, and certain communications between the four shelters and employees of the Department of Homelessness and Supportive Housing ("HSH"), which is primarily responsible for overseeing the City's operations regarding shelters. The three DPH employees whose depositions are coming up are not involved in overseeing operations at

---

[1] Plaintiffs incorrectly suggest that this is the same process the City offered in February. Several of the custodians included in this set were only added as custodians after Plaintiffs requested their addition at the last Case Management Conference.

the four shelters that are the subject of Plaintiffs' Requests and therefore there is no need for Defendant to complete its review and production of the custodial files before those depositions occur. Second, Plaintiffs submitted multiple Public Records Act request seeking documents from the Department of Public Health (and other departments) and have received documents in response to those requests, including communications from the four employees whose depositions are upcoming. Plaintiffs' decision to go ahead with the depositions, presumably using the documents received in response to the Public Records Act requests, is no basis to require expedited production of entirely distinct documents regarding Tenderloin homeless shelters.

The only HSH employee whose deposition is upcoming is Emily Cohen. She is a custodian whose files the City plans to search and review for responsive documents. Her deposition is currently scheduled for April 16, 2025. Because Ms. Cohen's deposition is upcoming and her files may contain documents responsive to Plaintiffs' requests (as modified), Defendant proposes prioritizing the review of her custodial files and producing any responsive, non-privileged documents on or before April 14, 2025.

### B.   Plaintiffs' Statement

Plaintiffs confirm they received non-custodial productions on March 26, 2025, and March 31, 2025 – just over 150 days since the date the requests were served. Plaintiff agrees with the proposed timeline to produce Ms. Cohen's custodial records by April 14, 2025. An update on the custodial files requiring review by April 10, 2025, is acceptable. However, the City must provide a production date for the remaining custodial records.

In the last Case Management Conference ("CMC") statement, the Plaintiffs proposed that a Preliminary Injunction briefing schedule be set at the next CMC, initially proposed for May 2025, pending the ongoing production. Without a deadline to complete this production, Plaintiffs may find themselves, again, asking the court to set a CMC the following month once the production is complete.

Plaintiff notes that the process of generating a hit report to then determine a final production date was the same process offered by the City in February. At that time, no deadline for a final production was set, and the parties now find themselves conferring on the same process over a month later. The fact that Plaintiffs must rely on public records requests to conduct depositions (initially

noticed for December) underscores the unacceptable timeline for responses to formal discovery requests. But within a week of the Court setting this CMC, all non-custodial productions were served, and a hit report is expected in less than 10 days. On a meet and confer call on April 1, Plaintiffs proposed a production deadline of April 30, but the parties were unable to reach an agreement. Plaintiffs are open to a different production date given the City's technical concerns, but received no counter proposal from the City.

Plaintiffs request that the April 8 CMC remain on calendar, unless a production date is agreed to ahead of the CMC between the parties or the Court sets a deadline for the production to be completed.

Dated: April 1, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
TARA M. STEELEY
THOMAS S. LAKRITZ
JOHN H. GEORGE
KAITLYN M. MURPHY
Deputy City Attorneys


By: /s/ *John H. George*
       JOHN H. GEORGE

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Dated:  April 1, 2025 | WALKUP, MELODIA, KELLY & SCHOENBERGER |
| | By: ** /s/ *Ashcon Minoiefar* <br>     ASHCON MINOIEFAR |
| | Attorneys for Plaintiffs <br> JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE, BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY FUN, LLC, and 2930 EL CAMINO, LLC |

*\*\*Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, JOHN H. GEORGE, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated: April 1, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
TARA M. STEELEY
THOMAS S. LAKRITZ
JOHN H. GEORGE
KAITLYN M. MURPHY
Deputy City Attorneys


By: /s/ *John H. George*
     JOHN H. GEORGE

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO