# EXHIBIT C
# to

**DECLARATION OF LT. WAYMAN YOUNG IN SUPPORT OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**



# DEPARTMENT NOTICE

22-043
05/03/22

## Reminder of Requirements When Members Interrogate or Question Youth 17-Years Old or Younger
### (Amends DGO 7.01)

The purpose of this Department Notice is to remind members that San Francisco Administrative Code Chapter 96C, issued in 2019 ▇▇▇▇ remains in effect. 96C provides important guidance to members seeking to interrogate, question or engage in unnecessary conversation with detained Youth who are 17-years old or younger ("Youth"). This local ordinance expands on California Welfare & Institutions Code Section 625.6.

### Procedure under 96C:

Members are still required to comply with 625 W&I/DGO 7.01 (b)(2) and advise Youth of their Miranda rights.

Officers may not interrogate, obtain a Miranda waiver, or engage in "unnecessary conversation" with detained (not free to leave) Youth unless and until the following two conditions are met or an exemption for exigent circumstances applies:

1. The Youth consults in person, by telephone or, if available, by video conference with the on-call juvenile attorney with the Public Defender's office. ▇▇▇▇▇▇▇▇

2. After the consultation, the Youth is allowed to request a responsible adult to be present during questioning (this can be waived by Youth)

Members shall ensure that Youth are able to talk or meet with legal counsel in private or outside the physical presence or auditory reach of law enforcement.

### Definitions (in order of appearance):

**Youth:** Juvenile 17-years old or younger

**Unnecessary conversation:** communications with the detained Youth that are not designed to address the Youth's physical needs or to give the Youth directions relating to operation of the facility where the Youth is detained.

**Responsible Adult:**
    a. The Youth's parent
    b. A person, 18 years old or over who is related to the Youth by blood or adoption including stepparents, stepsiblings, and all relatives whose status is preceded by the words "great," "great-great," or "grand," or the spouse of any of these persons even if the marriage was terminated by dissolution or death

    c. A person 18 years of age or over who has a mentoring or an established familial relationship with the Youth or a relative of the Youth
    d. The Youth's teacher, medical professional, clergy, neighbor, social worker, or mental health clinician
    e. An employee of a non-profit or community organization whose primary focus is assisting Youth.

### Exceptions for Imminent Threat to Life or Property:

1. The above procedures do not apply when the member reasonably concludes that the information is necessary to protect life or property from an imminent threat and when the questions are limited to those that are reasonably necessary to obtain that information.
2. Once a member has obtained the necessary information to protect life or property from imminent danger, members are required to follow the requirements listed above "Procedure under 96C".

### Procedural Information relating to arrest and transportation:

Members are allowed to provide procedural information to Youth about transportation to CARC or JJC. Members are prohibited from answering any other questions the Youth may have if the Youth has not spoken to the Public Defender.

Members assigned to the [REDACTED] shall follow [REDACTED] procedures for Youth detentions. [REDACTED]

All members shall document in the incident report the name of the attorney consulted by the youth and the date and time the contact was made.

DGO 7.01 Section III. G. 4. DOCUMENTING NOTIFICATION, is amended to say the following: Members shall include in their incident report how notification was made or what actions the member took in attempting to notify parents, guardians or "responsible adults" as defined in 96C.

### Guidance Examples:

Scenario #1: Members respond to a call for service of a noise complaint. Members respond to the scene and observe a group of Youth sitting on property owners steps, prohibiting passage. Members may engage in a consensual encounter and ask the Youth to disperse. It is not necessary to call the Public Defender's Office in this case.

Scenario #2: Members respond to a call for service of an assault on a muni train. Witnesses point out three juveniles as the suspects. Once members determine that juveniles were involved in the assault through questions that are reasonably necessary to obtain that determination, Miranda Warnings must be issued. Members are prohibited from questioning the juveniles further.

Scenario # 3: A member makes contact with a Youth that is believed to be a victim of trafficking and prostitution activity ███████████████████████████████████████████████████████ The member learns that the Youth has a ███████ protective custody order from another county. The SFPD officer must call the Public Defender's hotline so the Youth may speak with counsel before being questioned by officer or the SVU-human trafficking team. The officer transports the Youth to the police station and contacts SVU-human trafficking team to respond based on the incident.

References:
DN 22-034 Responding to SFUSD Sites
DB 20-006 New Requirements When Members Interrogate or Question Youth 17-Years Old or Younger
SF Administrative Code Chapter 96C
DGO 5.20, Language Access Services for Limited English Proficient Individuals
DGO 7.01, Policies and Procedure for Juvenile Detention, Arrest, and Custody

*[signature]*

ROBERT MOSER
Acting Chief of Police

*Safety with Respect*