| | |
|---|---|
| 1 | DAVID CHIU, State Bar #189542<br>City Attorney |
| 2 | YVONNE R. MERÉ, State Bar #173594<br>Chief Deputy City Attorney |
| 3 | TARA M. STEELEY, State Bar #231775<br>JOHN H. GEORGE, State Bar #292332 |
| 4 | KAITLYN M. MURPHY, State Bar #293309<br>SABRINA M. BERDUX, State Bar #248927 |
| 5 | ABIGAIL H. WALD, State Bar #309110<br>Deputy City Attorneys |
| 6 | City Hall, Room 234<br>1 Dr. Carlton B. Goodlett Place |
| 7 | San Francisco, California 94102-4682<br>Telephone:     (415) 554-4655 (Steeley) |
| 8 |                     (415) 554-4223 (George)<br>                    (415) 554-6762 (Murphy) |
| 9 |                     (415) 554-3929 (Berdux)<br>                    (415) 554-3901 (Wald) |
| 10 | Facsimile:      (415) 554-4699<br>E-Mail:          tara.steeley@sfcityatty.org |
| 11 |                     john.george@sfcityatty.org<br>                    kaitlyn.murphy@sfcityatty.org |
| 12 |                     sabrina.m.berdux@sfcityatty.org<br>                    abigail.wald@sfcityatty.org |
| 13 | |
| 14 | Attorneys for Defendant<br>CITY AND COUNTY OF SAN FRANCISCO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company, | | Case No. 4:24-cv-01562-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:   September 29, 2025<br>Time:                2:00 P.M.<br>Place:               Video Conference Via Zoom<br><br>Trial Date:         August 10, 2026 |
| | Plaintiffs, | |
| | vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a California public entity, | | |
| | Defendant. | |

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST

c:\users\aordaz\desktop\09.22.2025 cmc final.docx

Pursuant to Local Rule 16-10(d), the parties submit this Joint Case Management Statement, in advance of the case management conference set for September 29, 2025. ECF No. 98. This Statement reports changes since the last Case Management Conference on May 20, 2025.

## 1. JURISDICTION AND SERVICE

The parties dispute whether Plaintiffs have Article III standing for the claims alleged and therefore whether the Court has subject matter jurisdiction over the case.

## 4. MOTIONS

A.  Motions Since The Last CMC Statement and Order

*Plaintiffs' Motion For Preliminary Injunction ECF No. 101:* Pursuant to the Court's Scheduling Order, (ECF No. 99), Plaintiffs filed a motion for preliminary injunction on August 25, 2025. ECF No. 101. The City's opposition is due on September 22, 2025, with any reply due by October 6, 2025. The Court reserved four days for hearing on the motion from October 27-30, 2025. The parties' positions on how to use the hearing time are set forth below in Section 19.

*The City's Administrative Motion For Excess Pages ECF No. 102:* The Court granted the City's unopposed motion to exceed the page limits in its opposition to Plaintiffs' motion for a preliminary injunction. ECF No. 103.

## 10. RELATED CASES

The Court previously related this case to the earlier-filed *Hastings College of Law v. City and County of San Francisco*, Case No. 20-cv-03033-JST on March 22, 2024. ECF No. 20. The parties in the *Hastings* lawsuit filed a stipulation to vacate the stipulated injunction in *Hastings* on August 21, 2025 (UC Law ECF No. 147), which the Court granted the next day. Hastings ECF No. 148. There are no other cases that have been related to this lawsuit.

## 12. SETTLEMENT AND ADR

The Court assigned Magistrate Judge Tse for purposes of settlement. The parties held their most recent conference with Judge Tse on May 19, 2025. ECF No. 95 The case did not settle. ECF No. 97. The parties will coordinate with Judge Tse if scheduling a further settlement conference would be productive.

/ / /

**13. NARROWING OF THE ISSUES**

The parties are committed to determining whether certain issues can be narrowed by agreement.

**15. SCHEDULING**

The Court issued a scheduling order for the case on May 27, 2025. ECF No. 99.

**19. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The Court's minute order following the May 20, 2025 Case Management Conference instructed the parties to include with this next Case Management Statement "any proposals on how to conduct the Preliminary Injunction Hearing," which is currently set for four days from October 27-30, 2025. ECF No. 98.

