LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendants. | Case No. 4:24-cv-01562-JST<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF WHETHER PLAINTIFFS' DEPOSITION TRANSCRIPTS AND RELATED EXHIBITS SHOULD BE SEALED**<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE DISTRICT JUDGE JON S. TIGAR, COURTROOM 6**<br><br>Action Filed:   03/14/2024<br>Trial Date:     Unassigned |

1    PLEASE TAKE NOTICE that, pursuant to local Rule 7-11 and Local Rule 79-

2  5, plaintiffs Jane Roe, Barabra Roe, Mary Roe, Susan Roe, and John Roe (collectively

3  the "Individual Plaintiffs"), file this Statement in Support of Whether Plaintiffs'

4  Declarations and Related Documents Should be Filed under Seal. The materials

5  sought to be sealed by this administrative motion are portions of the depositions of

6  Plaintiffs, and related exhibits, filed in support of Defendants' Opposition to

7  Plaintiffs' Motion for Preliminary Injunction. Individual Plaintiffs seek an order

8  permitting their identifying information be redacted and remain under seal.

9  **I.    LEGAL STANDARD**

10    Under Local Rules 79-5(c)(1) and 79-5(f), a party seeking to keep a document

11  under seal must provide a specific statement of the applicable legal standard and the

12  reasons for sealing, including an explanation of (i) the legitimate private or public

13  interests that warrant sealing, (ii) the injury that will result if sealing is denied, and

14  (iii) why a less restrictive alternative to sealing is not sufficient.

15    A party seeking to file materials under seal bears the burden to show

16  materials are deserving of confidentiality. (*Foltz v. State Farm Mut. Auto. Ins. Co.*,

17  331 F.3d 1122, 1135 (9th Cir.2005).) Federal courts have allowed plaintiffs to use

18  pseudonyms for various reasons, including when "identification creates a risk of

19  retaliatory physical or mental harm." (*Does I thru XXIII v. Advanced Textile Corp.*,

20  214 F.3d 1058, 1068 (9th Cir. 2000).) Plaintiffs may seek anonymity to protect

21  themselves from retaliation by third parties. (*Does I thru XXIII*, 214 F.3d at 1070

22  [the trial court erred in discounting the threat of retaliation from the Chinese

23  government and recruiting agencies for garment workers in Saipan].) The courts

24  consider whether a plaintiff's surroundings and circumstances support anonymity to

25  protect against possible threats of violence. (*Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77

26  F. Supp. 3d 990, 995 (N.D. Cal. 2015) [exotic dancers granted anonymity due to their

27  proximity to possibly dangerous clientele.].) Here, the Individual Plaintiffs live in a

28  neighborhood with frequent acts of violence that are believed to be connected to gang-

1   related narcotics trade.

2   **II.    BACKGROUND AND DISCUSSION**

3         **A.    Plaintiffs Are Particularly Vulnerable and Reasonably Afraid of an Ongoing Threat of Severe Harm.**

Pursuant to a prior order of this Court, and recognizing that Defendants have only included Individual Plaintiffs' identifying information only where it was unavoidable or necessary, the Individual Plaintiffs respectfully request that their identifying information be redacted and remain sealed in connection with Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction. The Individual Plaintiffs have previously filed applications for permission to use pseudonyms, which the Court granted. (ECF Nos. 18, 19, 28-30.) The Individual Plaintiffs did so based on their well-founded fear that public disclosure of their identities could expose them to retaliation by those engaged in the Tenderloin's narcotics trade. (ECF No. 19-2, Jane Roe Dec.; ECF No. 19-4 Susan Roe Dec.; ECF No. 19-3, Mary Roe Dec., ; ECF No. 19-5, John Roe Dec., ECF No. 19-6, Barbara Roe Dec.) Thus, they reasonably fear that revealing their true names would put them at risk of being harmed in retaliation by persons involved in those criminal enterprises. The Individual Plaintiffs therefore have a legitimate and overriding private interest, their safety, that warrants the sealing of their identifying information.

