DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
TARA M. STEELEY, State Bar #231775
JOHN H. GEORGE, State Bar #292332
KAITLYN M. MURPHY, State Bar #293309
SABRINA M. BERDUX, State Bar #248927
ABIGAIL H. WALD, State Bar #309110
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4655 (Steeley)
               (415) 554-4223 (George)
               (415) 554-6762 (Murphy)
               (415) 554-3929 (Berdux)
               (415) 554-3901 (Wald)
Facsimile:     (415) 554-4699
E-Mail:        tara.steeley@sfcityatty.org
               john.george@sfcityatty.org
               kaitlyn.murphy@sfcityatty.org
               sabrina.m.berdux@sfcityatty.org
               abigail.wald@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>      Plaintiffs,<br><br>      vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>      Defendant. | Case No. 4:24-cv-01562-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT FOLLOWING CASE MANAGEMENT CONFERENCE (ECF NO. 108)**<br><br><br>Trial Date:     August 10, 2026 |

Following the September 29, 2025 Case Management Conference, the Court ordered the parties to file a statement addressing the necessity of any post-briefing evidentiary hearing and specific proposals on how to structure such a proceeding if the Court finds one is necessary. ECF No. 108. The parties' positions follow.

**Plaintiffs' Position:**

Plaintiffs respectfully submit a proposal for a revised briefing schedule to address the concerns raised at the last Case Management Conference ("CMC") hearing of September 29, 2025. In short, Plaintiffs request the opportunity to investigate the evolving nature of the City's paraphernalia policy and representations made in the City's opposition, then the parties submit their respective reply and sur-reply. This would do away with the complications of a live hearing, unless the court would like to conduct such a hearing.

This proposal was provided to the City on Monday, September 29, 2025.[1] The City declined. Plaintiffs submit the following proposal for the Court's consideration.

Plaintiffs wish to take the depositions of the following declarants identified in Defendants opposition through the month of October:

- Dr. Susan Philip
- Lt. Ayman Young
- Commander Biggs
- If time permits, Plaintiffs may wish to depose additional declarants identified in the City's opposition.

In addition, Plaintiffs seek to depose the following third-party witnesses:

- Joe Wilson, Executive Director of the Hospitality House
- Tyler TerMeer, M.D., CEO of SF AIDS Foundation
- Alternatively, the person most knowledgeable regarding the distribution of smoking supplies at those two entities.

---

[1] The proposal to the City provided different briefing dates than those contained here but the concept of a reply and sur-reply following depositions without the need for a live hearing was rejected.

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST                    1                    m:\active cases\jane roe v. ccsf cases\_jane roe v. ccsf (master) -
16700\pleadings\joint cmc statement re pi hearing(10.2.2025).docx

These witnesses have either submitted declarations or the City made representations regarding their relationship with, and the conduct of, SF AIDS and Hospitality House. These witnesses' testimony bears directly on the core issues of the preliminary injunction motion—namely, the nature and funding of the distribution of smoking supplies by the City's contractors. Plaintiffs believe that these representations should be subject to testing through deposition testimony for the Court's benefit, and that this process would avoid the complications discussed at the recent CMC. As Plaintiffs discussed at the last CMC, this new distribution policy has been evolving at the time the moving papers were filed. The current briefing schedule provided Defendants the opportunity to depose Plaintiffs, for some nearly the full seven hours, regarding their specific declarations, but more broadly the entirety of their claims, backgrounds, credibility, and any other matter to inform its opposition. Plaintiffs request the same opportunity given the evolving nature of the nuisance, the City's conduct and the representations made in the opposition.

Therefore, Plaintiffs submit that the briefing schedule be adjusted so Plaintiffs may conduct this discovery and then inform additional briefing for the Court's benefit. This removes the need for a live evidentiary hearing that Plaintiffs agree presents more complications than benefits.

Plaintiffs kindly request the Court accommodate a new briefing schedule as laid out below.

