DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
TARA M. STEELEY, State Bar #231775
JOHN H. GEORGE, State Bar #292332
KAITLYN M. MURPHY, State Bar #293309
SABRINA M. BERDUX, State Bar #248927
ABIGAIL H. WALD, State Bar #309110
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4655 (Steeley)
              (415) 554-5960 (George)
              (415) 554-6762 (Murphy)
              (415) 554-3929 (Berdux)
              (415) 554-3901 (Wald)
Facsimile:    (415) 554-4699
E-Mail:       tara.steeley@sfcityatty.org
              john.george@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              sabrina.m.berdux@sfcityatty.org
              abigail.wald@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company, | Case No. 4:24-cv-01562-JST<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO EXTEND TIME (ECF NO. 118)** |
| Plaintiffs, | Trial Date:    August 10, 2026 |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a California public entity, | |
| Defendant. | |

Plaintiffs' administrative motion seeks a second extension of the deadline for their reply in support of the motion for a preliminary injunction—this time extending the deadline from November to November 21. Plaintiffs request the extension because they scheduled two non-party depositions for later this month and would like to incorporate testimony from those depositions into their reply. The Could should deny Plaintiffs' motion because it does not address the correct legal standard and would not have met the good cause standard on these facts even if Plaintiffs had tried.

Plaintiffs have not been diligent in seeking these depositions, nor have they adequately explained why the Court's first extension of their reply deadline was insufficient to conduct all necessary discovery, particularly where the Court previously considered Plaintiffs' request to take these depositions and held, "[t]he Court does not now order that such persons must sit for deposition because neither person provided a declaration in support of Defendant's opposition and neither person is identified in the City's opposition brief." ECF No. 110. Plaintiffs provide no explanation for the change in circumstances that would warrant reconsideration. And even if Plaintiffs had been diligent, any testimony from these deponents would be irrelevant to their motion because it would be inappropriate for Plaintiffs to add new evidence in a reply brief. The Court should deny Plaintiffs' request.

## I.   The Good Cause Standard Applies

The Court set the briefing schedule for Plaintiffs' preliminary injunction motion in its Scheduling Order governed by Rule 16 of the Federal Rules of Civil Procedure. ECF No. 99. The schedule "may be modified only for good cause." Fed. R. Civ. Proc. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992). "If the party seeking modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reason for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

## II.    Plaintiffs Did Not Show Diligence

Plaintiffs do not explain why the additional month the Court gave them in the first extension was inadequate, stating only that the depositions are scheduled for November 14, and Plaintiffs desire testimony from these witnesses before filing their reply. ECF No. 118. This is not good cause because Plaintiffs do not speak to whether they were diligent in seeking the depositions before the first extended reply deadline (they were not), or explain what circumstances have changed since the Court previously ruled on this issue a month ago.

Good cause exists when the deadline in the scheduling order "cannot reasonably be met." *Johnson*, 975 F.2d at 609. Here, the Court already considered Plaintiff's request to take these non-party depositions, and did not order that they be completed prior to Plaintiffs' reply. It is also not credible to believe a diligent plaintiff had inadequate time to complete these depositions by November 7, after the Court already granted Plaintiffs an extension to attempt just that.

The Court's first Scheduling Order set the deadline for Plaintiffs' reply brief as October 6, to be followed by a three-day hearing at Plaintiffs' request. ECF No. 99. Following the last case management conference, which occurred after the City filed its opposition, but before Plaintiffs filed their reply, the Court instructed the parties to submit proposals for how to use the hearing time. ECF No. 108. Plaintiffs proposed the Court cancel the hearing and instead permit further depositions "through the month of October," so Plaintiffs could file a reply "that incorporates the testimony elicited from the depositions by November 7, 2025." ECF No. 109. The Court gave Plaintiffs the schedule they requested including a November 7 reply deadline. ECF No. 110. "Good cause does not exist where, as here, 'Plaintiffs do not identify any new evidence or legal theories of which they were previously unaware at no fault of their own.'" *Silva v. B&G Foods, Inc*., No. 20-CV-00137-JST, 2023 WL 5920089, at *1 (N.D. Cal. Aug. 9, 2023) (citation omitted). The basis for Plaintiffs' second extension request is identical to the basis for their first, which is grounds to deny the latter. *Harper v. Lugbauer*, No. 11-CV-01306-JST, 2013 WL 3938699 (N.D. Cal. July 29, 2013), aff'd, 709 F. App'x 849 (9th Cir. 2017) (denying request to extend where "the reasons that [plaintiff] offers to justify her request to extend the discovery deadline a third time are nearly identical to the reasons she previously offered").

Plaintiffs told the Court approximately a year ago they "intend to move for a preliminary injunction as soon as possible." ECF No. 65. On December 10, 2024, Plaintiffs said that they used public records requests to gather information, wanted to depose six City employees, "intend to serve the City with a Rule 30(b)(6) deposition notice" and "may also subpoena for deposition nonparties, including employees of nonprofits and vendors that plaintiffs understand and believe have received City-funding . . . to hand out drug paraphernalia on City sidewalks and streets." ECF No. 69. Plaintiffs have therefore known since at least December 2024 that they thought these two non-party depositions were relevant, yet offer no explanation for why they did not serve subpoenas for testimony from these non-parties until more than ten months later.

