LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com
ELISE GORBERG (State Bar #)
egorberg@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity, | Case No. 4:24-cv-01562-JST<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>*Filed concurrently with Plaintiffs' Reply in Support of Motion for Preliminary Injunction*<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE DISTRICT JUDGE JON S. TIGAR, COURTROOM 6**<br><br>Action Filed:   03/14/2024<br>Trial Date:      Unassigned |

1 | Defendants.

## I. INTRODUCTION

Plaintiffs request, pursuant to Federal Rule of Evidence 201(b), that the Court take judicial notice of three legal complaints filed in the San Francisco Superior Court by the San Francisco City Attorney's Office on behalf of Defendant City and County of San Francisco, and the City Attorney's press release about those lawsuits. Plaintiffs also request that the Court take judicial notice of a document issued by the San Francisco Department of Public Health, entitled "*Pilot Treatment Connections and Safer Use Supplies Distribution Policy*," dated April 2, 2025.

## II. DOCUMENTS FOR WHICH NOTICE IS REQUESTED

1. **File-endorsed complaint** filed by the San Francisco City Attorney in *City and County of San Francisco and the People of the State of California v. 2008 Oh Family Trust, et al.*, Case No. CGC-25-624263 (Declaration of Ashcon Minoiefar, ¶2, Exhibit A).

2. **File-endorsed complaint** filed by the San Francisco City Attorney in *City and County of San Francisco and the People of the State of California v. Ursula Fung, et al.*, Case No. CGC-25-624264 (Declaration of Ashcon Minoiefar, ¶3, Exhibit B).

3. **File-endorsed complaint** filed by the San Francisco City Attorney in *City and County of San Francisco and the People of the State of California v. 155 Turk Street Associates L.P.*, Case No. CGC-25-624266, (Declaration of Ashcon Minoiefar, ¶4, Exhibit C).

4. **Press release** issued by the San Francisco City Attorney's Office titled *"City Attorney Sues Tenderloin Drug and Gambling Dens Fronting as Small Businesses"* (May 23, 2024), available at https://sfcityattorney.org/city-attorney-sues-tenderloin-drug-and-gambling-dens-fronting-as-small-businesses/ (Declaration of Ashcon Minoiefar, ¶5, Exhibit D).

5. **SFDPH policy** titled *San Francisco Department of Public Health Pilot Treatment Connections and Safer Use Supplies Distribution Policy* (April 2, 2025) (Declaration of Ashcon Minoiefar, ¶6, Exhibit E).

1 **III.   ARGUMENT**

2    Under Federal Rule of Evidence 201(b), a court may take judicial notice of a
3 fact "not subject to reasonable dispute because it…can be accurately and readily
4 determined from sources whose accuracy cannot reasonably be questioned." Federal
5 courts routinely take judicial notice of court filings and other matters of public
6 record. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
7 971 F.2d 244, 248 (9th Cir. 1992).

8    A.   **The Four Documents Relating to the City's Nuisance Lawsuits Against Tenderloin Markets.**

9    The first four documents relate to nuisance actions that the City Attorney
10 filed, on April 10, 2025, in the name of the City and the People of the State of
11 California against the owners and operators of three neighborhood markets in the
12 Tenderloin. Exhibits A, B, and C are file-endorsed copies of complaints filed by the
13 San Francisco City Attorney against the owners and operators of stores in the
14 Tenderloin that allegedly, among other things, sold drug paraphernalia. The
15 complaints allege that this activity "attracted criminal and nuisance activity to the
16 surrounding community…adversely affecting the neighborhood and the health,
17 safety, and well-being of those who live and work in the area." (Ex. A at ¶ 2; Ex. B at
18 ¶ 2; Ex. C at ¶ 2.)  The City's complaints allege that the defendants sold
19 paraphernalia "used to ingest or inhale controlled substances," and that this conduct
20 "adversely affects public health, contributes to illegal drug activity, and contributes
21 to other criminal activity." (Ex. A at ¶ 54; Ex. B at ¶ 45; Ex. C at ¶ 41.) The City
22 Attorney's press release announcing these suits reinforces those allegations,
23 describing the stores as "magnets for substantial illegal activity," and stating that
24 their operations "threaten the safety of the children, families, and seniors in [the]
25 community." (Ex. D)

26    Plaintiffs do not offer these materials for the truth of the matters asserted in
27 them. Rather, they are properly noticed to establish that the City made the
28

1  statements and allegations contained in them. Courts regularly take judicial notice of
2  public records for this limited, non-hearsay purpose—namely, to show that a party
3  made inconsistent representations or to permit impeachment. (See *Lee v. City of Los*
4  *Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (court may take notice of public records
5  "not for the truth of the facts recited therein, but for the existence" of the records).)
6  These materials collectively demonstrate the inconsistency between the City's prior
7  statements condemning the sale of smoking paraphernalia as harmful and its
8  current policy permitting the free distribution of the same supplies under the guise of
9  harm reduction.

10       This distinction matters here. The City's recent nuisance complaints and
11  public press release—each asserting that the sale of smoking paraphernalia "attracts
12  crime" and "endangers public health"—flatly contradict the City's current defense of
13  its own policy pertaining to the distribution of identical paraphernalia by City-funded
14  vendors. Judicial notice for impeachment and inconsistency serves the Rule 201
15  purpose of clarifying the record without turning these statements into factual
16  findings. (See *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th
17  Cir. 2006) (taking notice of filings to indicate what was filed, not for the truth of the
18  contents).)

19       Because these materials are official court filings and an official government
20  press release, whose authenticity and content cannot reasonably be disputed, they
21  are properly subject to judicial notice under Rule 201(b).

22      B.    **The *April 2*, 2025 Version of the City's Policy Permitting the Distribution of Smoking Paraphernalia differs significantly from the earlier version of that policy that the City submitted to this Court**.

24       The fifth document, <u>Exhibit E</u>, is the <u>April 2</u>, 2025 version of the official policy
25  by which the City permits its contractors and subcontractors to distribute "safer use"
26  smoking paraphernalia, such as pipes, foil, and straws. This version of the policy,
27  which Plaintiffs found on the City's official website, differs significantly from the

April 1, 2025 version of the policy that the City submitted to this Court. ECF no. 105-53 (Ex. G to Philip Decl. entitled "*SFDPH Pilot Policy: Connections to Treatment and Safer Use Supplies Distribution*").

The April 1 version of the policy, the version which the City proffered to this Court, states that the vendors that distribute the paraphernalia "**must include proactive counseling (e.g. with motivational interviewing) and connections to treatment.**" *Id.* (boldface in original).

The April 2 version of the policy, which Plaintiffs proffer to the Court, however, sets forth an exception to this rule: "all programs must offer treatment referrals and connections to treatment at every interaction to the extent practical and receivable by the participant." (Ex. E at p. 2.) As discussed in Plaintiffs' reply brief, one City contractor has, with the City's approval, expanded this exception to the point where it has swallowed the rule. (See Reply discussion of testimony of Dr. Tyler TerMeer.) Moreover, the April 2 version of the policy, unlike the April 1 version, explicitly authorizes the distribution of smoking paraphernalia to minors. *Id.* at section 5, p. 3. As one City-funded contractor admitted, a child who looks no older than 10-years old can obtain free paraphernalia. (See testimony of Dr. Tyler TerMeer cited in Plaintiffs' reply.) Plaintiffs contend that handing out fentanyl pipes to *children* in the neighborhood is a harm that outweighs any benefit.

This SFDPH document qualifies for judicial notice under Rule 201(b) because it is an official government publication whose accuracy and authenticity cannot reasonably be questioned. Courts regularly take notice of similar materials. (See *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking notice of official government information published online).)

///
///
///
///

IV.   **CONCLUSION**

    For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of Exhibits A-E.

| Dated:  November 21, 2025 | WALKUP, MELODIA, KELLY & SCHOENBERGER |
|---|---|
| | By: _/s/ Ashcon Minoiefar_ |
| | ASHCON MINOIEFAR |
| | Attorneys for ALL PLAINTIFFS |

# PROOF OF SERVICE

**Jane Roe, et al. v. City and County of San Francisco, et al.
USDC-Northern California Case No. 4:24-cv-01562-JST**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

to:

| | |
|---|---|
| Shanin Specter, Esq. (Admitted Pro Hac Vice) <br> Alex Van Dyke, Esq. <br> KLINE & SPECTER, P.C. <br> 1525 Locust Street <br> Philadelphia, PA 19102 | **Co-Counsel for Plaintiffs** <br><br> Telephone: (215) 772-1000 <br> shanin.specter@klinespecter.com <br> alex.vandyke@klinespecter.com <br> escalanteyleana@uclawsf.edu |
| David Chiu, Esq., City Attorney <br> Yvonne R. Meré, Esq., Chief Deputy City Attorney <br> Wayne Snodgrass, Esq., Deputy City Attorney <br> Tara M. Steeley, Esq., Deputy City Attorney <br> John H. George, Esq., Deputy City Attorney <br> Kaitlyn M. Murphy, Esq., Deputy City Attorney <br> Abigail Wald, Esq., Deputy City Attorney <br> Deputy City Attorneys <br> City Hall, Room 234 <br> 1 Dr. Carlton B. Goodlett Place <br> San Francisco, CA  94102-4682 | **Counsel for City and County of San Francisco** <br><br> Steeley Direct: (415) 554-4655 <br> George Direct:  (415) 554-4223 <br> Murphy Direct:  (415) 554-6762 <br> Facsimile: (415) 554-4699 <br> Mere Direct:  (415) 554-4700 <br> Mere Facsimile:  (415) 554-4757 <br> tara.steeley@sfcityatty.org <br> john.george@sfcityatty.org <br> kaitlyn.murphy@sfcityatty.org <br> Abigail.Wald@sfcityatty.org <br> anita.murdock@sfcityatty.org <br> sophia.garcia@sfcityatty.org <br> holly.chin@sfcityatty.org <br> pamela.cheeseborough@sfcityatty.org <br> Elizabeth.coolbrith@sfcityatty.org |
| John K. Dipaolo, Esq. <br> General Counsel <br> Secretary to the Board of Directors <br> College of the Law, San Francisco <br> 200 McAllister Street <br> San Francisco, CA 94102 | **Counsel for Plaintiff College of the Law, San Francisco** <br> (related case USDC-Northern California case #4:20-cv-03033-JST) <br><br> Telephone: (415) 565-4787 <br> Facsimile: (415) 565-4825 <br> dipaolojohn@uchastings.edu |

| | |
|---|---|
| Lauren Hansen, Esq.<br>Melissa A. Morris, Esq.<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (510) 891-9794<br>Fax: (510) 891-9727<br>lhansen@pilpca.org<br>mmorris@pilpca.org |
| Lili V. Graham, Esq.<br>Disability Rights California<br>350 S. Bixel Street Suite 290<br>Los Angeles, CA 90017-1418 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (213) 213-8000<br>Fax: (213) 213-8001<br>lili.graham@disabilityrightsca.org |
| Michael David Key, Esq.<br>Jessica Berger, Esq.<br>Bay Area Legal Aid<br>1454 43rd Avenue<br>San Francisco, CA 94122 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (415) 982-1300<br>Fax: (415) 982-4243<br>mkeys@baylegal.org<br>jberger@baylegal.org |
| John Thomas H. Do, Esq.<br>ACLU Foundation of Northern California<br>39 Drumm Street<br>San Francisco, CA 94111 | **Counsel for Amicus Curiae (ACLU Foundation of Northern California)**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (415) 621-2943<br>jdo@aclunc.org |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of

1 | a member of the bar of this Court at whose direction the service was made.
2 | Executed on November 21, 2025, at San Francisco, California.

_Kirsten Benzien_ (signature)

Kirsten Benzien