LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendants. | Case No. 4:24-cv-01562-JST<br><br>**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DR. SUSAN PHILIP**<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE DISTRICT JUDGE JON S. TIGAR, COURTROOM 6**<br><br>Action Filed:  03/14/2024<br>Trial Date:     Unassigned |

## I. INTRODUCTION

Plaintiffs submit the following objections to specified paragraphs and exhibits of the Declaration of Dr. Susan Philip (Doc. 105-46) under Fed. R. Evid. 602, 702, 802, and 901.

Declarations that are not based on personal knowledge or that rest on hearsay or unauthenticated exhibits warrant little or no weight. See *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (personal-knowledge requirement for declarations); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002) (authentication). And conclusory or speculative assertions do not carry the burden for injunctive relief. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250–51 (9th Cir. 2013) (unsupported and conclusory statements). Rule 702 further requires that opinion testimony rest on sufficient facts and reliable methods. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–95 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149–50 (1999).

As shown in the chart below, Dr. Philip's declaration contains statements about which she lacks personal knowledge and foundation. She relies on hearsay (chiefly CDPH "fact sheets" and staff communications she neither authored nor verified). She attaches unauthenticated exhibits to her declaration. She offers policy conclusions without reliable methodology. The Court should sustain Plaintiffs' objections and give such material no weight in resolving the motion for a preliminary injunction.

## II. CHART OF DR. PHILIP'S TESTIMONY WITH ARGUMENT AND GROUNDS FOR OBJECTIONS

| Para/ Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| ECF No. 105-46 ¶ 5 | "I am familiar with SFDPH's policies on the distribution of safer use supplies, including sterile syringes and | Lack of personal knowledge; hearsay; lack of foundation. | Philip admitted she did not author or oversee any of the "safer use" policies and only "reviewed draft policies" and "was involved in discussions." (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 39:4– | ☐ Sustained ☐ Overruled |

| Para/ Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| | smoking supplies, as well as SFDPH's programs and services related to substance use." | | 40:24.) She could not identify who wrote them. She understands the policies were developed by people in the Behavioral Health Services division, which is not her division. (*Id*., 40:25–42:14.) She confirmed Behavioral Health Services—not her division—handles implementation and compliance of these policies. (*Id*., 77:23-78:18, 79:4-13, 139:23–141:10.) Dr. Philip did not have any direct knowledge as to what City vendors hand out supplies in the Tenderloin pursuant to this policy. She does not know what types of paraphernalia are handed out. (*Id*., 69:14-71:2, 73:11-74:14.) She did not know of any specific locations within the Tenderloin where smoking paraphernalia was being distributed. (*Id*., 79:15-80:4.) Her claimed familiarity with the policies is based almost entirely on what others told her, not firsthand knowledge. | |
| ECF No. 105-46 ¶ 6 | "I am also familiar with the California Department of Health's regulation of harm-reduction supplies and the state's harm-reduction initiatives. A true and correct copy of a fact sheet published by CDPH … is | Lack of personal knowledge; hearsay; lack of foundation. | Philip admitted she never communicated with anyone at CDPH about the document. She could not recall how she learned about the document. She does not recall if it came from someone else or was in her files. She believes the document is authenticate because the formatting looked right. She did not speak to anyone in SFDPH about the | ☐ Sustained ☐ Overruled |

| Para/ Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| | attached hereto as Exhibit A." | | document. (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 55:14–57:8.) Her claimed familiarity rests entirely on unsworn third-party documents, not firsthand knowledge. This is classic hearsay and fails FRE 602 and 901. | |
| ECF No. 105-47, Exhibit A | CDPH "Harm Reduction Initiative" fact sheet. | Hearsay; lack of authentication; lack of foundation. | Same as above. | ☐ Sustained ☐ Overruled |
| ECF No. 105-46 ¶ 7 | "A true and correct copy of a fact sheet published by CDPH with an explanation of California Law and Syringe Services Programs, is attached hereto as Exhibit B." | Hearsay; lack of authentication; lack of foundation. | Dr. Philip did not know where she obtained this fact sheet. She did not speak to anyone at the CDPH or the SFDPH about the fact sheet. She admitted that the SFDPH "subject matter experts" for the topics covered in the fact sheet work in another division of the SFDPH. (Minoiefar Decl., ¶ 9, Exh. G, Philip Dep. 61:13-65:20.) This is classic hearsay and fails FRE 602 and 901. | ☐ Sustained ☐ Overruled |
| ECF No. 105-48 Exhibit B | CDPH "Fact Sheet: California Law and Syringe Services Programs" | | Same as above | |
| ECF No. 105-46 ¶ 7 | "CDPH authorizes cities and counties to operate clean needle exchange programs … A true and correct copy of this directory (last updated July 31, 2025) is attached as Exhibit C." | Lack of foundation; hearsay. | Dr. Philip did not download or verify the list and had no knowledge of its contents. She conceded, "I cannot speak to where the physical copy came from," and merely "saw it online previously." (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 97:2–6.) These statements are hearsay from an unverified internet source. | ☐ Sustained ☐ Overruled |

4
PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DR. SUSAN PHILIP - CASE NO. 4:24-cv-01562-JST

| Para/Ex | Quote/Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| ECF No. 105-48 Exhibit B | CDPH Fact Sheet: California Law and Syringe Services Programs. | Hearsay; lack of authentication; lack of foundation. | Dr. Philip never contacted CDPH to verify the document and relied entirely on appearance. (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 57:15–58:1.) Her statements about what it says are hearsay. | ☐ Sustained<br>☐ Overruled |
| ECF No. 105-46 ¶ 8 | "CDPH has made safer smoking supplies, such as glass pipes, cookers, straws, pipe covers, and other materials, available through the CDPH Syringe Supplies Clearinghouse … Exhibit D." | Speculation; lack of foundation; hearsay. | Dr. Philip never spoke to anyone at the CDPH about its regulation of harm reduction supplies. (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 45:8-15.) Her assertion that CDPH "has made available" these supplies is speculative and not based on personal knowledge. | ☐ Sustained<br>☐ Overruled |
| ECF No. 105-50 Exhibit D | CDPH "Fact Sheet: Harm Reduction Supplies and the California Harm Reduction Supply Clearinghouse" | Hearsay; lack of authentication; lack of foundation. | Dr. Philip's statement is not based on firsthand knowledge but solely on what she read in a CDPH "fact sheet" she neither authored nor verified. Her "understanding" merely repeats statements contained in an unauthenticated, third-party document offered for the truth of the matter asserted—that CDPH provides safer-smoking supplies to local programs. The "fact sheet" is not authenticated, is not peer-reviewed medical literature, and contains no underlying data or analysis. Dr. Philip provides no information showing that she personally confirmed CDPH's program or communications with CDPH. This paragraph of her declaration therefore rests on hearsay and | ☐ Sustained<br>☐ Overruled |

| | Para/ Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|---|
| 1 2 3 4 | | | | speculation and lacks the foundation required by Rules 602, 802, and 901. | |
| 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 | ECF No. 105-46 ¶ 9 | "I also understand CDPH has recognized several public health benefits that result from the distribution of the harm-reduction items provided by SSPs, including safer-smoking supplies. These benefits are identified in California Department of Public Health, Office of AIDS, 'Issue Brief: Smoking Supplies for Harm Reduction' (undated) … SFDPH recognizes the public-health benefits identified by CDPH and has integrated these considerations into the revision and ongoing monitoring of the SFDPH safer-use-supply distribution policy." | Hearsay; lack of foundation; lack of personal knowledge; improper opinion. | This paragraph is entirely derivative of a third-party "Issue Brief" purportedly prepared by the CDPH. Dr. Philip did not author the document, had no role in its preparation, and provides no basis to verify its accuracy or reliability. Her declaration simply repeats statements contained in an unauthenticated publication offered for the truth of the matters asserted. The document itself is not medical literature published in a peer-reviewed journal and contains no data or methodology capable of evaluation under Rule 702. By restating the conclusions of others, Dr. Philip provides neither expert analysis nor admissible factual testimony; the paragraph is classic hearsay and speculation lacking any foundation under Rules 602, 702, 802, and 901. | ☐ Sustained ☐ Overruled |
| 25 26 27 28 | ECF No. 105-51 Exhibit E | California Department of Public Health, Office of AIDS, "Issue Brief: Smoking Supplies for Harm Reduction" | Hearsay; lack of authentication; lack of foundation; improper expert reliance. | Exhibit E is an unauthenticated third-party document that Dr. Philip did not write, verify, or obtain from its author. Her declaration simply attaches and repeats the document's | ☐ Sustained ☐ Overruled |

6
PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DR. SUSAN PHILIP - CASE NO. 4:24-cv-01562-JST

| Para/ Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| | (undated). | | statements to prove the truth of its assertions—that distributing smoking supplies yields "public-health benefits." Because the "Issue Brief" is not a peer-reviewed scientific article, contains no underlying data or methodology, and was not produced by Dr. Philip, it cannot be offered as reliable expert material under Rule 702 or as competent evidence under Rules 602, 802, and 901. Dr. Philip's reference to it is pure hearsay and lacks foundation. The Court should strike or disregard this exhibit. | |
| ECF No. 105-46 ¶ 17 | "San Francisco does not provide any funding to San Francisco Drug Users Union, and San Francisco Drug Users Union has not been a subcontractor of SFAF since approximately 2022." | Hearsay; lack of foundation; lack of personal knowledge. | Philip testified that Emily Raganold is the person who told her this information. She did not look at any documents to verify this information. (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 85:10-22) | ☐ Sustained ☐ Overruled |
| ECF No. 105-46 ¶ 17 | "San Francisco Drug Users Union operates their harm reduction distribution site at 172 Turk Street." | Hearsay; lack of foundation; lack of personal knowledge. | Philip believes this to be true because of what she heard this during discussions with Emily Raganold and others in Behavioral Health. (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 88:7-24.) This is classic hearsay. | ☐ Sustained ☐ Overruled |
| ECF No. 105-46 ¶ 18 | "I have also reviewed the video footage attached as Exhibit A to the Declaration of Omar Ward and I have confirmed that | Lack of personal knowledge; hearsay. | Dr. Philip had no firsthand knowledge of the location depicted in the Ward video and did not personally visit or verify the site. She admitted her identification of the site came from **"discussions** | ☐ Sustained ☐ Overruled |

| Para/ Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| | he was filming the San Francisco Drug Users Union harm reduction distribution site at 172 Turk Street, and was not filming a site that is operated by Glide." | | **with colleagues"**—specifically, **Emily Raganold**—and could not recall whether that information was conveyed by email, telephone, or in person. (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 80:14–82:15.) Her "confirmation" is therefore double hearsay: she relies entirely on another employee's unsworn statements about what was filmed. Because she did not observe or verify the scene, and offers no foundation for her claimed identification, this paragraph lacks personal knowledge and is inadmissible under Rules 602, 802, and 901. | |
| ECF No. 105-46 ¶ 19 | "The Tenderloin Linkage Center has been closed since December 4, 2022. San Francisco has no plans to reopen …" | Speculation; lack of foundation. | Philip did not know that there was a drug consumption site at the Linkage Center, and she conceded her conclusion that the City does not plan to open another drug consumption site in the Tenderloin was based only on not having "heard" of reopening plans. (Minoiefar Decl., ¶ 9, Ex. G, Philip Dep. 47:15-48:11, 50:13-52:11.) She had no documentation or firsthand knowledge. | ☐ Sustained<br>☐ Overruled |

////

////

////

## III.  CONCLUSION

Dr. Philip's declaration is based on hearsay, speculation, and documents she neither authored nor verified. She lacks personal knowledge of the SFDPH policies and programs she describes, relies on unauthenticated CDPH materials, and offers policy opinions outside her medical specialty. Her testimony fails to meet the foundational and reliability standards of Rules 602, 702, 802, and 901.

Accordingly, Plaintiffs respectfully request that the Court sustain the objections set forth above, strike or disregard the identified portions of Dr. Philip's declaration, and give them no weight in deciding Plaintiffs' motion for preliminary injunction.

Dated:  November 21, 2025         WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _/s/ Michael A. Kelly_
MICHAEL A. KELLY
RICHARD H. SCHOENBERGER
MATTHEW D. DAVIS
ASHCON MINOIEFAR
Attorneys for ALL PLAINTIFFS

## PROOF OF SERVICE

**Jane Roe, et al. v. City and County of San Francisco, et al.
USDC-Northern California Case No. 4:24-cv-01562-JST**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DR. SUSAN PHILIP**

to:

| | |
|---|---|
| Shanin Specter, Esq. (Admitted Pro Hac Vice) <br> Alex Van Dyke, Esq. <br> KLINE & SPECTER, P.C. <br> 1525 Locust Street <br> Philadelphia, PA 19102 | **Co-Counsel for Plaintiffs** <br><br> Telephone: (215) 772-1000 <br> shanin.specter@klinespecter.com <br> alex.vandyke@klinespecter.com <br> escalanteyleana@uclawsf.edu |
| David Chiu, Esq., City Attorney <br> Yvonne R. Meré, Esq., Chief Deputy City Attorney <br> Wayne Snodgrass, Esq., Deputy City Attorney <br> Tara M. Steeley, Esq., Deputy City Attorney <br> John H. George, Esq., Deputy City Attorney <br> Kaitlyn M. Murphy, Esq., Deputy City Attorney <br> Abigail Wald, Esq., Deputy City Attorney <br> Deputy City Attorneys <br> City Hall, Room 234 <br> 1 Dr. Carlton B. Goodlett Place <br> San Francisco, CA  94102-4682 | **Counsel for City and County of San Francisco** <br><br> Steeley Direct: (415) 554-4655 <br> George Direct:  (415) 554-4223 <br> Murphy Direct:  (415) 554-6762 <br> Facsimile: (415) 554-4699 <br> Mere Direct:  (415) 554-4700 <br> Mere Facsimile:  (415) 554-4757 <br> tara.steeley@sfcityatty.org <br> john.george@sfcityatty.org <br> kaitlyn.murphy@sfcityatty.org <br> Abigail.Wald@sfcityatty.org <br> anita.murdock@sfcityatty.org <br> sophia.garcia@sfcityatty.org <br> holly.chin@sfcityatty.org <br> pamela.cheeseborough@sfcityatty.org <br> Elizabeth.coolbrith@sfcityatty.org |
| John K. Dipaolo, Esq. <br> General Counsel <br> Secretary to the Board of Directors <br> College of the Law, San Francisco <br> 200 McAllister Street <br> San Francisco, CA 94102 | **Counsel for Plaintiff College of the Law, San Francisco** <br> (related case USDC-Northern California case #4:20-cv-03033-JST) <br><br> Telephone: (415) 565-4787 <br> Facsimile: (415) 565-4825 <br> dipaolojohn@uchastings.edu |

1

PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DR. SUSAN PHILIP - CASE NO. 4:24-cv-01562-JST

| | |
|---|---|
| Lauren Hansen, Esq.<br>Melissa A. Morris, Esq.<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (510) 891-9794<br>Fax: (510) 891-9727<br>lhansen@pilpca.org<br>mmorris@pilpca.org |
| Lili V. Graham, Esq.<br>Disability Rights California<br>350 S. Bixel Street Suite 290<br>Los Angeles, CA 90017-1418 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (213) 213-8000<br>Fax: (213) 213-8001<br>lili.graham@disabilityrightsca.org |
| Michael David Key, Esq.<br>Jessica Berger, Esq.<br>Bay Area Legal Aid<br>1454 43rd Avenue<br>San Francisco, CA 94122 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (415) 982-1300<br>Fax: (415) 982-4243<br>mkeys@baylegal.org<br>jberger@baylegal.org |
| John Thomas H. Do, Esq.<br>ACLU Foundation of Northern California<br>39 Drumm Street<br>San Francisco, CA 94111 | **Counsel for Amicus Curiae (ACLU Foundation of Northern California)**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (415) 621-2943<br>jdo@aclunc.org |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of

2

PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DR. SUSAN PHILIP - CASE NO. 4:24-cv-01562-JST

1 | a member of the bar of this Court at whose direction the service was made.

2 | Executed on November 21, 2025, at San Francisco, California.

_[signature]_
Kirsten Benzien