LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
RICHARD H. SCHOENBERGER (State Bar #122190)
rschoenberger@walkuplawoffice.com
MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ASHCON MINOIEFAR (State Bar #347583)
aminoiefar@walkuplawoffice.com

SHANIN SPECTER (Pennsylvania State Bar No. 40928)
(Admitted Pro Hac Vice)
shanin.specter@klinespecter.com
ALEX VAN DYKE (CA State Bar No. 340379)
alex.vandyke@klinespecter.com
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1359

**ATTORNEYS FOR ALL PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JANE ROE, an individual; MARY ROE, an individual; SUSAN ROE, an individual; JOHN ROE, an individual; BARBARA ROE, an individual; PHOENIX HOTEL SF, LLC, a California limited liability company; FUNKY FUN, LLC, a California limited liability company; and 2930 EL CAMINO, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a California public entity,<br><br>Defendants. | Case No. 4:24-cv-01562-JST<br><br>**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF RICKY BLUTHENTHAL, PhD**<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HONORABLE DISTRICT JUDGE JON S. TIGAR, COURTROOM 6**<br><br>Action Filed:  03/14/2024<br>Trial Date:    Unassigned |

## I. INTRODUCTION

Plaintiffs submit the following objections to specified paragraphs and exhibits of the Declaration of Dr. Ricky Bluthenthal (Doc. 105-44) under Fed. R. Evid. 401, 403, 602, 702, 703, and 802.

Expert testimony must be relevant and reliable, grounded in sufficient facts and a recognized methodology applied to the facts of the case. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-95 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149–50 (1999); Fed. R. Evid. 702. Opinions based solely on generalized academic literature, speculation, or hearsay do not satisfy Rule 702 or assist the trier of fact. *United States v. Rincon*, 28 F.3d 921, 923 (9th Cir. 1994). Furthermore, an expert may not simply repeat the conclusions of others without applying reliable methods to the facts of the case. See *Daubert*, 509 U.S. at 591-92.

As shown in the chart below, Dr. Bluthenthal's declaration rests entirely on general literature, speculation, and data from other jurisdictions, none of which concern San Francisco or the Tenderloin. He provides no personal knowledge, no case-specific data, and no methodology connecting his research to the conditions or policies at issue here. His conclusions are thus inadmissible, irrelevant, and unreliable under Rules 401, 403, 602, 702, and 703. The Court should sustain Plaintiffs' objections and give these materials no weight in deciding the motion for a preliminary injunction.

## II. CHART OF DR. BLUTHENTHAL'S TESTIMONY WITH ARGUMENT AND GROUNDS FOR OBJECTIONS

| Para/Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| ECF. No 105-44 ¶ 6 | "The medical literature provides clear and consistent evidence that substance-use services and harm-reduction | Irrelevant; hearsay; lack of foundation; unreliable expert opinion; speculation. | Dr. Bluthenthal relies entirely on secondary literature from foreign and out-of-state jurisdictions with no relationship to San Francisco or the Tenderloin. He performed | ☐ Sustained ☐ Overruled |

| Para/Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| | interventions, including distribution of safe consumption supplies, deliver substantial community benefits without increasing crime rates or public disorder in high-resource countries including the United States, Canada, Australia, and the United Kingdom." | | no independent analysis and did not verify the cited studies. His declaration merely restates conclusions of others without applying any methodology to the facts of this case. Such generalized social-science commentary is irrelevant under Rules 401 and 403 and inadmissible under Rule 702 for lack of a reliable basis. See Daubert, 509 U.S. at 592–93; Rincon, 28 F.3d at 923. | |
| ECF. No 105-44 ¶ 7 | "Harm reduction programs providing non-stigmatizing care lead to five times greater engagement in addiction treatment, greater treatment persistence, and three times greater likelihood of reducing or stopping injection drug use within one year." | Lack of foundation; unreliable expert opinion; hearsay; improper quantitative claim. | Dr. Bluthenthal provides no citation, data source, or description of the study or sample supporting these ratios. He does not explain how the data were derived, whether peer-reviewed, or whether the programs involved safer-smoking supplies. Quantitative assertions without methodological foundation are speculative and inadmissible under Rule 702(b)–(d). See Daubert, 509 U.S. at 590. | ☐ Sustained<br>☐ Overruled |
| ECF. No 105-44 ¶ 8 | "The evidence base relating safer smoking supplies specifically to public safety is | Lack of reliable methodology; speculation; irrelevant; unsupported | By admitting that "the evidence base … is more limited," Dr. Bluthenthal concedes insufficient data exist to support his opinion. His statement | ☐ Sustained<br>☐ Overruled |

| Para/Ex | Quote/Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| | more limited because of the recency and hyperlocal nature of the shift to inhalational drug use, though data show that harm reduction programs that utilize safer smoking supplies have greater engagement, and engagement in this harm reduction programming has been associated [with] five-fold greater connection to substance use disorder treatment." | expert opinion. | about "five-fold greater connection" is neither sourced nor tested. The cited "data" appear to come from unspecified national surveys, not San Francisco-specific findings. These conclusory assertions are speculative and unreliable under Rules 401, 403, and 702. | |
| ECF. No 105-44 ¶ 9 | "Decades of harm-reduction research demonstrate that public-health interventions are more successful when they focus on risk mitigation rather than abstinence." | Cumulative; irrelevant; improper generalization; no case-specific foundation. | This paragraph merely repeats a truism about harm reduction with no connection to the policy challenged here. General philosophical statements about harm-reduction theory are not probative of whether distributing smoking supplies in the Tenderloin furthers public safety or reduces nuisance conditions. The testimony should be excluded under Rules 401 and 403 as irrelevant and unduly cumulative. | ☐ Sustained<br>☐ Overruled |
| ECF. No | "Data are currently | Speculative; hearsay; lack | Dr. Bluthenthal references an unidentified | ☐ Sustained<br>☐ Overruled |

| Para/Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| 105-44 ¶ 10 | limited, but a national evaluation of safer-use-supply programs that involved safer-smoking-supply provision demonstrated some reduction in injection drug use after availability of safer-smoking supplies (Kelley et al., 2025)." | of foundation; unreliable expert opinion. | "national evaluation" with no description of its design, participants, or location. He does not attach or cite the study, verify its peer review, or explain its applicability to San Francisco. This paragraph admits "data are currently limited," underscoring the speculative nature of the claim. Expert opinions acknowledging an insufficient factual basis fail Rule 702(b) and should be excluded. | |
| ECF. No 105-44 ¶ 11 | "Multiple studies have found that engagement in harm reduction services is a strong predictor of future treatment entry." | Lack of foundation; irrelevant; hearsay. | Dr. Bluthenthal offers no specific studies or citations, and the statement is unconnected to San Francisco's safer-smoking policy. The testimony lacks the factual basis and reliability required under Rule 702 and should be disregarded as conclusory and cumulative. | ☐ Sustained<br>☐ Overruled |
| ECF. No 105-44 ¶ 12 | "Recent high-quality evidence from New York City, where the first U.S. government-sanctioned overdose prevention centers opened in 2021, employed rigorous difference-in-differences statistical models to | Irrelevant; improper extrapolation; lack of foundation; misleading; hearsay. | The New York study concerns overdose-prevention centers, not safer-smoking-supply distribution, and involves a different jurisdiction, population, and regulatory context. Dr. Bluthenthal provides no analytic bridge connecting those findings to the Tenderloin or San Francisco. The paragraph risks misleading the Court by implying causal conclusions applicable nationwide. Excludable | ☐ Sustained<br>☐ Overruled |

| Para/Ex | Quote/ Description | Grounds for Objection | Supporting Deposition Testimony and Argument | Ruling |
|---|---|---|---|---|
| | compare crime rates and emergency calls near the centers versus control areas (Chalfin et al., 2023). The study found no significant changes in violent or property crimes, and no increase in 911 or 311 calls for crime or medical incidents." | | under Rules 401, 403, and 702. | |
| ECF. No 105-44 ¶ 13 | "My opinions are based on decades of research and extensive publication in the areas of drug policy, public health, and harm reduction." | Lack of foundation; improper bolstering; relevance. | This is self-credentialing language not supported by a curriculum vitae, list of publications, or specific studies relating to San Francisco. While professional qualifications may establish general expertise, they do not substitute for reliable, case-specific analysis. This paragraph is irrelevant to the substance of his opinions and should be disregarded under Rules 401 and 403. | ☐ Sustained ☐ Overruled |

## III.     CONCLUSION

Dr. Bluthenthal's declaration relies entirely on generalized academic literature and social science commentary untethered to the facts of this case. His statements cite no data specific to San Francisco, rest on no discernible methodology, and are speculative and unreliable under Rules 401, 403, 602, 702, and 703. Because his opinions are unsupported by any case-specific evidence or analysis, they are irrelevant to the issues before the Court and should be given no weight.

For these reasons, Plaintiffs respectfully request that the Court sustain the objections identified above, strike or disregard the objectionable portions of Dr. Bluthenthal's declaration, and decline to consider them in ruling on Plaintiffs' motion for preliminary injunction.

Dated: November 20, 2025           WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MICHAEL A. KELLY
RICHARD H. SCHOENBERGER
MATTHEW D. DAVIS
ASHCON MINOIEFAR
Attorneys for ALL PLAINTIFFS

# PROOF OF SERVICE

**Jane Roe, et al. v. City and County of San Francisco, et al.
USDC-Northern California Case No. 4:24-cv-01562-JST**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place,  My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF RICKY BLUTHENTHAL, PHD**

to:

| | |
|---|---|
| Shanin Specter, Esq. (Admitted Pro Hac Vice) <br> Alex Van Dyke, Esq. <br> KLINE & SPECTER, P.C. <br> 1525 Locust Street <br> Philadelphia, PA 19102 | **Co-Counsel for Plaintiffs** <br><br> Telephone: (215) 772-1000 <br> shanin.specter@klinespecter.com <br> alex.vandyke@klinespecter.com <br> escalanteyleana@uclawsf.edu |
| David Chiu, Esq., City Attorney <br> Yvonne R. Meré, Esq., Chief Deputy City Attorney <br> Wayne Snodgrass, Esq., Deputy City Attorney <br> Tara M. Steeley, Esq., Deputy City Attorney <br> John H. George, Esq., Deputy City Attorney <br> Kaitlyn M. Murphy, Esq., Deputy City Attorney <br> Abigail Wald, Esq., Deputy City Attorney <br> Deputy City Attorneys <br> City Hall, Room 234 <br> 1 Dr. Carlton B. Goodlett Place <br> San Francisco, CA  94102-4682 | **Counsel for City and County of San Francisco** <br><br> Steeley Direct: (415) 554-4655 <br> George Direct:  (415) 554-4223 <br> Murphy Direct:  (415) 554-6762 <br> Facsimile: (415) 554-4699 <br> Mere Direct:  (415) 554-4700 <br> Mere Facsimile:  (415) 554-4757 <br> tara.steeley@sfcityatty.org <br> john.george@sfcityatty.org <br> kaitlyn.murphy@sfcityatty.org <br> Abigail.Wald@sfcityatty.org <br> anita.murdock@sfcityatty.org <br> sophia.garcia@sfcityatty.org <br> holly.chin@sfcityatty.org <br> pamela.cheeseborough@sfcityatty.org <br> Elizabeth.coolbrith@sfcityatty.org |
| John K. Dipaolo, Esq. <br> General Counsel <br> Secretary to the Board of Directors <br> College of the Law, San Francisco <br> 200 McAllister Street <br> San Francisco, CA 94102 | **Counsel for Plaintiff College of the Law, San Francisco** <br> (related case USDC-Northern California case #4:20-cv-03033-JST) <br><br> Telephone: (415) 565-4787 <br> Facsimile: (415) 565-4825 <br> dipaolojohn@uchastings.edu |

| | |
|---|---|
| Lauren Hansen, Esq.<br>Melissa A. Morris, Esq.<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (510) 891-9794<br>Fax: (510) 891-9727<br>lhansen@pilpca.org<br>mmorris@pilpca.org |
| Lili V. Graham, Esq.<br>Disability Rights California<br>350 S. Bixel Street Suite 290<br>Los Angeles, CA 90017-1418 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (213) 213-8000<br>Fax: (213) 213-8001<br>lili.graham@disabilityrightsca.org |
| Michael David Key, Esq.<br>Jessica Berger, Esq.<br>Bay Area Legal Aid<br>1454 43rd Avenue<br>San Francisco, CA 94122 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (415) 982-1300<br>Fax: (415) 982-4243<br>mkeys@baylegal.org<br>jberger@baylegal.org |
| John Thomas H. Do, Esq.<br>ACLU Foundation of Northern California<br>39 Drumm Street<br>San Francisco, CA 94111 | **Counsel for Amicus Curiae (ACLU Foundation of Northern California)**<br>(related case USDC-Northern California case #4:20-cv-03033-JST)<br><br>Office: (415) 621-2943<br>jdo@aclunc.org |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of

1  a member of the bar of this Court at whose direction the service was made.

2  Executed on November 21, 2025, at San Francisco, California.

*[signature]*

Kirsten Benzien

# PROOF OF SERVICE

**Jane Roe, et al. v. City and County of San Francisco, et al.**
**USDC-Northern California Case No. 4:24-cv-01562-JST**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place, My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as

**PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF RICKY BLUTHENTHAL, PHD**

to:

| | |
|---|---|
| Shanin Specter, Esq. (Admitted Pro Hac Vice) Alex Van Dyke, Esq. KLINE & SPECTER, P.C. 1525 Locust Street Philadelphia, PA 19102 | **Co-Counsel for Plaintiffs** Telephone: (215) 772-1000 shanin.specter@klinespecter.com alex.vandyke@klinespecter.com escalanteyleana@uclawsf.edu |
| David Chiu, Esq., City Attorney Yvonne R. Meré, Esq., Chief Deputy City Attorney Wayne Snodgrass, Esq., Deputy City Attorney Tara M. Steeley, Esq., Deputy City Attorney John H. George, Esq., Deputy City Attorney Kaitlyn M. Murphy, Esq., Deputy City Attorney Abigail Wald, Esq., Deputy City Attorney Deputy City Attorneys City Hall, Room 234 1 Dr. Carlton B. Goodlett Place San Francisco, CA 94102-4682 | **Counsel for City and County of San Francisco** Steeley Direct: (415) 554-4655 George Direct: (415) 554-4223 Murphy Direct: (415) 554-6762 Facsimile: (415) 554-4699 Mere Direct: (415) 554-4700 Mere Facsimile: (415) 554-4757 tara.steeley@sfcityatty.org john.george@sfcityatty.org kaitlyn.murphy@sfcityatty.org Abigail.Wald@sfcityatty.org anita.murdock@sfcityatty.org sophia.garcia@sfcityatty.org holly.chin@sfcityatty.org pamela.cheeseborough@sfcityatty.org Elizabeth.coolbrith@sfcityatty.org |
| John K. Dipaolo, Esq. General Counsel Secretary to the Board of Directors College of the Law, San Francisco 200 McAllister Street San Francisco, CA 94102 | **Counsel for Plaintiff College of the Law, San Francisco** (related case USDC-Northern California case #4:20-cv-03033-JST) Telephone: (415) 565-4787 Facsimile: (415) 565-4825 dipaolojohn@uchastings.edu |

1
PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF RICKY BLUTHENTHAL, PhD - CASE NO. 4:24-cv-01562-JST

| | | |
|---|---|---|
| 1 | Lauren Hansen, Esq.<br>Melissa A. Morris, Esq.<br>Public Interest Law Project<br>449 15th Street, Suite 301<br>Oakland, CA 94612-06001 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST) |
| 2 | | |
| 3 | | |
| 4 | | Office: (510) 891-9794<br>Fax: (510) 891-9727<br>lhansen@pilpca.org<br>mmorris@pilpca.org |
| 5 | | |
| 6 | | |
| 7 | Lili V. Graham, Esq.<br>Disability Rights California<br>350 S. Bixel Street Suite 290<br>Los Angeles, CA 90017-1418 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST) |
| 8 | | |
| 9 | | |
| 10 | | Office: (213) 213-8000<br>Fax: (213) 213-8001<br>lili.graham@disabilityrightsca.org |
| 11 | | |
| 12 | | |
| 13 | Michael David Key, Esq.<br>Jessica Berger, Esq.<br>Bay Area Legal Aid<br>1454 43rd Avenue<br>San Francisco, CA 94122 | **Counsel for Proposed Intervenors Hospitality House; Coalition on Homelessness; and Faithful Fools**<br>(related case USDC-Northern California case #4:20-cv-03033-JST) |
| 14 | | |
| 15 | | |
| 16 | | Office: (415) 982-1300<br>Fax: (415) 982-4243<br>mkeys@baylegal.org<br>jberger@baylegal.org |
| 17 | | |
| 18 | | |
| 19 | John Thomas H. Do, Esq.<br>ACLU Foundation of Northern California<br>39 Drumm Street<br>San Francisco, CA 94111 | **Counsel for Amicus Curiae (ACLU Foundation of Northern California)**<br>(related case USDC-Northern California case #4:20-cv-03033-JST) |
| 20 | | |
| 21 | | |
| 22 | | Office: (415) 621-2943<br>jdo@aclunc.org |
| 23 | | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of

2

PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF RICKY BLUTHENTHAL, PhD - CASE NO. 4:24-cv-01562-JST

a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2025, at San Francisco, California.

_____
Kirsten Benzien