UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE ROE, et al.,

        Plaintiffs,

    v.

CITY AND COUNTY OF SAN FRANCISCO,

        Defendant.

Case No. 24-cv-01562-JST

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Re: ECF No. 101

Now before the Court is Plaintiffs motion for a preliminary injunction. ECF No. 101. The Court will deny the motion.

## I. BACKGROUND

### A. Factual Background

The factual background of this case is summarized in more detail in the Court's October 15, 2024 order granting in part and denying in part Defendant City and County of San Francisco's ("the City") motion to dismiss the first amended complaint. *See* ECF No. 63. In short, Plaintiffs are residents and businesses that live and operate in the Tenderloin neighborhood in San Francisco. They seek to stop the City's conduct in distributing, and facilitating the distribution of, drug paraphernalia in the Tenderloin. ECF No. 50 ¶¶ 6, 14–20. Plaintiffs allege that the City facilitates distribution of drug paraphernalia and designates areas for contractor organizations to provide safe drug consumption sites and shelter spaces. *Id*. ¶¶ 14, 17–20. They allege that the City's conduct has led to illegal drug dealing, drug usage, property crime, and obstruction of streets and sidewalks due to dangerous and unsanitary behavior. *Id* ¶¶ 6–9. Plaintiffs allege claims for: (1) violation of the ADA; (2) violation of the Rehabilitation Act; (3) violation of California's Disabled Persons Act ("DPA"); (4) public nuisance; (5) private nuisance; and (6)

state-created danger under the Due Process Clause of the United States Constitution.  ECF No. 50.

### B.     Procedural Background

Plaintiffs filed their case on March 14, 2024.  ECF No. 1.  The Court granted in part the City's motion to dismiss the Plaintiffs' original complaint, dismissing several constitutional claims on standing grounds while permitting Plaintiffs to maintain claims under the Americans with Disabilities Act and the Rehabilitation Act.  ECF No. 46.  Plaintiffs filed an amended complaint on July 26, 2024, which Defendants moved to partially dismiss.  ECF Nos. 50, 51.  The Court granted the City's motion in part on October 15, 2024.  ECF No. 63.

Plaintiffs moved for a preliminary injunction on August 25, 2025.  ECF No. 101.  Plaintiffs seek to enjoin the City from "directly or indirectly supplying fentanyl or methamphetamine-related drug paraphernalia to any individuals, groups, organization, or entities within the Tenderloin neighborhood and . . . from allowing City-funded contractors to furnish such paraphernalia to any individuals, groups, organizations, or entities in the Tenderloin."  ECF No. 101 at 6.  Plaintiffs contend that the City's "affirmative conduct" regarding harm reduction and housing attract drug addicts to the Tenderloin and that "violent, gang-affiliated drug dealers also converged on the neighborhood."  *Id*. at 7.  Plaintiffs rest their request for preliminary injunction on their claims for private nuisance, Cal. Civ. Code § 3479, and public nuisance, Cal. Civ. Code § 3480.  *Id*. at 25–30.

Defendants opposed the motion on September 22, 2025.  ECF No. 105.  Plaintiffs moved to file a reply that included new evidence gathered during discovery, which the Court granted.  ECF Nos. 118, 119, 123.  Plaintiffs filed their reply on November 21, 2025, and Defendants filed a sur-reply on December 12, 2025.  ECF Nos. 124, 125.

## II.     JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III.    LEGAL STANDARD

Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  To obtain preliminary injunctive relief, the moving party must show: (1) a

likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Id.* at 20. "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). "The Ninth Circuit weighs these factors on a sliding scale, such that where there are only 'serious questions going to the merits'—that is, less than a 'likelihood of success on the merits'—a preliminary injunction may still issue so long as 'the balance of hardships tips *sharply* in the plaintiff's favor' and the other two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (emphasis in original)).

A preliminary injunction can be either mandatory or prohibitory. *San Luis Obispo Coastkeeper v. Cnty. of San Luis Obispo*, 161 F.4th 590, 597 (9th Cir. 2025). "A prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals., Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009) (internal alterations and quotation marks omitted). A mandatory injunction compels the non-moving party to take affirmative action. *San Luis Obispo Coastkeeper*, 161 F.4th at 597. "[M]andatory injunctions are particularly disfavored, and place a higher burden on the plaintiff to show the facts and law *clearly* favor the moving party." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (emphasis in original) (citation modified). "In cases . . . in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite,* courts should be extremely cautious about issuing a preliminary injunction." *Id.*

## IV.    DISCUSSION

The City argues that "Plaintiffs lack Article III standing because they have not shown sufficiently certain future injuries are that are redressable by the relief sought." ECF No. 105 at 17. As the City notes in its sur-reply, Plaintiffs failed to respond to this argument. ECF No. 125

at 14.

"To establish standing under Article III, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" *Wit v. United Behav. Health*, 79 F.4th 1068, 1082 (9th Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* (citation modified). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To establish traceability, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* "At the preliminary injunction stage, then, the plaintiff must make a 'clear showing' that she is 'likely' to establish each element of standing." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008)).

The City argues that Plaintiffs have failed to establish standing because they have not shown that (1) the City's paraphernalia policies have increased drug use or other social ills in the Tenderloin or (2) that cessation of those policies would lead to a decrease. ECF No. 105 at 20–21. They also argue that the City has taken numerous "concrete steps" to abate drug use and maintain positive conditions in the Tenderloin since this case was filed. *Id*. at 11–12. They note that Plaintiffs have failed to respond to the City's evidence that changes in its policies have actually improved conditions in the Tenderloin such that Plaintiffs are no longer at risk of the harms they cited in their motion. *Id*. at 18 ("Photos of the area outside Plaintiffs' homes and businesses confirm the conditions alleged have abated to the extent they ever existed."). The City submit photographic evidence of these improvements, as well as testimony from some Plaintiffs conceding that conditions have improved such that they are no longer at risk of injury. *Id*. at 18–

United States District Court
Northern District of California

19. Thus, the City argues, Plaintiffs now base their request for injunction only on the theoretical possibility of future injury, which is insufficient. *Id.* at 20 (citing *Murphy v. Hunt*¸ 455 U.S. 352, 355 n.3 (1983)). The City adds that "speculative fears" of future injuries are specifically not cognizable injuries for the purposes of private nuisance actions. *Id.* at 18–19 (citing *Koll-Irvine Ctr. Prop. Owners Ass'n v. Cnty of Orange*, 24 Cal. App. 4th 1036, 1040-42 (1994)) ("In this state . . . a private nuisance action cannot be maintained for an interference in the use and enjoyment of land caused solely by the fear of a future injury."). The City also argues that Plaintiffs fail to establish the redressability element of standing as they cannot prove that enjoining the city from distributing drug-related supplies in the Tenderloin would resolve the drug usage, homelessness, and crime issues. *Id.* at 20. Finally, the City argues that enjoining its policies could actually worsen conditions in the Tenderloin by forcing addicts to use shared or unsafe drug paraphernalia. *Id.* at 20–21 (citing *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1226 (9th Cir. 2008)).

These arguments are both unrebutted and persuasive. As the City notes, Plaintiffs failed to respond to these arguments in their reply brief. That by itself supports denial of an injunction. "By failing to respond to the City's arguments, Plaintiffs have conceded those arguments and have acknowledged that their . . . claims should be dismissed on those grounds." *Tovar v. City of San Jose*, No. 5:21-cv-02497-EJD, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021). Courts routinely dismiss claims when Plaintiffs fail to oppose arguments that they lack standing. *See e.g. Marin All. for Med. Marijuana v. Holder*, No. C 11-05349 SBA, 2012 WL 2862608, at *14 (N.D. Cal. July 11, 2012), *aff'd sub nom. Sacramento Nonprofit Collective v. Holder*, 552 F. App'x 680 (9th Cir. 2014) ("The Court construes Plaintiffs' non-opposition as Plaintiffs' absence of dispute with Defendants' arguments and an abandonment of the claim, and therefore dismisses Plaintiffs' claim in this regard."); *Marathon Funding Servs., Inc. v. Berg*, No. C19-0828-JCC, 2020 WL 4015111, at *3 (W.D. Wash. July 16, 2020) ("Plaintiffs have failed to substantively oppose the motion to dismiss and to specifically dispute Sonkin's arguments that they lack standing to proceed and otherwise lack any viable claim. Their failure to substantively oppose the motion leads the Court to conclude that Sonkin's motion has merit."); *Asencio v. City of San Diego*, No.

24-CV-2074 W (DDL), 2025 WL 776195, at *3 (S.D. Cal. Mar. 11, 2025) ("Plaintiff has failed to oppose Defendant's argument that she lacks standing. Specifically, Plaintiff has failed to show that her injury—as alleged in the FAC—is fairly traceable to the Defendant, so the Motion to Dismiss the FAC will be granted.")

The City's arguments are also persuasive on the merits. Plaintiffs have not submitted evidence tying the City's policies to an increase in drug use or the degradation of conditions in the Tenderloin. Thus, they have not shown the "certainly impending harm" that is required for relief. "Where, as here, the parties have taken discovery, the plaintiff cannot rest on 'mere allegations,' but must instead point to factual evidence" to make a clear showing of each element of standing. *Murthy v. Missouri*, 603 U.S. 43, 58 (2024). By contrast, the City's evidence shows several instances where the conditions at issue have been substantially mitigated. Recent photographic evidence taken near the homes and businesses of individual Plaintiffs shows conditions have largely improved. *See* ECF Nos. 105-3–11 (Jane Roe); 105-15 (John Roe); 105-16–21 (Barbara Roe); 105-23 (Mary Roe); 105-24–27 (Phoenix Hotel SF, LLC); 105-29–30 (Best Western Hotel). Multiple plaintiffs acknowledged in their depositions that conditions have improved. *See* ECF No. 105-12 at 129:3–15, 130:9–131:1; ECF No. 105-2 at 100:5–24; 105:29 at 259:12–23, 157:16–158:5. Plaintiffs claim that the City has "presented a distorted visual record of the conditions by excluding images of nearby detrimental conditions." ECF No. 124 at 15–16. But, with one exception, Plaintiffs' rebuttal evidence consists of photographs taken in November 2021. ECF No. 124-4 at 192–198. While Plaintiffs make generalized contentions that conditions in the Tenderloin have not improved in the intervening time, they present no evidence demonstrating that any of the named Plaintiffs can show they are suffering actual or imminent harm. Plaintiffs therefore fail to demonstrate Article III standing.

Plaintiffs also do not respond to the City's arguments that Plaintiffs have failed to show that injunctive relief would redress their injuries. "Redressability means it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by a favorable decision." *GovernmentGPT Inc. v. Axon Enter. Inc.*, 749 F. Supp. 3d 1049, 1057 (D. Ariz. 2024) (citing *Lujan*, 504 U.S. at 56061). Plaintiffs here "do not afford much argument as to how a favorable

judgment from this Court would ameliorate the alleged" injuries caused by drug addicts in the Tenderloin. *Id*. at 1057. The record before the Court contains no evidence that enjoining the City from funding organizations that distribute drug paraphernalia would reduce the social ills that Plaintiffs complain about. As in *Clapper v. Amnesty International USA*, Plaintiffs have both pleaded speculative injuries that they have not established are "certainly impending" and failed to establish that the threatened injuries are "fairly traceable" to the City's policies or funds. 568 U.S. 398, 401–401 (2013).

Given Plaintiffs' lack of standing, they cannot establish that they are entitled to a preliminary injunction. *Ranchers Cattleman Action Legal Fund v. U.S. Dep't of Agriculture*, 415 F.3d 1078, 1104 (9th Cir. 2005) (holding that when a Plaintiff lacks standing to bring a claim, they cannot demonstrate a likelihood of success on the claim necessary to justify a preliminary injunction). The motion is therefore denied.

### CONCLUSION

For the reasons set forth above, the Court denies the Plaintiffs' motion for a preliminary injunction.

The Court will conduct a case management conference on April 28, 2026 at 2:00 p.m. An updated joint case management statement is due April 21, 2026.

**IT IS SO ORDERED.**

Dated: March 28, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

7