<u>Plaintiffs' Position:</u> Plaintiffs' motion is focused on the City's continued involvement in, support and countenance of the distribution of drug paraphernalia in the Tenderloin, especially the distribution of pipes, straws, foil and steel wool and similar materials used to smoke and ingest fentanyl, crack and methamphetamines. Plaintiffs intend to present evidence and testimony on this topic at the upcoming hearing. The City's assertion that plaintiffs seek to widen the scope of the issues is mistaken.

The City announced a new policy, effective April 30, 2025, with respect to the distribution of drug paraphernalia by programs funded by its Department of Health. According to a written press announcement, a "highlight" of the new policy is that: "Distribution of smoking supplies not allowed in public spaces." This is tacit acknowledgement that the distribution of such materials in public spaces is harmful. However, as plaintiffs intend to show, the exact same harms to the neighborhood occur, whether the distribution happens in a public or nonpublic space. Moving the distribution to nonpublic spaces is like having a smoking section on an airplane.

The City has not produced any formal documentation of this new policy. It is unknown whether the policy has been reduced to writing, whether it has an expiration date, whether all City departments are required to abide by this policy (not just the DPH), and how the City enforces the policy.

///

When the DPH's Director of Behavioral Health Services and Mental Health was deposed on April 21 (nine days before the new policy was scheduled to go into effect), she invoked her rights and declined to answer questions about past or current policies or practices with respect to the distribution of paraphernalia in the Tenderloin. She testified that she and Daniel Tsai, the Director of the DPH, participated in the discussions about this new paraphernalia policy. She also testified that the City was still working out the details of the policy, "it is not finalized," and that the selection of the spaces from which to distribute these supplies was still being considered.

Plaintiffs thus intend to subpoena City employees to testify at the hearing about the details of the City's current policy with respect to distribution of paraphernalia in the Tenderloin, and about the operations and enforcement of those policies. Plaintiffs also intend to subpoena employees of vendors that receive City funding and that distribute paraphernalia in the Tenderloin.

Also, plaintiffs only recently learned that the San Francisco City Attorney, in April 2025, filed lawsuits against the property owners and managers of four Tenderloin stores. The City alleges those defendants maintain public nuisances by allowing the sale of drug paraphernalia.[1] For example, as to the set of defendants that operates Ed's Market on Turk Street in the Tenderloin, the City alleges:

> ED'S MARKET sells drug paraphernalia to individuals who DEFENDANTS know will often use narcotics in plain view in front of the store. DEFENDANTS sell straight glass pipes and Brillo pads that are used to ingest base rock cocaine, also known as "crack." In addition, DEFENDANTS sell glass pipes that are specifically designed to smoke methamphetamine. During the March 5, 2025 search, officers observed dozens of these pipes offered for sale near the cash register, which is an area accessible to minors. [¶] Since ED'S MARKET has been in existence, criminal and nuisance activity has plagued the area, necessitating police intervention and adversely affecting the surrounding neighborhood. The neighborhood has experienced a rising number of thefts, assaults, drug-related offenses and arrests of ED'S MARKET customers wanted on outstanding warrants. DEFENDANTS' maintenance of the ED'S MARKET has interfered with the comfortable enjoyment of life and property in the surrounding community. Its continued operation is a nuisance that threatens the health and safety of the neighborhood and the

---

[1] See https://sfcityattorney.org/2025/04/11/city-attorney-sues-tenderloin-drug-and-gambling-dens-fronting-as-small-businesses/

well-being of those who live and work in the area, as well as the general public.[2]

These allegations are remarkably similar to those made by plaintiffs, in July 2024, about the consequences flowing from the City's support of the distribution of paraphernalia in the Tenderloin.[3] Plaintiffs thus intend to subpoena City employees who are knowledgeable about these allegations as possible party admissions. FRE 801(d)(2).

Plaintiffs shall meet and confer with the City to identify and schedule for the hearing those City employees who are most knowledgeable about these topics. If need be, plaintiffs shall issue subpoenas pursuant to Rule 45.

The City's opposition to the motion for a preliminary injunction is due on the same day as this statement. Plaintiffs may seek to depose persons who submit declarations in support of that opposition and/or may subpoena them to appear at the hearing.

<u>Defendants' Position</u>: The City requests the Court set the preliminary injunction for traditional oral argument from counsel on Monday October 27, or at the Court's convenience, and release the remaining days the Court has reserved on its schedule. No further evidentiary hearings are necessary to resolve Plaintiffs' motion for a preliminary injunction based on the claims, arguments, and relief Plaintiffs' seek. The issues raised in Plaintiffs' motion are substantially narrower than the issues raised in the FAC. Plaintiffs bore the burden to demonstrate they are entitled to the extraordinary remedies they seek. Their motion has not met that standard and so affording them an opportunity for an evidentiary hearing now would prejudice the City by permitting Plaintiffs to shift the evidence and arguments at issue.

Plaintiffs plainly intend to engage in the very expansion of evidence and arguments the City seeks to prevent to avoid prejudice. Plaintiffs filed this case in March 2024 and stipulated to the timing for this motion. They have had a year to conduct discovery—and have been seeking City records via public records requests for even longer. Now, having had an enormous amount of time to gather the discovery they thought necessary, Plaintiffs seek to use the proposed hearing to conduct the very

///

---

[2] *CCSF v. 155 Turk Street Associates, L.P. et al.,* SF Sup. Ct. Case no. CGC-25-624266 at ¶¶ 28-29.
[3] See ECF no. 50 at ¶¶ 8, 13-16, 29.

discovery they could have taken (*e.g.*, information about the finalized April policy) and expand the arguments in their August 25, 2025 preliminary injunction motion to include irrelevant (and late) information about a case the City filed *months* before Plaintiffs' motion. The City's code enforcement actions are not related to the City's distribution of harm reduction supplies or the nuisance that Plaintiffs allege the City is causing. This late-in-the-day sandbagging is precisely what the City seeks to prevent by limiting presentation of the motion to attorney argument and with the proposals below. The Court should not permit Plaintiffs, who have had ample time and opportunity to fully explore the issues in their motion, to use the hearing for the discovery they did not take.

To the extent the Court determines further testimony from witnesses necessary to resolve the motion, the City respectfully requests that the Court limit such testimony to cross-examination of any witness for whom the opposing party has submitted a declaration. Plaintiffs' position does not indicate any limit on witnesses to be called, and suggests that they intend to subpoena as of yet unnamed individuals whose testimony is not cited either in support for Plaintiffs' motion in in support of the City's Opposition. This would result in an unwieldy proceeding and do a disservice to the careful work the parties put into selecting and presenting supporting evidence with their briefing. Plaintiffs set forth the boundaries of their claims and their prayer for relief in their motion. The City has spent considerable time and energy methodically responding to that evidence. If Plaintiffs are allowed to review the City's opposition and then pivot and expand their case at the hearing—to call witnesses and rely on documents they did not reference in their motion—they would render all of the parties' work to date for naught. None of the events referenced in Plaintiffs' position require the Court to hold otherwise because they all occurred months before Plaintiffs filed their moving papers on a schedule to which the parties jointly agreed. There is no reason Plaintiffs could not have used the ordinary tools of discovery at their disposal to address these issues.

The City also proposes that should the Court order evidentiary arguments as part of the preliminary injunction motion, such arguments should be limited to no more than 30 minutes of cross-examination per witness with an opportunity for another 30 minutes of re-direct examination. In order to ensure timely disclosure of the witnesses and evidence that will be at issue, the City proposes the Court order the parties to disclose the names and sequence of any witnesses it seeks to call for cross-

examination by no later than October 13, with any objections due the following Friday October 24, and that the parties exchange the identity of any exhibits (other than those offered exclusively for impeachment) that may be used with the witness no fewer than 72-hours prior to the examination. Plaintiffs position includes no critique of this requirement, nor any affirmative counter-proposal.

Dated: September 22, 2025

                DAVID CHIU
                City Attorney
                YVONNE R. MERÉ
                Chief Deputy City Attorney
                TARA M. STEELEY
                JOHN H. GEORGE
                KAITLYN M. MURPHY
                SABRINA M. BERDUX
                ABIGAIL H. WALD
                Deputy City Attorneys

              By:** */s/* Kaitlyn Muphy
                KAITLYN MURPHY

                Attorneys for Defendant
                CITY AND COUNTY OF SAN FRANCISCO

Dated: September 22, 2025       WALKUP, MELODIA, KELLY & SCHOENBERGER

              By: ** */s/* Ashcon Minoiefar
                ASHCON MINOIEFAR

              Attorneys for Plaintiffs
              JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE, BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY FUN, LLC, and 2930 EL CAMINO, LLC

**Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.