The relief requested here is narrowly tailored, Plaintiffs do not seek to seal the entire supporting deposition testimony or all exhibits, but only those that contain their identifying information. This is the least restrictive means of protecting Plaintiffs' safety while leaving the substance of the parties' arguments available to the public, in full compliance with Local Rule 79-5. In totality, the redaction and sealing of Plaintiffs' identifying information in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction is the only sufficient means to seek the administrative relief related to the instant motion. This is the process the parties conferred and agreed upon in taking the depositions of Plaintiffs to address each

1  parties' needs and concern.

2  **B.    There Would Be Little to No Prejudice to the City.**

3  The City would experience little to no prejudice if this motion is granted

4  because the City is already aware of the true names and relevant information of the

5  Plaintiffs, the parties agreed in advance identifying information elicited during their

6  depositions should be designated confidential and filed under seal, and only

7  identifying information is sought to be filed under seal

8  **C.    The Public Interest Supports Anonymity.**

9  Here, preserving the anonymity of the Individual Plaintiffs would be in the

10  public's interest. The important issues of public concern presented by this lawsuit are

11  furthered if the Individual Plaintiffs, who seek no monetary compensation, are not

12  intimidated and fearful about going forward. (*Does I thru XXIII*, 214 F.3d at 1073

13  [fictitious names are in public's interest if it enables plaintiffs to bring legitimate

14  claims that they would otherwise be deterred from bringing.]). Individual Plaintiffs

15  only seek to keep their identifying information under seal where it appears.

16  Plaintiffs' do not seek to keep under seal the the substance of their testimony on the

17  issues raised in their motion.

18  **D.    Portions of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction Sought to be Redacted.**

19
20  The portions of Defendants' Opposition to Plaintiffs' Motion for Preliminary

    Injunction sought to remain under seal are attached to the Declaration of Ashcon

21  Minoiefar in the format provided by the Proposed Order filed by Defendants.

22  (Declaration of Ashcon Minoiefar, ¶ 2.)

23  ///

24  ///

25  ///

26  ///

27  ///

28

4

1  **III.    CONCLUSION**

2          For the foregoing reasons, the Individual Plaintiffs ask that this Court permit

3  their identifying personal information filed as part of Defendant's opposition to

4  remain under seal. Plaintiffs' do not object to the remaining deposition testimony

5  being filed publicly.

6

7  Dated:  September 29, 2025          WALKUP, MELODIA, KELLY & SCHOENBERGER

8

9                                      By: _____

10                                          MICHAEL A. KELLY

11                                          RICHARD H. SCHOENBERGER
                                            MATTHEW D. DAVIS

12                                          ASHCON MINOIEFAR
                                            Attorneys for ALL PLAINTIFFS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' STATEMENT ISO OF WHETHER PLAINTIFFS' MATERIAL SHOULD BE SEALED -
CASE NO. 4:24-cv-01562-JST

1

## PROOF OF SERVICE

2

**Jane Roe, et al. v. City and County of San Francisco, et al.**
**USDC-Northern California Case No. 4:24-cv-01562-JST**

3

4            At the time of service, I was over 18 years of age and not a party to this action.
I am employed in the county where the mailing took place,  My business address is
650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

5

6            On the date set forth below, I caused to be served true copies of the following
document(s) described as

7

**PLAINTIFFS' STATEMENT IN SUPPORT OF WHETHER PLAINTIFFS'**
**DEPOSITION TRANSCRIPTS AND RELATED EXHIBITS SHOULD BE**
**SEALED**

8

9            to:

10    Shanin Specter, Esq.                    **Co-Counsel for Plaintiffs**
      (Admitted Pro Hac Vice)
11    Alex Van Dyke, Esq.                     Telephone: (215) 772-1000
      KLINE & SPECTER, P.C.                   shanin.specter@klinespecter.com
12    1525 Locust Street                      alex.vandyke@klinespecter.com
      Philadelphia, PA 19102                  escalanteyleana@uclawsf.edu

13

14    David Chiu, Esq., City Attorney         **Counsel for City and County of San**
      Yvonne R. Meré, Esq., Chief Deputy      **Francisco**
15    City Attorney
      Wayne Snodgrass, Esq., Deputy City      Steeley Direct: (415) 554-4655
16    Attorney                                Lakritz Direct: (145) 554-4628
      Tara M. Steeley, Esq., Deputy City      George Direct:  (415) 554-4223
17    Attorney                                Murphy Direct:  (415) 554-6762
      Thomas S. Lakritz, Esq., Deputy City    Facsimile: (415) 554-4699
18    Attorney                                Mere Direct:  (415) 554-4700
      John H. George, Esq., Deputy City       Mere Facsimile:  (415) 554-4757
19    Attorney                                Yvonne.Mere@sfcityatty.org
      Kaitlyn M. Murphy, Esq., Deputy         tara.steeley@sfcityatty.org
20    City Attorney                           tom.lakritz@sfcityatty.org
      Deputy City Attorneys                   john.george@sfcityatty.org
21    City Hall, Room 234                     kaitlyn.murphy@sfcityatty.org
      1 Dr. Carlton B. Goodlett Place         anita.murdock@sfcityatty.org
22    San Francisco, CA  94102-4682           sophia.garcia@sfcityatty.org
                                              winnie.fong@sfcityatty.org
23                                            holly.chin@sfcityatty.org
                                              pamela.cheeseborough@sfcityatty.org
24                                            Elizabeth.coolbrith@sfcityatty.org

25

26

27

28

1

PLAINTIFFS' STATEMENT ISO OF WHETHER PLAINTIFFS' MATERIAL SHOULD BE SEALED -
CASE NO. 4:24-cv-01562-JST

John K. Dipaolo, Esq.
General Counsel
Secretary to the Board of Directors
College of the Law, San Francisco
200 McAllister Street
San Francisco, CA 94102

**Counsel for Plaintiff College of the Law, San Francisco**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Telephone: (415) 565-4787
Facsimile: (415) 565-4825
dipaolojohn@uchastings.edu

Lauren Hansen, Esq.
Melissa A. Morris, Esq.
Public Interest Law Project
449 15th Street, Suite 301
Oakland, CA 94612-06001

**Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Office: (510) 891-9794
Fax: (510) 891-9727
lhansen@pilpca.org
mmorris@pilpca.org

Lili V. Graham, Esq.
Disability Rights California
350 S. Bixel Street Suite 290
Los Angeles, CA 90017-1418

**Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Office: (213) 213-8000
Fax: (213) 213-8001
lili.graham@disabilityrightsca.org

Michael David Key, Esq.
Jessica Berger, Esq.
Bay Area Legal Aid
1454 43rd Avenue
San Francisco, CA 94122

**Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Office: (415) 982-1300
Fax: (415) 982-4243
mkeys@baylegal.org
jberger@baylegal.org

1   John Thomas H. Do, Esq.                **Counsel for Amicus Curiae**
    ACLU Foundation of Northern            **(ACLU Foundation of Northern**
2   California                             **California)**
    39 Drumm Street                        (related case USDC-Northern California
3   San Francisco, CA 94111                case #4:20-cv-03033-JST)

4                                          Office: (415) 621-2943
                                           jdo@aclunc.org
5

6

7        **BY ELECTRONIC TRANSMISSION:**  Pursuant to CCP 1010.6(e), I caused
    the above-titled document(s) to be electronically served on the persons at the
8   electronic service addresses listed.

9        I declare under penalty of perjury under the laws of the United States of
    America that the foregoing is true and correct and that I am employed in the office of
10  a member of the bar of this Court at whose direction the service was made.

11       Executed on September 29, 2025, at San Francisco, California.

12

13                                         _____

14                                         Kirsten Benzien

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3
─────────────────────────────────────────────────────────────────────
PLAINTIFFS' STATEMENT ISO OF WHETHER PLAINTIFFS' MATERIAL SHOULD BE SEALED -
                        CASE NO. 4:24-cv-01562-JST