- Plaintiffs conduct the depositions through the month of October.
- Plaintiffs will file a Reply that incorporates the testimony elicited from the depositions by **November 7, 2025.**
- The City may then file a Sur-Reply limited to deposition testimony and any new matters raised in Plaintiffs' Reply by Plaintiffs by **November 21, 2025**.

Currently, Plaintiffs' reply is due **Monday, October 6, 2025**. Plaintiffs respectfully request an immediate response from the Court, given the immediacy of the deadline to file their reply. Plaintiff's initial proposal was provided on September 29, 2025. The City provided its substantive position and proposal on October 1, 2025. Plaintiff's position, as laid out in this CMC, was provided to the City on October 1, 2025. Plaintiff's intention is to file this CMC statement on October 2, 2025, as soon as possible.

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST
2
m:\active cases\jane roe v. ccsf cases\_jane roe v. ccsf (master) -
16700\pleadings\joint cmc statement re pi hearing(10.2.2025).docx

**Defendant's Position:**

### A.     The Parties Agree The Court Should Vacate The Reserved Hearing Dates

The parties now agree that no evidentiary hearing is necessary and would present more complications than benefits. Accordingly, the City respectfully submits that the Court should not take four days from its busy calendar to hold a hearing the parties agree is not necessary to resolve the pending motion and instead set the preliminary injunction for traditional oral argument from counsel on Monday October 27, or at the Court's convenience, and release the remaining days the Court has reserved on its schedule.

### B.     No Revised Briefing Schedule is Needed

In place of their initial request for an evidentiary hearing, Plaintiffs' portion of this joint statement pivots and requests the Court instead: (1) extend the deadline for Plaintiffs to file their reply for one month from October 6 to November 7 so that Plaintiffs can conduct additional discovery; (2) preemptively permit Plaintiffs to include new evidence and argument drawn from that as-of-yet unconducted discovery in their reply brief; and (3) include a sur-reply with their motion. This request should be rejected as procedurally improper, unnecessary, and prejudicial.

Plaintiffs request to modify the briefing schedule is untimely and procedurally improper. The Court—several months ago—set the briefing schedule for the preliminary injunction in its scheduling order on a timeline the parties jointly proposed. ECF No. 99. Any party seeking to modify the schedule must therefore demonstrate good cause. Fed. R. Civ. P. 16(b)(4). Plaintiffs have not addressed this demanding standard. Nor is it appropriate for Plaintiffs to seek this kind of relief—a request to modify the briefing schedule for a reply brief due in two business days—through a joint statement following the Case Management Conference.

Implicit in Plaintiffs' request for the Court to hold their preliminary injunction in limbo while they conduct additional discovery is the presumption that Plaintiffs will rely on this new discovery in their reply brief. No further discovery is needed for Plaintiffs to submit a reply, and the City would object to any attempt by Plaintiffs to misuse their reply brief to introduce evidence or argument missing from their initial motion. "As this Court has made clear with some regularity, it ordinarily 'does not consider new facts or argument made for the first time in a reply brief." *DEPCOM Power,*

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST                         3                 m:\active cases\jane roe v. ccsf cases\_jane roe v. ccsf (master) -
                                                                      16700\pleadings\joint cmc statement re pi hearing(10.2.2025).docx

1   *Inc. v. CSUN Solar, Inc.*, No. 18-CV-00729-JST, 2019 WL 13110783, at *2 (N.D. Cal. July 11, 2019)

2   (declining to consider new facts or argument); *see also Sheets v. F. Hoffmann-La Roche Ltd.*, No. 18-

3   CV-04565-JST, 2018 WL 6428460, at *2 n. 2 (N.D. Cal. Dec. 7, 2018) (sustaining objection to new

4   evidence submitted with reply"); *Willner v. Manpower Inc.*, No. 11-CV-02846-JST, 2013 WL

5   3339443, at *3 (N.D. Cal. July 1, 2013) ("The Court concludes that Manpower's objections to the

6   reply argument and facts are valid and disregards the arguments and facts at issue for the purpose of

7   resolving this motion."); *Lil' Man in the Boat, Inc. v. City & County of San Francisco*, No. 17-CV-

8   00904-JST, 2019 WL 1756347, at *2 (N.D. Cal. Apr. 19, 2019) ("Because the argument was made for

9   the first time on reply, the Court need not consider it").

10       Plaintiffs' statement that the City's policy was "evolving" when Plaintiffs filed their motion on

11   August 25 is not well taken. Plaintiffs filed this case in March 2024 and stipulated to the timing for

12   this motion over four months ago—*after* they had learned about the "new" policy through deposition

13   testimony. Even Plaintiffs' own motion states this policy went into effect in April, four months before

14   their filed their motion. ECF No. 101 at 8 (confirming the policy went into effect April 30). Plaintiffs

15   have also had a year to conduct discovery—and have been seeking City records via public records

16   requests for even longer.  Now, having had an enormous amount of time to gather the discovery they

17   thought necessary, Plaintiffs seek to amend the briefing schedule to conduct the very discovery they

18   could have taken (*e.g.*, information about the finalized April policy) and to apparently expand the

19   arguments in their August 25, 2025 preliminary injunction motion to include the very information and

20   arguments they could have—but did not—develop in discovery months before filing their Motion.

21       Plaintiffs are free to take whatever depositions they choose consistent with FRCP 30 and to use

22   that evidence at trial, but they have no basis to simultaneously seek the extraordinary remedy of a

23   preliminary injunction and then delay the filing deadline for their reply in support of that motion

24   because they did not timely pursue the discovery they now wish they had sought. The Court should not

25   permit Plaintiffs, who have had ample time and opportunity to fully explore the issues in their motion,

26   to alter the briefing schedule to submit new evidence in a reply because they now want to conduct

27   additional discovery they chose not to take earlier.

28

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST                    4          m:\active cases\jane roe v. ccsf cases\_jane roe v. ccsf (master) -
                                                          16700\pleadings\joint cmc statement re pi hearing(10.2.2025).docx

### C.    Proposed Hearing Structure

As stated above, Plaintiffs withdrew their request for an evidentiary hearing and the City agrees one is not necessary to resolve the pending motion. To the extent the Court is considering holding an evidentiary hearing on its own accord, the City respectfully requests that the Court take a first look at Plaintiffs' Motion and the City's Opposition before ordering such a hearing. This is because the papers show no evidentiary hearings are required to resolve Plaintiffs' motion based on the claims, arguments, and relief Plaintiffs seek. The issues Plaintiffs raise in their motion (nuisance claim based solely on the distribution of safer smoking supplies) are substantially narrower than those alleged in the FAC, which also covered ADA claims and several further theories of nuisance liability. The City's Opposition shows that Plaintiffs failed to meet their burden on threshold issues including standing, and that there are purely legal bases to deny Plaintiffs' motion in its entirety, including that the conduct at issue is expressly authorized by statute and therefore cannot constitute a nuisance as a matter of law.

Plaintiffs bore the burden to demonstrate they are entitled to the extraordinary remedies they seek. Their motion has not met that standard and so holding an evidentiary hearing now would prejudice the City by permitting Plaintiffs an opportunity to improperly shift their evidence and arguments and based on Plaintiffs' statements thus far it is clear they seek to do so. Preliminary injunctions are not uncommon and traditionally do not require evidentiary hearings. There is no reason to treat this case as an outliner.

Out of an abundance of caution and to directly address the issues that the Court put to the parties at the last case management conference, to the extent the Court determines an evidentiary hearing is necessary to resolve the motion, the City requests the Court consider the following procedures to manage the hearing.

### 1.    Pre-Hearing Schedule

The City proposes the following pre-hearing timeline:

- The parties to exchange a witness and exhibit list containing (1) the names and sequence of any witnesses it seeks to call for cross-examination; (2) the anticipated subject of the witnesses' testimony; and (3) any documents (other than those offered exclusively for impeachment)

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST                    5                    m:\active cases\jane roe v. ccsf cases\_jane roe v. ccsf (master) -
16700\pleadings\joint cmc statement re pi hearing(10.2.2025).docx

to be used with each witness by no later than noon on Monday **October 13, 2025**. No party shall be permitted to call a witness it did not list in its pre-hearing disclosures. No party shall be permitted to introduce as an exhibit (except for purposes of impeachment) any document that is not listed in its pre-hearing disclosures.

- The parties meet and confer to resolve any objections to the witness list or exhibit identification by noon on Wednesday **October 15, 2025**.

- If any disputes remain, the parties shall file their objections, including any motions in limine based on the anticipated subject matter of witness testimony, with the Court by 5:00 p.m. on Friday **October 17, 2025**. Motions in limine shall not exceed 5 pages. Any opposition is due by 5:00 p.m. on Wednesday, October 22, 2025, and shall not exceed 5 pages. Replies are not permitted without leave of Court.

- The Court will hold a pre-hearing conference on Friday **October 24, 2025** at 2:00 p.m.

**2.      Hearing Proceedings**

Questioning is limited to no more than 30 minutes of cross-examination per witness with an opportunity for 30 minutes of re-direct examination from the party that initially relied on the witness' declaration. Each party is limited to two hours of cross-examination (up to four witnesses) to be conducted over two days on October 27 and 28 from 8:30 a.m. to 1:30 p.m.

A party is only entitled to call a witness for whom the opposing party has submitted a declaration. For Plaintiffs, this would include: Ricky Bluthenthal, Susan Philip, Jonathan Vaing, Brittany Brandon, Steven Duong, Lisa Rachowicz, Lt. Wayman Young, or Commander Scott Biggs. For the City, this would include: Omar Ward, Randy Shaw, Jane Roe, Mary Roe, Susan Roe, Barbara Roe, Isabel Manchester, or Sam Patel.

Questioning is limited to the scope of the declarations submitted with the parties' Motion or Opposition.

**3.      Post-Hearing Schedule**

Following the hearing, the parties are each permitted to file one 15-page filing, which shall only address how to apply the facts presented at the hearing to the pending motion and shall not include any new facts or legal theories not previously presented. For the avoidance of doubt, neither

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST                6        m:\active cases\jane roe v. ccsf cases\_jane roe v. ccsf (master) -
16700\pleadings\joint cmc statement re pi hearing(10.2.2025).docx

1  the sur-reply nor the sur-sur reply shall be used to expand the scope of the evidence or arguments

2  presented in the original motion. Plaintiffs' sur-reply is due two weeks after the hearings conclude on

3  November 11, 2025 and the City's sur-sur reply is due two weeks later on November 25, 2025.

4      Plaintiffs portion of the joint statement includes no critique of this proposal, nor any

5  affirmative counter-proposal for how to structure an evidentiary hearing.

6

7  Dated:  October 2, 2025              DAVID CHIU
                                        City Attorney
8                                       YVONNE R. MERÉ
                                        Chief Deputy City Attorney
9                                       TARA M. STEELEY
                                        JOHN H. GEORGE
10                                      KAITLYN M. MURPHY
                                        SABRINA M. BERDUX
11                                      ABIGAIL H. WALD
                                        Deputy City Attorneys
12

13                                      By:  /S/ Kaitlyn Murphy
14                                          KAITLYN MURPHY

15                                      Attorneys for Defendant
                                        CITY AND COUNTY OF SAN FRANCISCO
16

17

18  Dated:  October 2, 2025             WALKUP, MELODIA, KELLY & SCHOENBERGER

19                                      By: ** /S/ Ashon Minoiefar
                                            ASHCON MINOIEFAR
20

21                                      Attorneys for Plaintiffs
                                        JANE ROE, MARY ROE, SUSAN ROE, JOHN ROE,
22                                      BARBARA ROE, PHOENIX HOTEL SF, LLC, FUNKY
                                        FUN, LLC, and 2930 EL CAMINO, LLC

23

24  **Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.

25

26

27

28

## PROOF OF SERVICE

**Jane Roe, et al. v. City and County of San Francisco, et al.**
**USDC-Northern California Case No. 4:24-cv-01562-JST**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**JOINT CASE MANAGEMENT STATEMENT FOLLOWING CASE MANAGEMENT CONFERENCE (ECF NO. 108)**

to:

| | |
|---|---|
| Shanin Specter, Esq. (Admitted Pro Hac Vice) Alex Van Dyke, Esq. KLINE & SPECTER, P.C. 1525 Locust Street Philadelphia, PA 19102 | **Co-Counsel for Plaintiffs** Telephone: (215) 772-1000 shanin.specter@klinespecter.com alex.vandyke@klinespecter.com escalanteyleana@uclawsf.edu |
| David Chiu, Esq., City Attorney Yvonne R. Meré, Esq., Chief Deputy City Attorney Wayne Snodgrass, Esq., Deputy City Attorney Tara M. Steeley, Esq., Deputy City Attorney Thomas S. Lakritz, Esq., Deputy City Attorney John H. George, Esq., Deputy City Attorney Kaitlyn M. Murphy, Esq., Deputy City Attorney Deputy City Attorneys City Hall, Room 234 1 Dr. Carlton B. Goodlett Place San Francisco, CA  94102-4682 | **Counsel for City and County of San Francisco** Steeley Direct: (415) 554-4655 Lakritz Direct: (145) 554-4628 George Direct:  (415) 554-4223 Murphy Direct:  (415) 554-6762 Facsimile: (415) 554-4699 Mere Direct:  (415) 554-4700 Mere Facsimile:  (415) 554-4757 Yvonne.Mere@sfcityatty.org tara.steeley@sfcityatty.org tom.lakritz@sfcityatty.org john.george@sfcityatty.org kaitlyn.murphy@sfcityatty.org anita.murdock@sfcityatty.org sophia.garcia@sfcityatty.org winnie.fong@sfcityatty.org holly.chin@sfcityatty.org pamela.cheeseborough@sfcityatty.org Elizabeth.coolbrith@sfcityatty.org |

John K. Dipaolo, Esq.
General Counsel
Secretary to the Board of Directors
College of the Law, San Francisco
200 McAllister Street
San Francisco, CA 94102

**Counsel for Plaintiff College of the Law, San Francisco**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Telephone: (415) 565-4787
Facsimile: (415) 565-4825
dipaolojohn@uchastings.edu

Lauren Hansen, Esq.
Melissa A. Morris, Esq.
Public Interest Law Project
449 15th Street, Suite 301
Oakland, CA 94612-06001

**Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Office: (510) 891-9794
Fax: (510) 891-9727
lhansen@pilpca.org
mmorris@pilpca.org

Lili V. Graham, Esq.
Disability Rights California
350 S. Bixel Street Suite 290
Los Angeles, CA 90017-1418

**Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Office: (213) 213-8000
Fax: (213) 213-8001
lili.graham@disabilityrightsca.org

Michael David Key, Esq.
Jessica Berger, Esq.
Bay Area Legal Aid
1454 43rd Avenue
San Francisco, CA 94122

**Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**
(related case USDC-Northern California case #4:20-cv-03033-JST)

Office: (415) 982-1300
Fax: (415) 982-4243
mkeys@baylegal.org
jberger@baylegal.org

JOINT CMC STATEMENT
CASE NO. 4:24-cv-01562-JST
2
m:\active cases\jane roe v. ccsf cases\_jane roe v. ccsf (master) -
16700\pleadings\joint cmc statement re pi hearing(10.2.2025).docx

John Thomas H. Do, Esq.
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111

**Counsel for Amicus Curiae**
**(ACLU Foundation of Northern California)**
(related case USDC-Northern California case
#4:20-cv-03033-JST)

Office: (415) 621-2943
jdo@aclunc.org

    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on October 2, 2025, at San Francisco, California.

_____
Kirsten Benzien

3