Plaintiffs did not taky *any* depositions in this case between April 22, 2025 and when they filed their motion for a preliminary injunction on August 25, 2025. That four-month period was plenty of time to take two additional depositions. Even if Plaintiffs had not taken the non-party depositions before they filed their motion, they had another two months between when they filed their motion and today, yet failed to act diligently. Although Plaintiffs' August motion repeatedly identified Hospitality House and SF Aids Foundation, the non-profits for whom the two non-party deponents work, (ECF No. 101 at 8, 12, 14, 18, 23, 28), Plaintiffs offer no explanation for why they waited until October to seek these depositions. Courts have denied requests to modify the scheduling order under similar circumstances. *See e.g., Cross v. Cent. Contra Costa Transit Auth.*, No. 21-CV-01312-JST, 2024 WL 2868515, at *2 (N.D. Cal. June 5, 2024) (denying modification scheduling order to permit depositions because plaintiff failed show diligence).

Plaintiffs ignore everything that happened in this case before October 2025, and argue they did not have time to schedule these depositions earlier because Judge Illman held a hearing on the City's objection on October 28. ECF No. 118. While it would be improper to look only at the events of the past month in assessing good cause, Plaintiffs have not shown diligence even in that narrowed window.

The Court issued its first order extending the briefing schedule and addressing Plaintiffs' request to depose the non-parties on October 2, 2025. ECF No. 110. Plaintiff sent the City proposed subpoenas for the two deponents on October 7 and 8. On October 9, the City emailed Plaintiffs

requesting proofs of service once the subpoenas were served to begin the dispute process. Receiving no response, the City followed up a week later on October 16, and even then Plaintiffs only sent a proof of service for Mr. Wilson, not Dr. TerMeer. The City nonetheless initiated the dispute process for both subpoenas the following business day, agreed to a meter and confer one day later on October 21, and prepared its portion of the discovery letter in fewer than the five days allotted. The parties filed the discovery letter with Judge Illman on October 24. ECF No. 114. The City has consistently said it would make itself available for the non-party depositions on any date convenient for the witnesses. Plaintiffs offer no explanation why they did not serve the non-parties earlier in the month as would be required to show good cause for the requested extension. Preliminary injunction motions are routinely resolved "when there has been little factual development" because of "the urgency of obtaining a preliminary inunction." *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013). There is nothing unusual about having Plaintiffs' motion heard here while fact discovery is still underway.

## III.    Further Delay Would Prejudice The City

Although not required to deny Plaintiffs' administrative motion, the City would be prejudiced by further delay and by Plaintiffs inappropriate attempt to raise new evidence in its reply.

The City raised several defenses to Plaintiffs' motion that show Plaintiffs cannot succeed on their nuisance claims *as a matter of law*. Specifically, the Court lacks jurisdiction over Plaintiffs' public and private nuisance claims, the California Health and Safety Code expressly authorizes the conduct about which Plaintiffs complain thereby eliminating any nuisance claim (*see* Civil Code Section 3482), and the California Government Code entitles the City to statutory immunity on Plaintiffs' state law claims. The City's success on these issues at the preliminary injunction phase will likely shape the scope of discovery going forward. Six of the eight Plaintiffs only brought nuisance claims. Accordingly, the City has an interest in prompt resolution of Plaintiffs' motion.

Plaintiffs premise their extension request on the assumption that they will incorporate testimony from the non-parties into their reply brief. The City objects to any such attempt as improper, especially where Plaintiffs had notice and opportunity to seek such depositions before filing their opening motion. This Court routinely disregards evidence submitted for the first time in a reply brief

and should do so here. *See e.g., Abraham v. State Farm Gen. Ins. Co*., No. 22-CV-01600-JST, 2023 WL 6391470, at *1 n. 1 (N.D. Cal. Sept. 30, 2023), aff'd, No. 23-2776, 2024 WL 4678051 (9th Cir. Nov. 5, 2024) (declining to consider new evidence submitted with reply because "A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief"); *Vargas v. Delivery Outsourcing, LLC*, No. 15-CV-03408-JST, 2016 WL 946112, at *4 (N.D. Cal. Mar. 14, 2016) (same); *White v. Soc. Sec. Admin*., 111 F. Supp. 3d 1041, 1048 (N.D. Cal. 2015) (same). Even if Plaintiffs had been diligent in seeking to depose the non-parties before November 7, there is no basis to extend Plaintiffs' deadline to collect evidence that the Court would disregard since it was not submitted with Plaintiffs' initial papers.

## IV.    Conclusion

This dispute is not about whether the two non-party depositions will go forward. Counesl for both non-parties confirmed the November 14 date. Plaintiffs will have whatever testimony comes from these depositions for use in their summary judgment motions or at trial. The issue here is solely whether Plaintiffs' failure to schedule those depositions earlier is good cause to further delay resolution of their pending preliminary injunction motion and extend for a second time the deadline for Plaintiffs' reply brief. There is no good cause for the request because Plaintiffs failed to show reasonable diligence in completing the depositions before their well-known reply deadline. It would also be improper for Plaintiffs to insert new facts at this stage of the briefing.

Plaintiffs filed this case in March 2024 with the goal of moving for a preliminary injunction and repeatedly complained about the City's alleged delay until their motion was on file. Since that point it has been Plaintiffs who twice requested to extend resolution of the motion they previously thought urgent. The City respectfully requests the Court deny Plaintiffs' administrative motion so that it can rule on the merits of Plaintiffs' request for a preliminary injunction.

Dated:  November 3, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
TARA M. STEELEY
JOHN H. GEORGE
KAITLYN M. MURPHY
SABRINA M. BERDUX
ABIGAIL H. WALD
Deputy City Attorneys


By:___/s/*Kaitlyn Murphy*_____
KAITLYN MURPHY

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO